attempted to force you in any way to plead guilty or nolo contendere, your plea will be rejected. Do you fully understand this? __YES__

51. Has anybody forced you to enter this plea? __NO__

52. Are you doing this of your own free will? __YES__

53. Have any threats been made to you to enter a plea? __NO__

54. Do you understand that if there is a plea bargain in this case the terms of the plea bargain will be stated on the record before the judge and that you will be bound by the terms of the plea bargain as they appear of record? __YES__

55. Do you understand that this Court is not bound by any plea bargain entered into by you and the District Attorney? __YES__

56. If the Court rejects the plea bargain after hearing a summary of the evidence, you would then have a right to withdraw your plea and your case would be reassigned to another judge before whom you would have the option of entering a straight plea with no plea bargain involved or have your case heard by that judge in a non-jury trial and, of course, you would still have the right to a trial by jury if you so desire. Do you fully understand this? __YES__

57. Are you satisfied with the legal advice and legal representation of your attorney? __YES__

58. Have you had ample opportunity to consult with your attorney before entering your plea, and are you satisfied that your attorney knows all of the facts of your case and has had enough time within which to check any questions of fact or law which either you or your attorney may have about the case? __YES__

59. Has your attorney gone over with you the meaning of the terms of this document? __YES__

60. Have you ever had any physical or mental illness that would affect your ability to understand these rights or affect the voluntary nature of your plea? __NO__

61. Are you presently taking any medication which might affect your thinking or your free will? __NO__

62. Have you had any narcotics or alcohol in the last forty-eight (48) hours? __NO__

63. A. If you are entering a plea of guilty you admit that you committed the crime(s) with which you are charged and to

9

which you are pleading guilty. Do you fully understand this? _____

B.    If you are entering a plea of nolo contendere, do you admit that you are not challenging the charges against you? YES

64.    Do you understand your rights? _____YES_____


I AFFIRM THAT I HAVE READ THE ABOVE DOCUMENT IN ITS ENTIRETY, I UNDERSTAND ITS FULL MEANING, AND I AM STILL NEVERTHELESS WILLING TO ENTER A PLEA TO THE OFFENSES SPECIFIED. I FURTHER AFFIRM THAT MY SIGNATURE AND INITIALS ON EACH PAGE OF THIS DOCUMENT ARE TRUE AND CORRECT.


DATE: _08/29/02_____        _____
                                Signature of Defendant

### CERTIFICATION OF DEFENSE COUNSEL

I certify that:

(1)    I am an attorney admitted to the Supreme Court of Pennsylvania.
(2)    I represent the defendant herein.
(3)    I know no reason why the defendant cannot fully understand everything that is being said and done here today.
(4)    The defendant read the above form in my presence and appeared to fully understand it; I have gone over the form completely with the defendant, explained all of the items on the form and answered any questions he or she had.
(5)    I see no reason why the defendant cannot and is not knowingly intelligently and voluntarily giving up his or her rights to trial and pleading guilty.
(6)    I made no promises to the defendant other than any that appear of record in this case.


DATE: _5/29/02_____        _____
                                Attorney for Defendant


10

JPPI 12/00F

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA, CRIMINAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA   vs.

*Sherif Abdelhak*

CC No. _200108691_
OTN No. _H 1918663_
OFFENSE(S)

Address: _11024 Indian Legends Dr_
_Laurville, KY 40241_
Telephone # _505 551-8682_
Defendant in custody?  X No  _____ Yes
WHERE?
DOC# or State ID # _____
Soc.Sec. # _____

Ct 1: *Misapplication of Entrusted Property*

Date of Birth _____

### *ORDER OF COURT*        ✓ for **SENTENCING**  _____ for **PAROLE**

AND NOW, _____ *August 29* 20 _02_ , defendant is sentenced to

_____ Plea  ✓ Plea Agreement  _____ Non-Jury  _____ Jury  (Nolo)  _____ Probation Viol.  _____ Parole Viol.  _____ IP Viol.
**AS TO COUNT** * _1_

|   |
|---|

**MANDATORY SENTENCE** _____ Yes _____ No

J
A
I
L

✓ **ALLEGHENY COUNTY JAIL** for _11½ months to 23 months_
_____ **STATE CORRECTIONAL INSTITUTION** for _____
effective _9-3-02_        Additional Credit _____

Concurrent _____        Consecutive _____
✓ Defendant permitted **ALTERNATIVE HOUSING** at _Penn Pavillion_
✓ Defendant granted work release
✓ Defendant to be **PAROLED** effective _____

I
P

_____ Defendant sentenced to a period of _____ **INTERMEDIATE PUNISHMENT ON**
_____ **ELECTRONIC MONITORING** effective _____
_____ **NON-ELECTRONIC MONITORING** approved after _____

P
R
O
B

_____ **PROBATION** _____ **PROBATION W/O VERDICT** for a period of _____
_____ effective _____

**SPECIAL CONDITIONS:**        _____ Megan's Law Registration $_____   _____ DUI Fine   _____ Interlock
_____ Complete Regional Alcohol Program   _____ DNA Registration   _____ No Contact w/Victim
_____ Drug and Alcohol Evaluation   _____ Domestic Abuse Classes   _____ MH/MR Evaluation
_____ Restitution of $_____        _____ (see order filed)

**SUPERVISING AGENCY:** _____ County _____ State   **Crime Lab User Fee** _____ Yes _____ No

**AS TO OTHER COUNTS:** _____

OTHER: _Deft. is permitted to attend medical appts;_
_Community and Church services_

_(see order regarding costs)_
**PROSECUTION** costs to be paid by  X Defendant _____ County _____ Total Fines: _____

Attest /s/ *Jean Toner* /s/ _____

PAGE _1_ of _1_        **Minute Clerk**        **Judge**

IN THE COURT OF COMMON PLEAS OF
ALLEGHENY COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     _____ FA

      V.                  _____ DATE FILED

    SHERIF S. ABDELHAK            _____ C.F.T.D.

JUDGE _____     CC: _____ 200108691 _____

S.D.A.G.   ANTHONY J. KRASTEK     OTN:   H191866-3 _____

DEFT: _____     BCI NO. _____

REPORTER: _____     PRE-TRIAL DATE: _____

MINUTE CLERK: _____     ACTOR'S RACE: Caucasian   SEX: ___ M ___

                                           DOB: 03/14/46 _____ SS: 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 _____

SEE ATTACHED                       PLACE OF BIRTH: _____

And now, APR 11 2002, it is hereby ORDERED that Counts 599 to 714 of the above-captioned Criminal Information are Nolle Prossed (see order filed).

By the Court

And now, AUG 16 2002 the defendants motion for Habeas Corpus Relief is granted as to odd numbered counts 1 through 597 and denied as to even numbered counts 2 through 598 and Count 715. (see order filed)

By the Court

Date: _AUG 2 9 2002_ 19___

Courtroom No. _10_

Before _Hon. Novak_ Judge

_Anthony Krastek_ Trial A.D.A.

_J. Alan Johnson_ Def. Attorney

_A. Haffenden_ Court Reporter

The Defendant present in open court with counsel, pleads guilty to the preferred charges

in the within information. _J. Alan Johnson / of Abdul al_

X _J. Alan_

Record verified by: _Jean Jones_

_Minute Clerk_

And now, AUG 2 9 2002, upon motion of Deputy Attorney General, Anthony Krastek, Count 715 is Nolle Prossed and even numbered Counts 2 thru 598 are consolidated into one Count of Misapplication of Entrusted Property. (see supp. sheet A)

By the Court

And now, AUG 2 9 2002, as to sentence imposed, see order filed.

SPECIAL ORDER AS TO COSTS:

Payment of the Defendant's costs, to include repayment to the Office of the Attorney General of the expenses of its forensic investigation conducted by Navigant on behalf of the Commonwealth, to be paid from the Criminal Defense Fund set aside in the Settlement, but only upon the approval of such payment and its amount by an appropriate order by Judge Donald E. Ziegler of the United Stated District Court for the Western District of Pennsylvania.

By the Court

# COMMITTEE APPENDIX

## Tab 9

CORPORATE BYLAWS

ALLEGHENY HEALTH, EDUCATION AND RESEARCH FOUNDATION

(Including amendments through June 21, 1996)

PGH:7900.1

PR-PLD-022-00184

ALLEGHENY HEALTH, EDUCATION AND RESEARCH FOUNDATION

BYLAWS

## ARTICLE I

### NAME

The name of this corporation shall be Allegheny Health, Education and Research Foundation (AHERF).

## ARTICLE II

### PLACE OF BUSINESS

The corporation shall have its principal office in the City of Pittsburgh, Pennsylvania, and may have such other offices as the Board of Trustees may from time to time determine.

## ARTICLE III

### FISCAL YEAR AND FISCAL RESPONSIBILITY

**Section 3.1    Fiscal Year.**

The fiscal year of this corporation shall be the period extending from July 1 of each year through June 30 of the following year.

**Section 3.2    Fiscal Responsibility.**

The corporation shall have the authority to determine how any and all excess cash generated by its supported organizations is allocated within the Allegheny System in pursuit of the overall

PGH:7900.1

PR-PLD-022-00185

Allegheny mission.   For purposes of this section, "excess cash" shall mean the amount of cash added in prior periods as reflected in the audited statements of cash flows for each supported organization.   AHERF allocation of such excess cash would occur only after insuring compliance with any and all debt covenants.

## ARTICLE IV
### PURPOSES

**Section 4.1  Purposes.**

The corporation will have the purposes or powers as stated in its Articles of Incorporation, or any amendments thereto, and, unless otherwise limited by the Articles of Incorporation, shall also have whatever powers are or may be granted by the Pennsylvania Nonprofit Corporation Law of 1988, or under the Pennsylvania laws relevant to Pennsylvania nonprofit corporations, or any successor legislation.

## ARTICLE V
### CORPORATE MEMBERSHIP

The corporation shall have no voting members.  Any provision of law requiring notice to, the presence of, or the vote, consent, or other action of voting members of the corporation in connection with such matter shall be satisfied by notice to, the presence of, or the vote, consent, or other action of the Board of Trustees of the corporation.

## ARTICLE VI
### BOARD OF TRUSTEES

**Section 6.1  Management and Duties.**

The business and the affairs of the corporation shall be directed, controlled, and managed by the Board of Trustees which shall be the governing body of the corporation, and which shall be

PR-PLD-022-00186

AHERF Bylaws
with amendments thru 6/21/96

appointed by the Member of the corporation.  The Board of Trustees shall direct the management of all of the affairs, the property and funds of the corporation, and shall have the duty and authority to do and perform all acts consistent with these Bylaws, the Articles of Incorporation of the corporation and any amendments thereto, and the laws of the Commonwealth of Pennsylvania.

The Board is responsible for monitoring and evaluating the performance of the President and Chief Executive Officer of this corporation.

The Board shall act on and approve annual capital and operating budgets and shall review and approve the annual audited financial statements and management's response.

The Board may delegate such duties and authorities as it deems appropriate to committees of the Board in a manner consistent with these Bylaws, the Articles of Incorporation of the corporation and any amendments thereto, and the laws of the Commonwealth of Pennsylvania.

The Board of Trustees shall have such other duties as may be prescribed by law.

**Section 6.2  Annual Review of Management.**

At least once a year, the external members of the Board will meet in Special Session to review the performance of management. The results of this review will be communicated through the Board Chair to the AHERF Chief Executive Officer.

**Section 6.3  Number of Trustees.**

The Board of Trustees shall consist of not less than ten (10) nor more than thirty-five (35) persons, including ex officio

PR-PLD-022-00187

AHERF Bylaws
with amendments thru 4 21 96

trustees, as such number may be determined by the Board of Trustees from time to time.  Trustees shall be appointed, based on the recommendation of the Committee on Trustees.  Trustees shall generally be appointed at the annual meeting of the Board of Trustees, but may be appointed at any annual, regular or special meeting of the Board.

**Section 6.4  Terms of Office of Trustees.**

The initial term, for all trustees who have not previously served on the Board of this corporation or any other corporation within the Allegheny system, shall be one (1) year.  Thereafter, members of the Board of Trustees shall serve for three year terms except that one-third of the initial Board of Trustees shall be appointed to serve for three (3) years, one-third shall be appointed to serve for two (2) years, and one-third shall be appointed to serve for one (1) year.  All trustees shall retain their respective position as trustees until their successors shall be duly appointed and qualified, except _ex officio_ trustees, who shall retain their position as trustees only during their tenure in the position from which _ex officio_ status is derived.

**Section 6.5   Representation of Supported Organizations.**

At all times, at least one member of the Board of Trustees of each of the Supported Organizations (as defined in the corporation's Articles of Incorporation and listed below) shall be serving concurrently as a trustee of the corporation.  At no time shall a majority of the trustees of the corporation be composed of persons serving concurrently as trustees of any single corporation in which the corporation has a sole, majority, or controlling ownership or voting interest, whether direct or indirect.

(Supported Organizations:
    Allegheny General Hospital

PR-PLD-022-00188

AHERF Bylaws
with amendments thru e 21 96

Allegheny University of the Health Sciences
Allegheny University Hospitals
St. Christopher's Hospital for Children
Allegheny Integrated Health Group)

### Section 6.6    Representation from the Philadelphia Area Entities

(a)  No fewer than two (2) members of the Board shall at all times be persons from the Philadelphia area who shall also be serving as trustees of the Allegheny University Hospitals (AUH).

(b)  No fewer than two (2) members of the Board shall at all times be persons from the Philadelphia area who shall also be serving as trustees of the Allegheny University of the Health Sciences (AUHS);

(c)  At least two (2) members of the Board shall be members of the AUHS Faculty;

### Section 6.7    Ex Officio Trustees.

The following shall serve as ex officio trustees, with vote. An individual may fill more than one (1) ex officio position:

(a)  The President and Chief Executive Officer of AHERF;

(b)  Either the Chair of the Medical Staff Executive Committee, the Executive Vice President of Medical and Academic Affairs, or the President of the Medical Staff of St. Christopher's Hospital for Children, as designated from time to time by the corporation;

(c)  Either the Chair of the Medical Staff Executive Committee or the President of the Medical Staff of MCP Hospital as designated from time to time by the corporation;

(d)  Either the Chair of the Medical Staff Executive Committee or the President of the Medical Staff of Hahnemann University Hospital, as designated from time to time by the corporation;

(e)  Either the Chair of the Medical Staff Executive Committee or the President of the Medical Staff of Allegheny General Hospital, as designated from time to time by the corporation;

PGH 7900.1

PR-PLD-022-00189

(f)   The Chair of each Supported Organization, as defined in this corporation's Articles of Incorporation and in Section 6.5 of these Bylaws. In the event that the Chair of any Supported Organization also is the Chair of the Board of this corporation, then the Vice Chair of that corporation shall fill the position of _ex officio_ trustee that otherwise would be filled by the Chair;

(g)   The Chair of Allegheny Health Services Providers Insurance Company.

In the event that any individual holds multiple _ex officio_ positions and/or appointment pursuant to section 6.6 of these Bylaws, he/she shall have one (1) vote.

**Section 6.8   Removal of Trustees.**

Any trustee may be removed from office, with or without cause, by the vote of a majority of the trustees then in office.

**Section 6.9   Vacancies on the Board of Trustees.**

All vacancies on the Board of Trustees shall be filled by the Board of Trustees. A trustee appointed to fill a vacancy or to occupy a position resulting from an increase in the number of trustees shall serve for the unexpired portion of the term.

**Section 6.10   Annual Meetings of the Board of Trustees.**

The annual meeting of the Board of Trustees of the corporation shall be held during the fourth quarter of each year, at such time and place as the Board of Trustees shall determine for the purpose of appointing trustees and officers and transacting such other business as may properly be brought before the meeting. If less than a quorum of trustees appear for an annual meeting of the Board of Trustees, the holding of such annual meeting shall not be required and matters that might have been taken up at the annual meeting may be taken up at any later regular, special or annual meeting or by consent resolution.

PR-PLD-022-00190

AHERF Bylaws
with amendments thru 6/21/96

Section 6.11    Regular and Special Meetings of the Board of Trustees.

Regular meetings of the Board of Trustees shall be held at such date, time, and place as shall be designated by the Board. The Board of Trustees shall meet as often as necessary, but no less often than semi-annually, to transact the business of the corporation. The Board, at its discretion, may meet in executive and/or special session. Fourteen (14) days prior written notice of the time and place of all regular meetings shall be given to all trustees.

Section 6.12    Special Meetings.

Special meetings of the Board may be called by the Member, the Chair of the Board, the President, or the Executive Committee, and shall be called by the Secretary upon the written request of five (5) trustees. Written notice of special meetings of the Board, stating the purpose of the meetings, shall be sent to each trustee at least five (5) days prior to the day named for the meeting. Other business matters in addition to those stated in the notice may be transacted at a special meeting upon a majority vote of the Trustees at any special meeting at which a quorum is present.

Section 6.13    Executive and/or Special Session.

The Board, or any Committee thereof, at its discretion, may meet in Executive and/or Special Session. Such meetings may be held in conjunction with any regular or special meeting of the Board or Committee or may be separately called. Where Executive or Special Sessions are held, other than in conjunction with a regular or special meeting of the Board or Committee, written notice of such meetings, stating the purpose of the meeting, shall be sent to each eligible Trustee at least five (5) days prior to the day named for the meeting.

PGH:7900.1

PR-PLD-022-00191

AHERF Bylaws
with amendments thru 6/21/96

**Section 6.11    Regular and Special Meetings of the Board of Trustees.**

Regular meetings of the Board of Trustees shall be held at such date, time, and place as shall be designated by the Board. The Board of Trustees shall meet as often as necessary, but no less often than semi-annually, to transact the business of the corporation. The Board, at its discretion, may meet in executive and/or special session. Fourteen (14) days prior written notice of the time and place of all regular meetings shall be given to all trustees.

**Section 6.12    Special Meetings.**

Special meetings of the Board may be called by the Member, the Chair of the Board, the President, or the Executive Committee, and shall be called by the Secretary upon the written request of five (5) trustees. Written notice of special meetings of the Board, stating the purpose of the meetings, shall be sent to each trustee at least five (5) days prior to the day named for the meeting. Other business matters in addition to those stated in the notice may be transacted at a special meeting upon a majority vote of the Trustees at any special meeting at which a quorum is present.

**Section 6.13    Executive and/or Special Session.**

The Board, or any Committee thereof, at its discretion, may meet in Executive and/or Special Session. Such meetings may be held in conjunction with any regular or special meeting of the Board or Committee or may be separately called. Where Executive or Special Sessions are held, other than in conjunction with a regular or special meeting of the Board or Committee, written notice of such meetings, stating the purpose of the meeting, shall be sent to each eligible Trustee at least five (5) days prior to the day named for the meeting.

PR-PLD-022-00192

AHERF Bylaws
with amendments thru 21.96

A meeting in Executive Session shall include all voting members of the Board or Committee. A meeting in Special Session shall include only external Trustees who are voting members of the Board or Committee. Attendance at either an Executive or Special Session may include, at the request of the Board or Committee, the officers of the Board and other individuals whose presence is deemed necessary to the consideration of an issue before the Board or Committee.

## Section 6.14  Waiver of Notice.

Any meeting of the Board of Trustees may be deemed to have been validly and legally called if the trustees entitled to vote on the day of the meeting sign a written waiver of notice, either before or after the meeting. Attendance of a trustee at any meeting shall constitute a waiver of notice for that meeting and no written waiver need be obtained from that trustee except when the trustee attends the meeting for the express purpose of objecting to the transaction of any business because the meeting is not lawfully called or convened. All such waivers, consents or approvals shall be filed with the corporate records.

## Section 6.15  Actions by Unanimous Written Consent.

Any action required or permitted at any meeting of the trustees may be taken without a meeting, without prior notice and without a vote if all of the trustees entitled to vote thereon consent in writing. Said written consents shall be filed with the minutes of the proceedings and shall have the same effect as a vote for all purposes.

## Section 6.16  Quorum of Trustees for Transacting Business.

Unless otherwise specified in these Bylaws, a quorum for the transaction of business at any meeting of the Board of Trustees shall be one-half (1/2) of the voting trustees of the corporation,

PR-PLD-022-00193

AHERF Bylaws
with amendments thru 6/21/96

including ex officio voting trustees. Unless otherwise specified in these Bylaws, a quorum for the transaction of business at any meeting of a committee of the Board shall be one-half (1/2) of the members of the committee. To constitute a quorum at either a Board or committee meeting, at least one-half (1/2) of those Board or committee members present shall be external Board members (that is, individuals other than full-time employees of the corporation and/or members of the Medical Staff of the corporation [or of any other entity to which the corporation is related by common ownership or control]).

The vote of a majority of the trustees present at any meeting at which there is a quorum shall be the acts of the Board or of the committee except as a greater vote may be required by the laws of the Commonwealth of Pennsylvania, these Bylaws, or the Articles of Incorporation of the corporation, provided that a majority of the number of trustees comprising less than a quorum may adjourn any meeting of the Board of Trustees at which a quorum previously was present.

**Section 6.17  Conference Telephone.**
A member of the Board or of a committee designated by the Board may participate in a meeting by the means of conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear one another. Participation in a meeting in this manner constitutes presence in person at the meeting and shall count toward the quorum requirements.

**Section 6.18  Compensation.**
No member of the Board of Trustees shall be entitled to any compensation for his or her services as a trustee, provided that the foregoing shall not prevent the Board of Trustees from

PR-PLD-022-00194

AHERF Bylaws
with amendments thru 6/21/96

providing reasonable compensation to a trustee for services which are beyond the scope of his or her duties as a trustee or from reimbursing any trustee for expenses actually and necessarily incurred in the performance of his or her duties as a trustee or from entering into a contract, directly or indirectly, with a trustee for the providing of goods or services to the corporation if such contract is in the best interest of the corporation and on fair and reasonable terms.

### Section 6.19  Qualifications.

Trustees shall be those individuals who have demonstrated the requisite experience, skills, interests and ability to represent various aspects of the community served by the corporation. Trustees need not be residents of the Commonwealth of Pennsylvania.

All new trustees will be provided with appropriate orientation relative to specific Board functions and procedures to educate them in their governing role and will also be provided with opportunities to attend continuing education programs designed to enhance their performance as Board members.

### Section 6.20  Board of Trustees' Confidentiality Agreement.

Each member of the Board of Trustees, each new nominee to the Board and emeritus trustees who continue to be active in the organization shall be required to sign a Confidentiality Agreement (the "Agreement"), to be kept with the official records of the corporation, acknowledging the importance of maintaining the confidentiality of the affairs of the corporation and the matters discussed at Board or Committee meetings. Confidentiality shall be maintained pursuant to the organization's policy as set forth in the Allegheny Health, Education and Research Foundation Code of Ethics.  Any Board member contacted about confidential matters

PGH:7900.1

10

PR-PLD-022-00195

AHERF Bylaws
with amendments thru 6/21/96

relating to the organization shall refer the inquiry to the authorized spokesperson for the organization.

**Section 6.21  Annual Conflict of Interest Statement.**
It is hereby adopted as the policy of the Board of Trustees that each trustee, officer, or key clinical or administrative manager employed by the corporation, shall submit to the AHERF Ethics Committee an annual conflict of interest statement in a form prescribed by the Committee.

**Section 6.22  Disclosure of Transactions.**
It is hereby adopted as the policy of the Board of Trustees that trustees, officers, or key clinical or administrative managers employed by the corporation shall not maintain substantial personal or business interests which conflict with those of the corporation. Any trustee, officer, employee, or member of a committee having an interest in a contract or other transaction presented to the Board of Trustees or a committee thereof for authorization, approval, or ratification shall make a prompt, full, and complete disclosure of such interest to the Board or committee prior to taking of such action on such contract or transaction. The body to which such disclosure is made shall thereupon determine, by majority vote of disinterested persons, whether the disclosure shows that a conflict of interest exists, or reasonably can be construed to exist. Where a conflict is deemed to exist by vote of such body, such person shall not vote on, nor use personal influence, nor participate (other than to present factual information or to respond to questions), in the discussions or deliberations with respect to such contract or transaction. Such person may be counted in determining the existence of a quorum at any meeting at which such contract or transaction is discussed or acted upon. The minutes of any such meeting shall reflect the nature of the disclosure, the

PR-PLD-022-00196

AHERF Bylaws
with amendments thru 6/21/96

vote thereon, the presence of a quorum, and, if applicable, the abstention from voting and participation of the interested party. For purposes of this section, a person shall be deemed to have an "interest" in a contract or other transaction in the following circumstances:

(a)  If such person or a member of his or her immediate family or business partner or associate is the party (or one of the parties) contracting or dealing with the corporation; or

(b)  If such person or a member of his or her immediate family is a director, trustee or officer of, or has a significant financial or influential interest in, the entity contracting or dealing with the corporation; or

(c)  If such person is otherwise reasonably likely to realize or gain a significant financial or other personal benefit if such contract or transaction is approved.

## ARTICLE VII
## OFFICERS

**Section 7.1  Officers.**

The officers of this corporation shall consist of a Chair, one or more Vice Chairs, a President and Chief Executive Officer, a Secretary and a Treasurer and such other officers with such duties as may be authorized and determined by the Board of Trustees. The offices of the Secretary and Treasurer may be held by one and the same person, who in such case shall be termed the Secretary-Treasurer. The Chair and Vice Chair shall be selected from among the trustees of the corporation.

**Section 7.2  Appointment and Terms of Office.**

The officers of the corporation shall be appointed by the Board of Trustees at the annual meeting of the Board of Trustees,

PGH:7900.1

12

PR-PLD-022-00197

AHERF Bylaws
with amendments thru 6/21/96

and shall serve at the pleasure of the Board. At all times, the Chair of the Board shall be selected from among those members of the Board of Trustees of AHERF who reside in the Pittsburgh area. The terms of office to be held by said officers thus appointed shall be for one (1) year or until their successors are duly appointed and qualified except, in the case of an officer of the corporation who is employed by the corporation to serve in an office, as otherwise provided in the employment agreement between the corporation and such officer. The officers thus appointed and qualified shall serve as the officers of the corporation and of the Board of Trustees.

### Section 7.3  Vacancies.

In the event of a death, resignation, removal or other inability to serve of any officer, the Board of Trustees shall appoint a successor who shall serve until the expiration of the normal term of such officer or until his or her successor shall be appointed.

### Section 7.4  Chair.

The Chair shall preside at all meetings of the Board of Trustees and of the members of the corporation and shall be an _ex officio_ member of all committees. The Chair shall sign and execute on behalf of the corporation, all corporate records, documents, and instruments. He or she shall have and exercise all powers usually incident to the office of Chair of a non-profit corporation and shall perform such other duties as may be delegated by the Board of Trustees.

### Section 7.5  Vice Chair.

The Vice Chair shall act as Chair in the absence or inability of the Chair to act and when so acting the Vice Chair shall have all of the powers and authority of the Chair. The Vice Chair shall

PR-PLD-022-00198

AHERF Bylaws
with amendments thru 6/21/96

also perform such other duties and functions as may be delegated by the Board of Trustees. If there is more than one Vice Chair, the Board shall designate their seniority.

**Section 7.6  President and Chief Executive Officer.**

Subject to such supervisory powers, if any, as may be given by the Board of Trustees to the Chair, the President and Chief Executive Officer shall be the Chief Executive Officer of the corporation and shall, subject to the direction of the Board of Trustees, have general supervision, direction and control of the business and affairs of the corporation and shall have the general powers and duties of management usually vested in the office of President and Chief Executive Officer and shall have other power and duties as may be prescribed by the Board of Trustees and by these Bylaws.

The President and Chief Executive Officer shall preside at meetings of the Board of Trustees in the absence of the Chair and Vice Chair or if no Chair or Vice Chair have been elected and shall be privileged to attend and participate without vote in the meetings of all committees of which the President and Chief Executive Officer is not otherwise a member. Acting under the direction of the Board of Trustees and, on its behalf, the President and Chief Executive Officer shall perform all acts, execute and deliver all documents and take all steps authorized by the Board in order to effectuate the actions and policies of the Board.

<u>Appointment of President of Subsidiary Corporations</u>:

Unless otherwise provided in the bylaws of the corporation or in the laws of the Commonwealth of Pennsylvania, the President and Chief Executive Officer may appoint the President and Chief

PR-PLD-022-00199

AHERF Bylaws
with amendments thru 6/21/96

Executive Officer of any Subsidiary Corporation, after consultation with the Chair of the applicable Subsidiary Corporation and subject to the initial approval by both the Board of Trustees of the Subsidiary Corporation and this corporation. Following the initial approval by the Board of the Subsidiary Corporation and the Board of this corporation of the appointment of the President and Chief Executive Officer of any Subsidiary Corporation, no further ratifications of the appointment of the individual shall be required.

<u>Removal of President of Subsidiary Corporations</u>:

The President and Chief Executive Officer of any Subsidiary Corporation may be removed, with or without cause, by any one of the following:

    (1)   By the President and Chief Executive Officer of this corporation, after consultation with the Chair of the Subsidiary Corporation's Board of Trustees; or

    (2)   by the affirmative vote of the majority of trustees of the Subsidiary Corporation then in office; or,

    (3)   by action of the Board of this corporation.

"Subsidiary Corporation" shall mean any corporation in which this corporation has a sole, majority or controlling ownership or voting interest.

**Section 7.7  Vice Presidents.**

There may be one or more Vice Presidents who shall have such duties as are determined from time to time by the President and Chief Executive Officer. In the absence or disability of the President and Chief Executive Officer, the Vice President, or Vice Presidents in order of their rank as fixed by

PR-PLD-022-00200

AHERF Bylaws
with amendments thru 6/21/96

the President and Chief Executive Officer, or if not ranked, the Vice President designated by the President and Chief Executive Officer, shall perform all duties of the President and Chief Executive Officer and when so acting shall have all of the powers and be subject to all of the restrictions of the President and Chief Executive Officer. When Vice Presidents have been appointed, one or more such Vice Presidents shall be designated who shall perform the duties of the President and Chief Executive Officer in the President and Chief Executive Officer's absence.

**Section 7.8  Secretary.**

The Secretary shall attend all meetings of the Board of Trustees. He or she shall preserve in record books the full and correct minutes of the proceedings of all such meetings. He or she shall be custodian of the corporate Articles of Incorporation, Bylaws and minute books. It shall be the duty of the Secretary to sign and execute all corporate documents and instruments whereupon his or her signature may be lawfully required. He or she shall also serve all notices required by law, these Bylaws, or by resolution of the Board of Trustees and it shall be his or her duty to cause to be prepared and filed with appropriate bodies, official reports and documents required by law to be filed by non-profit corporations. He or she shall also perform such other duties as may be delegated by the Board of Trustees.

**Section 7.9  Treasurer.**

The Treasurer shall keep or cause to be kept in books belonging to the corporation, complete and accurate accounts of all receipts and disbursements, resources and liabilities, and shall deposit all monies and funds and other valuable effects of the corporation, in the name of and to the credit of the corporation, in such depository or depositories as may be designated by the

PR-PLD-022-00201

AHERF Bylaws
with amendments thru 6/21/96

Board of Trustees.   He or she shall disburse the funds of the corporation in payment of its obligations, taking proper vouchers and receipts for such disbursements.   He or she shall render to the Chair and to the trustees at the meetings of the trustees, or whenever otherwise requested, correct statements and reports showing the financial condition of the corporation.   He or she may sign corporate documents and instruments as necessary.

## Section 7.10   Other Officers.

The Board of Trustees may appoint such other officers with such titles and responsibilities including, but not limited to, assisting the officers of the corporation in performing the duties and obligations enumerated above, as the Board of Trustees acting in sole judgment and discretion may direct.

## Section 7.11   Delegation of Duties of Officers to President and Chief Executive Officer.

The Board of Trustees may delegate to the President and Chief Executive Officer by appropriate resolution, rule or regulation, such part or portions of the duties and obligations enumerated above as the Board of Trustees acting in its sole judgment and discretion may direct.

## Section 7.12   Bonding of Officers and/or Employees.

The Board of Trustees may require any of its officers or officers of the corporation, or any of the employees of the corporations to furnish a bond or bonds to the corporation with such surety or sureties and in such amount or amounts as shall be sufficient in the judgment of the Board of Trustees to secure the corporation against loss or damage by reason of any act, neglect, or omission on the part of such officers or employees.   These bonding provisions are intended to apply specifically, as the Board

PR-PLD-022-00202