PENNSYLVANIA DEPARTMENT OF STATE
CORPORATION BUREAU
ROOM 308 NORTH OFFICE BUILDING
P.O. BOX 8722
HARRISBURG, PA  17105-8722

8

SDN, INC.

THE CORPORATION BUREAU IS HAPPY TO SEND YOU YOUR FILED DOCUMENT.
PLEASE NOTE THE FILE DATE AND THE SIGNATURE OF THE SECRETARY OF THE
COMMONWEALTH.  THE CORPORATION BUREAU IS HERE TO SERVE YOU AND WANTS
TO THANK YOU FOR DOING BUSINESS IN PENNSYLVANIA.  IF YOU HAVE ANY
QUESTIONS PERTAINING TO THE CORPORATION BUREAU, CALL (717) 787-1057.

ENTITIES THAT ARE CHARITIES AND SOLICIT FUNDS SHOULD CONTACT THE
BUREAU OF CHARITABLE ORGANIZATIONS FOR REGISTRATION REQUIREMENTS AT
DEPARTMENT OF STATE, BUREAU OF CHARITABLE ORGANIZATIONS, SUITE 300
124 PINE STREET, HARRISBURG, PENNSYLVANIA 17101  (717) 783-1720  OR
1-800-732-0999 WITHIN PENNSYLVANIA.

ENTITY NUMBER: 1564885

MICROFILM NUMBER: 09668

0574-0579

KIRKPATRICK & LOCKHART LLP
COUNTER

# COMMONWEALTH OF PENNSYLVANIA

## DEPARTMENT OF STATE

**April 28, 2003**

TO ALL WHOM THESE PRESENTS SHALL COME, GREETING:

**ALLEGHENY HOSPITALS, CENTENNIAL**

I, Pedro A. Cortés, Acting Secretary of the Commonwealth of Pennsylvania do hereby certify that the foregoing and annexed is a true and correct photocopy of Articles of Division and all Amendments

which appear of record in this department

IN TESTIMONY WHEREOF, I have hereunto set my hand and caused the Seal of the Secretary's Office to be affixed, the day and year above written.

ACTING Secretary of the Commonwealth

tchilds

# COMMITTEE APPENDIX

## Tab 17

From:        Carol Gordon
To:          mike
Date:        4/22/98 4:57pm
Subject:     Mellon

Sherif signed a letter to David about repayment to Mellon.  I am attaching the
info to this memo and will get a signed copy to you.  Al has rec'd a signed
copy already.  David said to tell Al (which I did) to effect the entries but
NO ONE is to know about it except you, David, Sherif, and Al.  Al commented
that he thinks Dave Deasy knows about it, but I don't think he was one of the
"no ones" that Dave referred to, although I don't know.

I will be at IS in the early a.m. tomorrow and hope to be at FAP by 10:00 or
10:30.  Carol

# COMMITTEE APPENDIX

## Tab 18

Microfilm Number _____    Filed with the Department of State on    OCT 0 9 1996

Entity Number '564885    _____
Secretary of the Commonwealth

# ARTICLES OF MERGER - DOMESTIC NONPROFIT CORPORATION
## (DSCB: 15-5926)

In compliance with the requirements of 15 Pa. C.S. § 5926 (relating to articles of merger or consolidation), the undersigned nonprofit corporations, desiring to effect a merger, hereby state that:

1.    The name of the corporation surviving the merger is: SDN, Inc.

2.    The surviving corporation is a domestic nonprofit corporation and the address of its current (a) registered office in this Commonwealth and the county of venue is (the Department is hereby authorized to correct the following address to conform to the records of the Department):

      SDN, Inc.
      100 West Laurel Avenue
      Cheltenham, PA 19012

      ATTENTION: Legal Department

3.    The name and address of the registered office of each other domestic nonprofit corporation and qualified foreign nonprofit corporation which is a party to the plan of merger are as follows:

      GHS-Osteopathic, Inc.
      4150 City Avenue
      Philadelphia, PA 19131

      ATTENTION: Legal Department

4.    (Check, and if appropriate complete, one of the following):

    ___ The plan of merger shall be effective upon filing these Articles of Merger in the Department of State.

    XX The plan of merger shall be effective on October 31, 1996 at 11:59 PM.

DVR:45769.1

OCT -9 96

PA Dept. of State

DSCB: 15- 5926

5.    The manner in which the plan of merger was adopted by each domestic corporation is as follows:

Name of Corporation

GHS-Osteopathic, Inc.

SDN, Inc.

Manner of Adoption

Pursuant to 15 Pa. C.S.A. §5924(a)

Pursuant to 15 Pa. C.S.A. §5924(b)

6.    ~~(Strike out this paragraph if no foreign corporation is a party to the merger). The plan was authorized, adopted or approved, as the case may be, by the foreign nonprofit corporation (or each of the foreign nonprofit corporations) party to the plan in accordance with the laws of the jurisdiction in which it is incorporated.~~

7.    The plan of merger is set forth in full in Exhibit "A" attached hereto and made a part hereof.

IN WITNESS WHEREOF, each of the undersigned corporations has caused these Articles of Merger to be signed by a duly authorized officer thereof this 8th day of October, 1996.

GHS-OSTEOPATHIC, INC.

By: Robert Mathews
Title: Chairman of the Board

SDN, INC.

By: Donald Kaye, M.D.
Title: Vice Chairman and Chief Executive Officer

RMMcN
10/06/96

DVR:45769.1                                2

EXHIBIT " A"

to

Articles of Merger

## AGREEMENT AND PLAN OF MERGER

by and between

### GHS OSTEOPATHIC, INC.

(a Pennsylvania nonprofit corporation)

and

### SDN, INC.
(a Pennsylvania nonprofit corporation)

AGREEMENT AND PLAN OF MERGER, dated as of October 4, 1996 (the "Agreement"), by and between GHS Osteopathic, Inc., a Pennsylvania nonprofit corporation ("Merging Corporation"), and SDN, Inc., a Pennsylvania nonprofit corporation ("Surviving Corporation") (both hereinafter collectively referred to as the "Constituent Corporations").

## BACKGROUND

Each of the Constituent Corporations is duly organized and validly existing under the laws of the Commonwealth of Pennsylvania. Graduate Health System, Inc., a Pennsylvania nonprofit corporation, is the sole Member of the Merging Corporation. SDN, Inc. is a non-membership corporation.

Exhibit "A"

This Agreement has been approved and duly adopted by each of the Boards of Trustees of the Constituent Corporations and by Graduate Health System, Inc. as the sole Member of the Merging Corporation .

The parties are entering into this Agreement in order to set forth the terms and conditions of the merger of Merging Corporation with and into Surviving Corporation (the "Merger"), the mode of carrying the same into effect, and such other details and provisions as are deemed desirable.

NOW, THEREFORE, in consideration of the premises, covenants and agreements herein contained, the parties hereto agree as follows:

## ARTICLE I

1.1    <u>Merger of Merging Corporation into Surviving Corporation</u> : In accordance with the provisions of this Agreement and the Pennsylvania Nonprofit Corporation Law of 1988, as amended (the "Nonprofit Law"), at the Effective Time (as hereinafter defined),Merging Corporation shall be merged with and into the Surviving Corporation which shall be the surviving corporation . After the Effective Time, the Surviving Corporation shall continue its corporate existence as a Pennsylvania nonprofit corporation.

1.2    <u>Effect of the Merger</u>:    At the Effective Time, the separate existence of the Merging Corporation shall cease and the Surviving Corporation shall succeed, by operation of law and without other transfer (all as provided by applicable provisions of the Nonprofit Law), to all rights, property and assets of the Merging Corporation in existence as of or accruing from prior to the Effective Time and shall be subject to all debts and liabilities of the Merging Corporation in existence as of or accruing from prior to the Effective Time in the same manner as if the Surviving Corporation had itself incurred such debts and liabilities. All rights of creditors and all liens upon the property of each of the Constituent Corporations shall be

DVR:45474.1

Exhibit "A"
2

preserved unimpaired against the Surviving Corporation and its property.

## ARTICLE II

2.1 <u>Effective Date</u>: The Merger shall become effective at 11:59 P. M., Eastern Time on the later of the following dates: (a) October 31, 1996; or (b) the date of filing of this Plan and Agreement of Merger along with the Articles of Merger in the Pennsylvania Department of State. The date and time when the Merger becomes effective shall be the "Effective Time" referred to in this Agreement.

## ARTICLE III

3.1 <u>Articles of Incorporation</u>:    At and after the Effective Time, the Articles of Incorporation of the Surviving Corporation shall be the Articles of Incorporation of the Surviving Corporation in effect as of the Effective Time, as they may be amended or restated subsequent to the Effective Time.

3.2 <u>Trustees</u>: The Trustees of the Surviving Corporation in office immediately prior to the Effective Time shall continue after the Effective Time as the trustees of the Surviving Corporation.

3.3 <u>Members</u>: The Surviving Corporation shall have no members from and after the Effective Date.

## ARTICLE IV

4.1 <u>Termination</u>:  This Agreement may be terminated and the Merger abandoned without further obligation at any time prior to the filing of Articles of Merger in the Pennsylvania Department of State upon unilateral action of the Board of Trustees of the

Exhibit "A"
3

DVR:45474.1

Surviving Corporation.

4.2    Counterparts:  This Agreement may be executed in two counterparts, each of which shall be deemed to be an original, but which together shall constitute a single agreement.

4.3    Governing Law:  This Agreement shall be governed in all respects, including validity, interpretation and effect, by the laws of the Commonwealth of Pennsylvania.

IN WITNESS WHEREOF, each of the Constituent Corporations has caused this Agreement to be executed as of the day and year first above written.

ATTEST:                                    GHS OSTEOPATHIC, INC.


_Elizabeth Cheng_                          By: _____

ATTEST:                                    SDN, INC,


_____                           By: _Donald Kaze_

RMMcN
10/01/96

Exhibit "A"
4

DVR:45474.1

COMMONWEALTH   OF   PENNSYLVANIA

DEPARTMENT   OF   STATE

**April 28, 2003**

TO  ALL  WHOM  THESE  PRESENTS  SHALL  COME ,  GREETING :

**ALLEGHENY HOSPITALS, CENTENNIAL**

I, Pedro A. Cortés, Acting Secretary of the Commonwealth of Pennsylvania do hereby certify that the foregoing and annexed is a true and correct photocopy of Articles of Division and all Amendments

which  appear  of  record  in  this  department

IN  TESTIMONY  WHEREOF ,  I  have
hereunto  set  my  hand  and  caused
the  Seal  of  the  Secretary's  Office  to
be  affixed,  the  day  and  year  above
written.

ACTING  Secretary  of  the  Commonwealth

tchilds

# COMMITTEE APPENDIX

## Tab 19

9008- 304

Microfilm Number _____     Filed with the Department of State on _____ OCT C 9 1999

Entity Number 15647615

Secretary of the Commonwealth

## ARTICLES OF MERGER - DOMESTIC NONPROFIT CORPORATION
### (DSCB: 15-5926)

In compliance with the requirements of 15 Pa. C.S. § 5926 (relating to articles of merger or consolidation), the undersigned nonprofit corporations, desiring to effect a merger, hereby state that:

1.     The name of the corporation surviving the merger is: SDN, Inc.

2.     The surviving corporation is a domestic nonprofit corporation and the address of its current (a) registered office in this Commonwealth  and the county of venue is (the Department is hereby authorized to correct the following address to conform to the records of the Department):

           SDN, Inc.
           100 West Laurel Avenue
           Cheltenham, PA 19012

              ATTENTION:  Legal Department

3.     The name and address of the registered office of each other domestic nonprofit corporation and qualified foreign nonprofit corporation which is a party to the plan of merger are as follows:

           The Graduate Hospital
           19th and Lombard Streets
           Philadelphia, PA 19146

              ATTENTION:  Legal Department

4.     (Check, and if appropriate complete, one of the following):

           ___  The plan of merger shall be effective upon filing these Articles of Merger in the Department of State.

           XX  The plan of merger shall be effective on October 31, 1996 at 11:59 PM.

DVR:45260.1

OCT -9 95

PA Dept. of State

9008- 505

DSCB: 15- 5926

5.     The manner in which the plan of merger was adopted by each domestic corporation is as follows:

Name of Corporation                    Manner of Adoption

The Graduate Hospital                   Pursuant to 15 Pa. C.S.A. §5924(a)

SDN, Inc.                               Pursuant to 15 Pa. C.S.A. §5924(b)

6.     ~~(Strike out this paragraph if no foreign corporation is a party to the merger). The plan was authorized, adopted or approved, as the case may be, by the foreign nonprofit corporation (or each of the foreign nonprofit corporations) party to the plan in accordance with the laws of the jurisdiction in which it is incorporated.~~

7.     The plan of merger is set forth in full in Exhibit "A" attached hereto and made a part hereof.

        IN WITNESS WHEREOF, each of the undersigned corporations has caused these Articles of Merger to be signed by a duly authorized officer thereof this 8th day of October, 1996.

THE GRADUATE HOSPITAL


By:  Robert Mathews
Title: Chairman of the Board

SDN, INC.


By:  Donald Kaye, M.D.
Title: Vice Chairman and Chief Executive Officer

RMMcN
10/06/96

DVR:45260.1                              2

EXHIBIT " A"

to

Articles of Merger

## AGREEMENT AND PLAN OF MERGER

by and between

### THE GRADUATE HOSPITAL
(a Pennsylvania nonprofit corporation)

and

### SDN, INC.
(a Pennsylvania nonprofit corporation)

AGREEMENT AND PLAN OF MERGER, dated as of October 4, 1996 (the "Agreement"), by and between The Graduate Hospital, a Pennsylvania nonprofit corporation ("Merging Corporation"), and SDN, Inc., a Pennsylvania nonprofit corporation ("Surviving Corporation") (both hereinafter collectively referred to as the "Constituent Corporations").

BACKGROUND

Each of the Constituent Corporations is duly organized and validly existing under the laws of the Commonwealth of Pennsylvania.  Graduate Health System, Inc., a Pennsylvania nonprofit corporation, is the sole shareholder of the Merging Corporation.  SDN, Inc. is a non-membership corporation.

This Agreement has been approved and duly adopted by each of the Boards of Trustees of the Constituent Corporations and by Graduate Health System, Inc. as the sole shareholder of the Merging Corporation .

The parties are entering into this Agreement in order to set forth the terms and conditions of the merger of Merging Corporation with and into Surviving Corporation (the "Merger"), the mode of carrying the same into effect, and such other details and provisions as are deemed desirable.

NOW, THEREFORE, in consideration of the premises, covenants and agreements herein contained, the parties hereto agree as follows:

## ARTICLE I

1.1    <u>Merger of Merging Corporation into Surviving Corporation</u> :  In accordance with the provisions of this Agreement and the Pennsylvania Nonprofit Corporation Law of 1988, as amended (the "Nonprofit Law"), at the Effective Time (as hereinafter defined),Merging Corporation  shall be merged with and into the Surviving Corporation  which shall be the surviving corporation . After the Effective Time, the Surviving Corporation shall continue its corporate existence as a Pennsylvania nonprofit corporation.

1.2    <u>Effect of the Merger:</u>  At the Effective Time, the separate existence of the Merging Corporation  shall cease and the Surviving Corporation shall succeed, by operation of law and without other transfer (all as provided by applicable provisions of the Nonprofit Law), to all rights, property and assets of the Merging Corporation  in existence as of or accruing from prior to the Effective Time and shall be subject to all debts and liabilities of  the Merging Corporation in existence as of or accruing from prior to the Effective Time in the same manner as if the Surviving Corporation had itself incurred such debts and liabilities.  All rights of creditors and all liens upon the property of each of the Constituent Corporations shall be

preserved unimpaired against the Surviving Corporation and its property.

## ARTICLE II

2.1 <u>Effective Date</u>:  The Merger shall become effective at 11:59 P. M., Eastern Time on  the later of the following dates: (a) October 31, 1996; or (b) the date of filing of this Plan and Agreement of Merger along with the Articles of Merger in the Pennsylvania Department of State.  The date and time when the Merger becomes effective shall be the "Effective Time" referred to in this Agreement.

## ARTICLE III

3.1.   <u>Articles of Incorporation</u>: At the Effective Time, the Articles of Incorporation of the Surviving Corporation, SDN, Inc., shall be amended and restated as set forth in Attachment "1," hereto attached hereto and made a part hereof by reference.

3.2   <u>Trustees</u>:  The Trustees of the Surviving Corporation in  office immediately prior to the Effective Time shall continue after the Effective Time as the trustees of the Surviving Corporation.

3.3   <u>Members</u>: The  Surviving Corporation shall have no members from and after the Effective Date.

## ARTICLE IV

4.1   <u>Termination</u>:  This Agreement may be terminated and the Merger abandoned without further obligation at any time prior to the filing of Articles of Merger in the Pennsylvania Department of State upon unilateral action of the Board of Trustees of the Surviving Corporation.

Exhibit "A"

4.2    Counterparts:  This Agreement may be executed in two counterparts, each of which shall be deemed to be an original, but which together shall constitute a single agreement.

4.3    Governing Law:  This Agreement shall be governed in all respects, including validity, interpretation and effect, by the laws of the Commonwealth of Pennsylvania.

IN WITNESS WHEREOF, each of the Constituent Corporations has caused this Agreement to be executed as of the day and year first above written.

ATTEST:                                    THE GRADUATE HOSPITAL

*Elizabeth Cheng*                          By: _____

ATTEST:

*[signature]*                              SDN, INC,

RMMcN
10/01/96                                   By: *Donald Kaye*

Exhibit "A"
4

DVR:45259.1

Attachment "1" To

Agreement and Plan of Merger of

SDN, Inc.

(A Pennsylvania Nonprofit Corporation)

and

The Graduate Hospital

(A Pennsylvania Nonprofit Corporation)

AMENDED AND RESTATED

ARTICLES OF INCORPORATION

of

SDN, INC.
(A Pennsylvania Nonprofit Corporation)

ARTICLE I

The name of the corporation is: SDN, Inc.

ARTICLE II

The location and address of the registered office in the Commonwealth is: 100 West Laurel
Avenue, Cheltenham, PA 19012

ARTICLE III

The corporation, which does not contemplate pecuniary gain or profit, incidental or otherwise,
is incorporated under the Pennsylvania Nonprofit Corporation Law of 1988. The corporation

Exhibit "A"
5

is incorporated and shall be operated exclusively for charitable, scientific and educational purposes within the meaning of section 501 (c) (3) of the Internal Revenue Code of 1986 as amended, particularly for the following purposes:

(a)    To establish, maintain, operate and support either directly or in cooperation with other organizations, such facilities and services providing health care for the sick, injured, disabled, indigent, or infirm persons and providing for the preservation of health as the Board of Trustees may determine from time to time to be appropriate, including without limitation, hospitals, psychiatric hospitals, children's hospitals, rehabilitation hospitals, ambulatory care services, long term care facilities, and agencies or facilities providing for persons in their homes; and

(b).    To establish, maintain, operate and support either directly, through subsidiary organizations, or in cooperation with other organizations, such activities, services, and facilities as are designed or intended to advance or support provision of health care services, including without limitation, programs involving education, research, and preventive health activity; and

(c)    To engage in, promote, or support either directly, through subsidiary organizations, or in cooperation with other organizations, any activity designed to promote the general health, rehabilitation, or social needs of the public, either within or outside the Commonwealth of Pennsylvania; and

(d)    To raise, receive and distribute funds either directly, or through related organizations or other organizations exempt from tax under section 501 (c) (3) of the Internal Revenue Code of 1986 as amended in furtherance of the purposes of the corporation, subject to limitations on the nature or extent of such activities applicable to organizations exempt from tax under section 501 (c) (3) of the Internal Revenue Code of 1986 as amended; and

(e)    To engage in business and activities either directly or through tax exempt or taxable subsidiaries, or in cooperation with other organizations, which activities support the

Exhibit "A"
6

purposes of the corporation, subject to limitations on the nature and extent of such activities applicable to nonprofit corporations under the laws of the Commonwealth of Pennsylvania or to organizations exempt from tax under section 501 (c) (3) of the Internal Revenue Code of 1986 as amended; and

(f)    To acquire, own, dispose of, and deal with real and personal property whether tangible or intangible, and interests therein, and to apply contributions, gifts, grants, bequests, and devises, and the proceeds thereof, in furtherance of the purposes of the corporation.

(g)    To carry out all other objects as stated in the Articles of Incorporation and to engage in any lawful activities for which corporations may be organized under Pennsylvania Nonprofit Corporation Law and which are within the scope of activities permitted under section 501 (c) (3) of the Internal Revenue Code of 1986 as amended.

No part of the corporation's net earnings shall inure to the benefit of, or be distributed to any member, contributor, director, officer or other individual except that the corporation shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes set forth herein. No substantial part of the activities of the corporation shall consist of carrying on propaganda or otherwise attempting to influence legislation, and the corporation shall be empowered to make the election authorized under section 501 (h) of the Internal Revenue Code of 1986 as amended. The corporation shall not participate or intervene in any political campaign on behalf of or in opposition to any candidate for public office.

Notwithstanding any other provisions hereof, the corporation shall not conduct or carry on any activities not permitted to be conducted or carried on (i) by an organization which is tax exempt under the provisions of section 501 (a) of the Internal Revenue Code of 1986 as amended as an organization described in section 501 (c) (3) of such Code or (ii) by a corporation contributions to which are deductible under section 170 (a) of the Internal Revenue Code of 1986 as amended.

Exhibit "A"

Attachment 1 to Exhibit "A" of Plan of Merger

References herein to sections of the Internal Revenue Code of 1986 as amended are to provisions of the Internal Revenue Code of 1986, as amended, as those provisions are now enacted or to corresponding provisions of any future United States internal revenue law.

## ARTICLE IV

This corporation shall have no members.

## ARTICLE V

Except as otherwise established by law or by the Bylaws of the corporation, the business and affairs of the corporation shall be managed under the direction of a Board of Trustees. The number, term and manner of appointment, term of office, voting rights and other provisions relating to the Board of Trustees shall be fixed and governed by the Bylaws of the corporation.

## ARTICLE VI

Any reference herein to specific provisions of the law of the Commonwealth of Pennsylvania or to specific provisions of the Internal Revenue Code of 1986 as amended shall be construed to include subsequent amendments to such specific provisions and to include corresponding provisions of subsequent legislation which may relate to, supersede, or otherwise alter such specific provisions.

## ARTICLE VII

Except as otherwise required by law, upon dissolution of the corporation, all of the corporation's assets remaining after providing for debts and obligations of the corporation, shall be distributed to one or more organizations exempt from income taxes under section 501 (c) (3) of the Internal Revenue Code of 1986 as amended as may be designated by the Board of Trustees of the

Exhibit "A"
8

Attachment 1 to Exhibit "A" of Plan of Merger

corporation.

Exhibit "A"
9

PENNSYLVANIA DEPARTMENT OF STATE
CORPORATION BUREAU
ROOM 308 NORTH OFFICE BUILDING
P.O. BOX 8722
HARRISBURG, PA  17105-8722

76

SDN, INC.


THE CORPORATION BUREAU IS HAPPY TO SEND YOU YOUR FILED DOCUMENT.
PLEASE NOTE THE FILE DATE AND THE SIGNATURE OF THE SECRETARY OF THE
COMMONWEALTH.  THE CORPORATION BUREAU IS HERE TO SERVE YOU AND WANTS
TO THANK YOU FOR DOING BUSINESS IN PENNSYLVANIA.  IF YOU HAVE ANY
QUESTIONS PERTAINING TO THE CORPORATION BUREAU, CALL (717) 787-1057.

ENTITIES THAT ARE CHARITIES AND SOLICIT FUNDS SHOULD CONTACT THE
BUREAU OF CHARITABLE ORGANIZATIONS FOR REGISTRATION REQUIREMENTS AT
DEPARTMENT OF STATE, BUREAU OF CHARITABLE ORGANIZATIONS, SUITE 300
124 PINE STREET, HARRISBURG, PENNSYLVANIA 17101  (717) 783-1720  OR
1-800-732-0999 WITHIN PENNSYLVANIA.


ENTITY NUMBER: 1564885

MICROFILM NUMBER: 09668

0304-0314


KIRKPATRICK & LOCKHART LLP
COUNTER

C O M M O N W E A L T H   O F   P E N N S Y L V A N I A

D E P A R T M E N T   O F   S T A T E

**April 28, 2003**

TO  ALL  WHOM  THESE  PRESENTS  SHALL  COME ,  GREETING :

**ALLEGHENY HOSPITALS, CENTENNIAL**

I, Pedro A. Cortés, Acting Secretary of the Commonwealth of Pennsylvania do hereby certify that the foregoing and annexed is a true and correct photocopy of Articles of Division and all Amendments

which  appear  of  record  in  this  department

IN TESTIMONY WHEREOF , I have hereunto set my hand and caused the Seal of the Secretary's Office to be affixed, the day and year above written.

*Pedro C. Cortés*

ACTING  Secretary  of  the  Commonwealth

tchilds