# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THE OFFICIAL COMMITTEE OF )
UNSECURED CREDITORS OF )
ALLEGHENY HEALTH, EDUCATION )
AND RESEARCH FOUNDATION, )
 )
      Plaintiff, )    Civil Action No. 00-684
 )
      v. )
 )    Judge David Stewart Cercone
PRICEWATERHOUSECOOPERS, LLP, )
 )
      Defendant. )

## APPENDIX TO THE COMMITTEE'S RESPONSE TO PwC'S STATEMENT OF UNDISPUTED AND MATERIAL FACTS UNDER LOCAL RULE 56.1(C)(1)

### VOLUME 8A

James M. Jones (PA #81295)
Laura E. Ellsworth (PA #39555)
Laura A. Meaden (PA #52002)
JONES DAY
500 Grant Street, 31st Floor
Pittsburgh, PA 15219

Richard B. Whitney
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114

Attorneys for Plaintiff The Official Committee
of Unsecured Creditors of AHERF

July 11, 2005

**EXHIBIT  4061**

CONTENTS: _Endowments_

Review Completed
By _____ By _N/A_
General practice     ITAS manager
manager              if applicable
Date _7/1/93_ Date _✓_

# COOPERS & LYBRAND
### CERTIFIED PUBLIC ACCOUNTANTS

## WORKING PAPERS

_AHERF_
(NAME OF CLIENT)

_AGH_
(DIVISION OR SUBSIDIARY)

_Pittsburgh, PA_
(LOCATION)

ENGAGEMENT NO. _____
FILE CODE NO. _____

0004/13

13

### NATURE OF WORK

☒ AUDIT OF FINANCIAL STATEMENTS
  (CHECK BOX IF APPLICABLE)

OR

OTHER (DESCRIBE):

### C&L PERSONNEL

PARTNER _W. Buettner_

MANAGER _J. Hoover / S. Will_

IN-CHARGE _____

ASSISTANTS _____

### PERIOD COVERED

YEAR ENDED _Permanent_
OR _6-30-XX_

PERIOD FROM _____ TO _____

* "PURSUANT TO THE FIRM'S DOCUMENT
RETENTION POLICY, THIS DOCUMENT OR
FILE SHOULD BE DESTROYED AFTER."

MONTH _____ YEAR _____

SEE INSIDE OF FRONT AND B

COOPERS & LYBRAND - PITTSBURGH

F
I
L
E

000970034350

National Underground Storage, Inc. 412-794-8474

CL 031989

PLAINTIFF'S
EXHIBIT
4061
McIntire 10-23-03

## UNIFORM WORKING PAPER INDEX

| | BINDER NO.* | PAGE NOS.† | | | BINDER NO.* | PAGE NOS.† |
|---|---|---|---|---|---|---|

### CURRENT FILES

**General and Administrative Data:**

1 Matters for attention of partner .............
2 Engagement control sheet ..................
3 List of required reports and related timing ....
4 List of key client personnel ...............
5 Management comments and suggestions ....
6 Management representation letter ..........
7 Copies of audit related correspondence .....
8 Confirmation copies for use in following year...
9 Minutes ...............................
10 Review of related-party transactions .......
11 Review of subsequent events ...............
12 Attorney's letters responses ..............
13 Review for illegal acts ...................
14 Engagement time management .............
15 .......................................
16 .......................................
17 .......................................
18 .......................................

**Reports, Financials, Footnotes and Trial Balances:**

19 Financial statements ....................
20 Consolidating working papers (including consolidating grouping sheets) ...........
21 Trial balance and adjusting journal entries ..
22 10-K draft and supporting data ............
23 Tax return data ........................
24 Earnings per share calculations ...........
25 Final analytics ........................
26 .......................................
27 .......................................
28 .......................................
29 .......................................
30 .......................................

**Assets:**

50 Cash and cash items ....................
51 Marketable securities ...................
52 Notes and other receivables ..............
53 Trade accounts receivable ................
54 .......................................
55 Inventories ...........................
56 .......................................
57 .......................................
58 Prepaid expenses ......................
59 Other current assets ....................
60 .......................................
61 .......................................
62 .......................................
63 Investments ...........................
64 Property, plant and equipment ............
65 Allow for deprec., depletion and amortization..
66 Intang. assets, def. charges and amortizations.
67 Other assets...........................
68 .......................................
69 .......................................

**Liabilities and Capital:**

70 Notes payable..........................
71 Trade accounts payable and search for unrecorded liabilities .........
72 Accrued liabilities (except income taxes) ......................
73 Federal income tax accruals, current tax provisions, and deferred taxes...
74 State and local income tax accruals, current tax provisions, and deferred taxes.....................
75 Other current liabilities ...............
76 .......................................
77 .......................................
78 .......................................
79 Deferred income.......................
80 Long-term liabilities (including current maturities) ............
81 Contingencies and commitments ....
82 .......................................
83 .......................................
84 Minority interest ......................
85 Capital stock, capital surplus and treasury stock.................
86 Retained earnings ....................
87 .......................................
88 .......................................
89 .......................................

**Income and Expenses:**

90 Sales and cost of sales ...............
91 Operating revenues and expenses ....
92 Selling, general and administrative.....
93 Other income ........................
94 Other expenses ......................
95 Extraordinary items ..................
96 .......................................
97 .......................................
98 .......................................
99 .......................................
100 .......................................

**Other:**

101 .......................................
102 .......................................
103 .......................................
104 .......................................
105 .......................................
106 .......................................
107 .......................................
108 .......................................
109 .......................................
110 .......................................
111 .......................................
112 .......................................
113 .......................................
114 .......................................

### PERMANENT FILES

**Understanding/Recording the Client's System:**

201 Chart of accounts and organizational chart ...
202 Client's industry data ...................
203 Client's operations and business .........
204 Client's accounting policies and procedures ...
205 Certificate of incorporation and by-laws ....
206 Current contracts and union agreements ...
207 Assessment of control environment (ACE) ....
208 Documentation of significant accounting systems, including overview flowcharts and computer environment from (CEF) ...
209 Documentation of controls................
210 Other – record of discussions with client, etc...

**Other:**

211 Audit strategy documentation ........
212 .......................................
213 .......................................
214 .......................................
215 .......................................
216 .......................................
217 .......................................
218 .......................................
219 .......................................
220 .......................................
221 .......................................
222 .......................................

\* This column should be completed only when preparing the master index.
† This column should be completed only for material filed in this binder. Supplemental indexes should be prepared, where appropriate.

PUR 505 REVISED 12/93

CL 031990

GENERAL

Each working paper should bear the name of the client, the period (or year end) covered by the audit, a proper descriptive caption, the date of preparation, the preparer's and reviewer's initials and, if appropriate, an indication that the working paper was prepared by client personnel and the initials of the auditor who examined it. The working papers should be clear, legible, neat, and readily understandable. The back of a sheet should not be used.

All account analyses should be cross-referenced by page number to supporting schedules, other related account analyses, and trial balances.

FILING AND INDEXING

All working papers prepared in the course of an audit or accounting engagement should be organized, indexed, and filed in permanent or current binders. Additionally:

· The preprinted reverse side of the front cover may be used for indexing.

· The lead current binder should contain the master index of all current and permanent binders including the binder identification assigned to each section. However, it is not necessary to enter the page numbers in each binder on the master index, since these will be shown on the individual binder indexes.

· All current binders should contain an index of their contents including the page numbers included in each applicable section. Supplemental indexes may be appropriate in certain circumstances.

· Permanent binders should contain a permanent binder review sheet which may also serve as the detailed index for the binder. Each significant item contained in the permanent binder should be listed on the index with an appropriate reference to location within the binder.

The uniform working paper index provides a listing of generally applicable section captions with preassigned numbers. Unassigned numbers may be used for additional captions or subdivisions of a particular section.

Subdivision can also be accomplished by use of alphabetic suffixes. For example, suffixes could be applied to the inventory classification (Section 55) to indicate raw materials (55A), work-in-progress (55B), finished goods (55C), etc.

It may be helpful to use index tabs to separate sections of a current or permanent binder. Tabs, however, should be used as supplements to the indexes rather than substitutes. For example, divider tabs with a preprinted indication as to cash, receivables, inventories, etc., and lines provided for a supplemental index, where appropriate, may be used.

Each page within a current binder should be numbered at the bottom using a two-segment number. The first segment represents the section number (including alphabetic suffix, if any) of the caption as shown on the uniform working paper index; the second segment represents the serial number of the page within the section. For example, page 55.3 would be the third working paper for inventories (Section 55).

A multipage copy of a typed or printed document (such as a contract or memorandum) generally should be attached to one numbered page.

All working papers should be adequately cross-referenced. Cross-referencing between working papers should be accomplished by use of the two-segment number. The uniform page numbering and indexing of current binders allows for cross-referencing before the engagement has been completed. Broad cross-referencing terms, such as "attached schedule," "schedule annexed," "schedule forward," and so on, should not be used.

Working papers should generally be filed in binders no more than approximately one inch thick.

All pertinent information on the binder cover should be completed.

———————————————

Further information concerning the preparation, filing and indexing of audit working papers may be found in Accounting and Auditing Manual (AAM) section 32000.

PUR 903 REVISED 12/86

CL 031991

**Coopers**
**&Lybrand**
**Permanent Binder Review Sheet**
(AAM 32005)

Client _A HERF / AGH_

Binder title _Endowments_

<sup>1</sup>Reviewed for audit for year ending:

| Page no.[2] | Item | 19 93 | 19 94 | 19 95 | 19 96 | 19 97 |
|---|---|---|---|---|---|---|
| | AHERF Endowments | SWS | BWC | CMK | MP | JMS |
| | AGH Endowments | SWS | BWC | CMK | MP | JMS |
| | ASRI Endowments | LWS | BWC | CMK | MP | JMS |
| | Investment Guidelines for Charitable Care | — | | BWC | CMK | |
| | Investment Guidelines for Unrestricted Endows | | SWS | BWC | CMK | |
| | Investment Guidelines for Restricted Endows | | SWS | BWC | CMK | MP | JMS |
| | Investment Guideline for Research Endows | | SWS | BWC | CMK | MP | JMS |
| | AHERF Endowment Matching Policy | | SWS | BWC | CMK | MP | JMS |
| | Charitable Care Inc Dist Policy | | SWS | BWC | CMK | MP | JMS |
| 9 | Agreement Between AHSI And Morgan Stanley | | | | MP | JMS |

<sup>1</sup>Initial the appropriate column after each of the items listed to indicate that the items have been reviewed for pertinence to the current audit.

<sup>2</sup>Or other designation of location.

Form 155-0788

CL 031992

Date Prepared  8/27/93
Prepared by  SWS
to Client and
Examined in
Reviewed by
CLLSWSLP

AHERF
Perm Review Sheet
6/30/xx

CL 031993



AHERF
AHERF Endowments/Participating Trusts
6/30/xx

AHERF

Note: Copies of full agreements maintained
by Al Zwine, AGH acctg

1

CL 031994



**ALLEGHENY HEALTH FOUNDATION**

320 East North Avenue
Pittsburgh, Pennsylvania 15212-7982

July 2, 1990

Ms. Barbara K. Robinson
Vice President
Mellon Bank
Three Mellon Bank Center
Room 4000
Pittsburgh, PA  15259

RE:  Unrestricted Agency Account #042-431

Dear Barbara:

On June 26, management presented to the Allegheny Health Foundation Board of
Directors, a Strategic Plan for Endowments.  The Plan addressed the AHF
Board's directive to develop an investment and spending policy that optimizes
the growth in the endowment in accordance with the long-term endowment
objective and to develop a reporting system that measures total return for
endowment funds.

As you know, the Board agreed to the proposed consolidation of the
Unrestricted Agency accounts in the name of Allegheny Health Foundation at
Mellon Bank.  I would propose that Mellon Agency Account #042-431 be the
surviving account.  Please close account #042-432 and transfer the cash,
stocks and bonds to account #042-431..

In addition, as shown in the attached letters to Union and PNB, I have
requested that the balance in the terminated accounts also be transferred to
Mellon.  Under separate letter, I am forwarding the latest copies of the
portfolio summaries so that John Wall can determine if the securities will be
liquidated, transferred in kind, or transferred in some combination of cash
and securities.  Termination clauses in the agreement generally allow 30 days
from the date of notice for the transfer to occur.  Therefore, on or about
September 1, 1990, you should be receiving approximately $2.5 million from
Union National Bank and approximately $2.6 million from Pittsburgh National
Bank.  Per John Wall's instructions, the amount could be represented by cash,
stocks, and/or bonds.

These assets should be invested in accordance with the Statement of Investment
Guidelines for The Allegheny Health Foundation Unrestricted Endowment Funds as
approved by the AHF Board on June 26, 1990.  I have attached a final copy of
the guidelines for your use.

**VHA.**

CL 031995

Barbara K. Robinson                    -2-                    July 2, 1990

Principal flows into this account will come from various sources.  Internally from Mellon Bank, all unrestricted income from the following accounts should be directed to this account on a monthly basis:

| Irrevocable Trusts | Participating Trusts |
|---|---|
| 500-007 | 500-009 |
| 500-017 | 500-023 |
| 500-022 | 201-202 |
| 500-208 | |
| 510-000 | |

This is a change from previous instructions whereby income was directed to the Mellon Master Trust Account #042-530.

Finally, Union also has four accounts which are designated as participating trusts.  I have instructed them to send all unrestricted income to Account #042-431.  The income will be derived as follows:

| Union Account Number | Approximate Annual Income |
|---|---|
| JO-1251-00-8 | $146,000 |
| JO-1739-00-2 | 615,000 |
| JO-1625-00-3 | 180,000 |
| JO-2610-00-4 | 167,000 |

Union has been instructed to send this income by check on a quarterly or semi-annual basis to your attention.

The only remaining issue is the generation of a performance reporting system. You are scheduled to present a performance summary to the AHF Board on December 3, 1990 at 12:00.  At that time, perhaps we can apprise the Board of the results of the consolidation, the expected performance standards, and some actual results.

Thank you for your assistance in this process.  If you have any questions, please do not hesitate to call.

Sincerely,

Kathleen S. Wright
Vice President and Treasurer

KSW/cr
6-28BKR.KSW

Attachments

cc:  Al Zwirn

CL 031996



**ALLEGHENY HEALTH FOUNDATION**

320 East North Avenue
Pittsburgh, Pennsylvania 15212-4772

July 2, 1990

Mr. Thomas D. Dick
Vice President
Charitable Institutional Trusts
Pittsburgh National Bank
Fifth and Wood
Pittsburgh, PA  15222

RE:  Allegheny Health Foundation (AHF) Unrestricted Agency Accounts

Dear Tom:

On June 26, management presented to the Allegheny Health Foundation Board of
Directors a Strategic Plan for Endowments.  This Plan addressed the AHF
Board's directive to develop an investment and spending policy that optimizes
the growth in the endowment in accordance with the long-term endowment
objective and to develop a reporting system that measures total return for
endowment funds.

In order to abide by the Board's directive, a consolidation of endowment
accounts was imperative.  After reviewing the current distribution of
accounts, it was agreed that the accounts would be consolidated at Mellon
Bank.  In accordance with the AHF Board's recommendation, please close the
following accounts:

| Account Number | Account Name |
|----------------|--------------|
| 0389591 | AHF/J. T. O'Neill |
| 0381153 | AHERC/Agency |

We are in the process of reviewing the portfolio listing for each of these
accounts and will notify you in the near future whether the transfer will be a
cash transfer or a transfer of securities in kind.  I have enclosed a copy of
Mellon's instructions for transfers for your future use.  In any event, the
transfer will be to the account of AHF, account number 042-431.

The Allegheny Health Foundation Board of Directors and management wishes to
thank you sincerely for your past investment and administrative services.
While we regret any inconvenience that this move has caused, we are sure that
you can understand our need for greater efficiencies in our endowment
strategy.

VH+A

CL 031997

Thomas D. Dick                    -2-                    July 2, 1990


If I can be of any assistance as you complete this transfer, please do not hesitate to call.

Sincerely,

Kathleen S. Wright
Vice President and Treasurer


Attachment

cc:  Barbara Robinson, Mellon Bank
     Al Zwirn

KSW/cr
6-29TDD.KSW


CL 031998



**ALLEGHENY HEALTH FOUNDATION**

Pittsburgh, Pennsylvania 15212

July 2, 1990

Ms. Victoria L. Daly
Union National Bank
Fourth Avenue and Wood Street
Pittsburgh, PA  15278

RE:  Allegheny Health Foundation (AHF) Unrestricted Agency Accounts

Dear Vicky:

On June 26, management presented to the Allegheny Health Foundation a
Strategic Plan for Endowments.  This Plan addressed the AHF Board's directive
to develop an investment and spending policy that optimizes the growth in the
endowment in accordance with the long-term endowment objective and to develop
a reporting system that measures total return for endowment funds.

In order to abide by the Board's directive, a consolidation of endowment
accounts was imperative.  After reviewing the current distribution of
accounts, it was agreed that the accounts would be consolidated at Mellon
Bank.  In accordance with the AHF Board's recommendation and in accordance
with the termination clause of the agency and/or revocable trust agreement
dated as stated, please terminate the following accounts:

| Account Number | Date Of Agency/Trust Agreement | Account Name |
|---|---|---|
| MO-4774-00-2 | 6/5/61 | AHF Endowment Fund |
| MI-1629-00-9 | 8/10/78 | AHF Stahlman Fund |
| J1-2106-00-1 | 5/14/80 | AHF Board Restricted Endowment |

We are in the process of reviewing the portfolio listing for each of these
accounts and will notify you in the near future whether the transfer will be a
cash transfer or a transfer of securities in kind.  I have enclosed a copy of
Mellon's instructions for transfers for your future use.  In any event, the
transfer will be to the account of AHF, account number 042-431.

The Allegheny Health Foundation Board of Directors and management wishes to
thank you sincerely for your past investment and administrative services.
While we regret any inconvenience that this move has caused, we are sure that
you can understand our need for greater efficiencies in our endowment
strategy.

**VHA**

CL 031999

Victoria L. Daly                    -2-                        July 2, 1990

If I can be of any assistance as you complete this transfer, please do not
hesitate to call.

                                        Sincerely,

                                        Kathleen S. Wright
                                        Vice President and Treasurer

Attachment

cc:  Barbara Robinson, Mellon Bank
     Al Zwirn

KSW/cr
6-28VLD.KSW

CL 032000

ALLEGHENY GENERAL HOSPITAL

ENDOWMENTS AND TRUSTS INVESTMENT FUND

JOHN MARSHALL LOCKHART, NO.1

Mellon Trust No. 500-017

ACCT. NOS.: ASSET   200-740      INCOME   544-001      ACCRUED RECEIVABLE   136-000
              EQUITY   640-741    MEMO   799-005

COMMENCEMENT DATE:       December 28, 1922; as amended May 25, 1932

PERIOD (LIFE) OF FUND:  Perpetual Trust

AMOUNT OF FUND:         Estimated Annual Net Income  $160,000

LOCATION OF FUND:       Mellon National Bank & Trust Company

ESTABLISHED BY:         John Marshall Lockhart - Deed of Trust

ADMINISTERED BY:        Mellon Trust Department

PURPOSE OF FUND:        No mention in the Deed of Trust of the purpose for
    which this income is to be used.

SPECIAL PROVISIONS:     Entire net income is paid to the Hospital quarterly.

TYPE:  Principal-  ___X___  Restricted    _____  Unrestricted
       Income-     _____  Restricted    ___X___  Unrestricted

CL 032001

ALLEGHENY GENERAL HOSPITAL

ENDOWMENTS AND  TRUSTS INVESTMENT FUND

JOHN MARSHALL LOCKHART, NO. 2

Mellon Trust No. 590-022

ACCT. NOS.: ASSET  200-740     INCOME  544-001     ACCRUED RECEIVABLE  136-000
              EQUITY  640-742   MEMO  799-005

COMMENCEMENT DATE:      August 5, 1935

PERIOD (LIFE) OF FUND:  Perpetual Trust

AMOUNT OF FUND:         Estimated Annual Net Income  $132,000

LOCATION OF FUND:       Mellon National Bank & Trust Company

ESTABLISHED BY:         John Marshall Lockhart - Deed of Trust

ADMINISTERED BY:        Mellon Trust Department

PURPOSE OF FUND:        No mention in the Deed of Trust of the purpose for which
        this income is to be used.


SPECIAL PROVISIONS:     Entire net income is paid to the Hospital quarterly.




TYPE:  Principal -    X    Restricted    _____ Unrestricted

       Income -    _____ Restricted     X    Unrestricted

CL 032002

ALLEGHENY GENERAL HOSPITAL

ENDOWMENTS AND TRUSTS INVESTMENT FUND

EDITH ANNE OLIVER & EDITH OLIVER REA

Mellon Trust No.  510-000

ACCT. NOS.: ASSET  200-740    INCOME  544-001    ACCRUED RECEIVABLE  136-000
            EQUITY  640-743    MEMO  799-005

COMMENCEMENT DATE:    December 30, 1915

PERIOD (LIFE) OF FUND:  Perpetual Trust

AMOUNT OF FUND:      Estimated Annual Net Income  $10,000

LOCATION OF FUND:    Mellon National Bank & Trust Company

ESTABLISHED BY:      Deed of Trust of Edith Anne Oliver and Edith Oliver Rea

ADMINISTERED BY:     Mellon Trust Department
                     Fee:  4.25% of gross income received

PURPOSE OF FUND:     For hospital purposes - general.

SPECIAL PROVISIONS:    "Should the income from this fund not be used by the
        Allegheny General Hospital, its successors or assigns, for hospital purposes,
        then this trust shall terminate and the principal of the trust fund shall
        be distributed among the heirs of the said parties of the first part in
        accordance with the intestate laws of the Commonwealth of Pennsylvania."

                     Income is payable to the Hospital semi-annually at
        June  and  December.

TYPE:  Principal-    X    Restricted    _____ Unrestricted.
       Income-    _____  Restricted    X    Unrestricted

CL 032003

ALLEGHENY GENERAL HOSPITAL

ENDOWMENTS AND TRUSTS INVESTMENT FUND

LEWIS A. PARK FUND

Mellon Trust No.  505-208

ACCT. NOS.: Asset  200-740    INCOME  544-001    ACCRUED RECEIVABLE  136-000
            Equity  640-744    Memo  799-005

COMMENCEMENT DATE:    November 6, 1962

PERIOD (LIFE) OF FUND: Perpetual Trust

AMOUNT OF FUND:    Estimated Annual Net Income  $75,000

LOCATION OF FUND:    Mellon National Bank & Trust Company

ESTABLISHED BY:    Will of Lewis A. Park

ADMINISTERED BY:    Mellon Trust Department.
                    Fee:  5.00% of gross income received

PURPOSE OF FUND:    To be used by the Hospital for its upkeep and maintenance.


SPECIAL PROVISIONS:


TYPE:  Principal-    X   Restricted    _____ Unrestricted

       Income-   _____ Restricted    X   Unrestricted

105-48

CL 032004

ALLEGHENY GENERAL HOSPITAL

ENDOWMENTS AND TRUSTS INVESTMENT FUND

JOHN MARSHALL LOCKHART FUND

Mellon Trust No. 599-007

ACCT. NOS.: ASSET:  200-740    INCOME  544-001    ACCRUED RECEIVABLE  136-000
              EQUITY:  640-747    MEMO  799-005

COMMENCEMENT DATE:    November 24, 1922; amended January 28, 1929 and
                                                   May 25, 1952

PERIOD (LIFE) OF FUND:   Perpetual Trust

AMOUNT OF FUND:       Estimated Annual Income $332,000

LOCATION OF FUND:     Mellon National Bank & Trust Company

ESTABLISHED BY:       John Marshall Lockhart - Deed of Trust

ADMINISTERED BY:      Mellon Trust Department

PURPOSE OF FUND:      To be used for furtherance of Hospital's charitable work.


SPECIAL PROVISIONS:   Income in the amount of $250 per month is paid to the sole
     survivor of the twelve original annuitants. The Hospital currently receives
     $7,000 per month. Excess income is transferred to Mellon Account No. 509-003,
     where it is accumulated and invested. When the surviving annuitant dies, all
     income will be paid to Allegheny General Hospital.

                 ****Update — June 9, 1972: The sole annuitant of June 3, 1972
     date of this report died May 17, 1972. At this point in time, Allegheny General
     Hospital becomes the recipient of total income generated by this trust.****


TYPE:  Principal-   X    Restricted    _____ Unrestricted
       Income-      ?    Restricted       X    Unrestricted

171-40

CL 032005

*Participating Trust*

ALLEGHENY GENERAL HOSPITAL

ENDOWMENTS AND TRUSTS INVESTMENT FUND

MARTHA LOCKHART MASON TRUST

Mellon Trust No. 500-009

ACCT. NOS.: FUND_____ INCOME 544-021    ACCRUED RECEIVABLE 136-020

MEMO  799-015

COMMENCEMENT DATE:    December 30, 1922; amended November 21, 1924 and

November 21, 1925

PERIOD (LIFE) OF FUND:  Perpetual Trust

AMOUNT OF FUND:    Estimated Annual Income to Allegheny General $12,000

LOCATION OF FUND:    Mellon National Bank & Trust Company

ESTABLISHED BY:    Martha Lockhart Mason - Deed of Trust

ADMINISTERED BY:    Mellon Trust Department

PURPOSE OF FUND:    "..in furtherance of its charitable objects or purposes
in such manner as the Trustees or other governing body thereof may from
time to time direct."

SPECIAL PROVISIONS:    The Hospital's equity in this trust is equal to 40 parts
of annual net income. This represents a 20% interest in total trust.

TYPE:  Principal-    X    Restricted    _____ Unrestricted

Income-    _____ Restricted    X    Unrestricted

185-39

Th: 6/1/77

CL 032006

*Participating Trust*

ALLEGHENY GENERAL HOSPITAL

ENDOWMENTS AND TRUSTS INVESTMENT FUND

JAMES H. & FLORENCE D. LOCKHART FUND

Mellon Trust No.   500-023

ACCT. NOS.: FUND _____    INCOME 544-021    ACCRUED RECEIVABLE 136-020

MEMO  799-015

COMMENCEMENT DATE:       June 18, 1928; as amended January 24, 1930

PERIOD (LIFE) OF FUND:   Perpetual Trust

AMOUNT OF FUND:          Estimated Annual Net Income  $17,000

LOCATION OF FUND:        Mellon National Bank & Trust Company

ESTABLISHED BY:          Deed of Trust of James H. & Florence D. Lockhart

ADMINISTERED BY:         Mellon Trust Department

PURPOSE OF FUND:         "...in furtherance of the objects or purposes of (the
        beneficiary) in such manner as the Trustees or other governing body thereof
        may from time to time direct."

SPECIAL PROVISIONS:      The Hospital receives $5,000 income per year; also,
        usually in September, it receives its prorata share of any distributions
        of excess income and capital gains.

TYPE:  Principal- ____X____ Restricted        _____ Unrestricted

       Income-   _____ Restricted        ____X____ Unrestricted

100-40
Qtr 6/5/72

CL 032007

*Participating Trust*

ALLEGHENY GENERAL HOSPITAL

ENDOWMENTS AND TRUSTS INVESTMENT FUND

LILLIE I. W. BAKER ESTATE

First Pennsylvania Banking & Trust #17057

ACCT. NOS.: FUND _____ INCOME ___544-021___ ACCRUED RECEIVABLE _____

MEMO    799-015

COMMENCEMENT DATE:    March 7, 1931

PERIOD (LIFE) OF FUND:    Perpetual Trust

AMOUNT OF FUND:    Estimated Annual Net Income $31,000

LOCATION OF FUND:    First Pennsylvania Banking & Trust Company
Philadelphia, Pennsylvania

ESTABLISHED BY:    Under Will of Lillie I. W. Baker, 25% of equity of the
original estate.

ADMINISTERED BY:    First Pennsylvania Bank
Fee: 7% of gross income received
Mrs. Eleanore H. Albany, Senior Investment Officer

PURPOSE OF FUND:    For General Purposes of The Hospital

SPECIAL PROVISIONS:    "In memory of William and Eliza Walker."

Currently, $325 per year of income earned is transferred
to First Pennsylvania Banking Account No. 02-012833-00, which amount is 25%
of $1,300 payable to the last surviving annuitant under the will. Upon the
death of the remaining survivor, Agnes Hunter, the total net income of the
trust will be payable to the Hospital.

TYPE:    Principal-    ___X___ Restricted    _____ Unrestricted

Income-    _____ Restricted    ___X___ Unrestricted

105-40
*Rev. 6/5/72*

CL 032008

*Participating Trust*

ALLEGHENY GENERAL HOSPITAL

ENDOWMENTS AND TRUSTS INVESTMENT FUND

WILLIAM W. STEWART TRUST

Mellon Trust No. 201-202

ACCT. NOS.: FUND _____     INCOME  544-021     ACCRUED RECEIVABLE 136-020

MEMO   799-015

COMMENCEMENT DATE:     December 11, 1937

PERIOD (LIFE) OF FUND:  Limited (See special provisions)

AMOUNT OF FUND:     Estimated Annual

LOCATION OF FUND:     Mellon National Bank & Trust Company

ESTABLISHED BY:     Article IV, Section II of Will of William W. Stewart,
deceased, for Harry G. Smyers, Jr., et al.

ADMINISTERED BY:     Mellon Trust Department

PURPOSE OF FUND:     Share of surplus income is payable to the Hospital
without restrictions.

SPECIAL PROVISIONS:     Annual annuities at present totalling $12,000 are paid
in amounts of $600 to $1,200 to 14 persons. The share of surplus income
amounting to 1000/12,250ths is payable to Allegheny General Hospital with-
out restrictions until death of the last surviving annuitant, then trust
terminates and 1,000/12,250th share of corpus is distributable to Allegheny
General Hospital without restrictions. 1,000/12,250ths is equal to 8.16%.

TYPE:  Principal- _____ X _____ Restricted     _____ Unrestricted

Income- _____ Restricted     _____ X _____ Unrestricted

105-40

CL 032009

*Participating Trusts*

ALLEGHENY GENERAL HOSPITAL

ENDOWMENTS AND TRUSTS INVESTMENT FUND

MARTHA LOCKHART MASON – ANNUITY RESERVE

Union National Trust No. 1625

ACCT. NOS.: FUND _____    INCOME 544-021    ACCRUED RECEIVABLE  136-020

MEMO   799-015

COMMENCEMENT DATE:    August 10, 1935

PERIOD (LIFE) OF FUND:  Perpetual Trust

AMOUNT OF FUND:     Estimated Annual Surplus Income – Varies from year to year

LOCATION OF FUND:    Union National Bank of Pittsburgh

ESTABLISHED BY:     Martha Lockhart Mason – Deed of Trust

ADMINISTERED BY:    Union National Bank of Pittsburgh – Trust Department

PURPOSE OF FUND:    "Used in furtherance of its charitable objects and
purposes in manner as the Board of Directors or other governing body thereof
may from time to time determine."

SPECIAL PROVISIONS:    This trust was establised with The Union National Bank
with the provisions that income was to accumulate so that there would be
a sufficient amount as a reserve to take care of individual beneficiaries
under two other Trusts.  Upon the death of all the individual beneficiaries
under the two other Trusts, and it will only be at that point that no
reserves are required, then all of the net income from this Trust is tobe
paid quarterly each year to Allegheny General Hospital.

The Trust further provides "the receipt of the duly
accredited Treasurer of any corporate beneficiary shall be a sufficient
acquittance and release to the Trustee."

TYPE:  Principal– ___X___ Restricted    _____ Unrestricted

Income– _____ Restricted    ___X___ Unrestricted

CL 032010

*Participating Trusts*

ALLEGHENY GENERAL HOSPITAL

ENDOWMENTS AND TRUSTS INVESTMENT FUND

MARTHA LOCKHART MASON TRUST

Union National Trust No. 1251

ACCT. NOS.: FUND _____    INCOME __544-021__    ACCRUED RECEIVABLE 1-136-020

MEMO 799-015

COMMENCEMENT DATE:    June 1, 1932

PERIOD (LIFE) OF FUND:  Perpetual Trust (Participating)

AMOUNT OF FUND:    Estimated Annual Net Income  $55,000

LOCATION OF FUND:    Union National Bank of Pittsburgh

ESTABLISHED BY:    Martha Lockhart Mason – Deed of Trust

ADMINISTERED BY:    Union National Trust Department

PURPOSE OF FUND:    Purposes designated by the Board of Trustees

SPECIAL PROVISIONS:    Hospital receives 10/21st part of the net income

TYPE:    Principal- __X__    Restricted _____ Unrestricted

Income- _____ Restricted __X__ Unrestricted

CL 032011

*Participating Trusts*

ALLEGHENY GENERAL HOSPITAL

ENDOWMENTS AND TRUSTS INVESTMENT FUND

MARTHA LOCKHART MASON INSURANCE ANNUITIES –No. 1

Lincoln National Life Contract J-9161

ACCT. NOS.:  FUND_____  INCOME  544-021  ACCRUED RECEIVABLE  136-020

MEMO  799-015

COMMENCEMENT DATE:    June 4, 1944

PERIOD (LIFE) OF FUND:   June 4, 2043 (99 years)

AMOUNT OF FUND:    $200,000

LOCATION OF FUND:    Lincoln National Life Insurance Company
                     Fort Wayne, Indiana 46801

ESTABLISHED BY:    Reliance Policy No. 319686 on life of Martha Lockhart Mason
                   which contained special provision that created supple-
                   mentary contract no. J-9161

ADMINISTERED BY:    Lincoln National Life Insurance Company

PURPOSE OF FUND:    General

SPECIAL PROVISIONS:    Distribution of interest income is made quarterly on
     the 4th of March, June, September and December.  A lump sum payment in
     the amount of $200,000 will be paid to the Hospital on June 4, 2043.

TYPE:  Principal-    X    Restricted    _____Unrestricted

       Income-    _____Restricted    X    Unrestricted

CL 032012

*Participating Trusts*

ALLEGHENY GENERAL HOSPITAL

ENDOWMENTS AND TRUSTS INVESTMENT FUND

MARTHA LOCKHART MASON INSURANCE ANNUITIES - NO. 2

Lincoln National Life Supplementary Contract J57,844

ACCT. NOS.:  FUND _____    INCOME  544-021    ACCRUED RECEIVABLE  136-020

MEMO  799-015

COMMENCEMENT DATE:    September 1, 1970

PERIOD (LIFE) OF FUND:  September 1, 2069 (99 years)

AMOUNT OF FUND:    $50,000

LOCATION OF FUND:    Lincoln National Life Insurance Company
                     Fort Wayne, Indiana  46801

ESTABLISHED BY:    Reliance Policy No. 319686 on life of Martha Lockhart Mason
                   through supplementary contract no. J-9162 which has now
                   become supplementary contract no. J-57,844

ADMINISTERED BY:    Lincoln National Life Insurance Company

PURPOSE OF FUND:    General

SPECIAL PROVISIONS:    Interest income to be distributed quarterly on the
first day of March, June, September and December.  The guaranteed rate of
interest is 3.5% per annum.

                      On September 1, 2069, the principal, $50,000, will be
paid in one sum to the Allegheny General Hospital upon the surrender and
cancellation of the Contract J57,844.

-Note-
Special provision for settlement was placed on Reliance Policy No. 319686 by
Martha Lockhart Mason that created supplementary contract J9162 which was issued
to Helen Mason Reed, and upon here death, the interest was paid to Henry Mason
Reed. Henry Mason Reed died on August 30, 1970.

TYPE:  Principal-    X  .    Restricted _____    Unrestricted _____

        Income-    _____ Restricted    X.    Unrestricted _____

CL 032013

*Participating Trusts*

ALLEGHENY GENERAL HOSPITAL

ENDOWMENTS AND TRUSTS INVESTMENT FUND

MARTHA LOCKHART MASON INSURANCE ANNUITIES – NO. 3

Lincoln National Life Supplementary Contract J-58,051

ACCT. NOS.: FUND _____   INCOME  544-021   ACCRUED RECEIVABLE  136-020

MEMO , 799-015
COMMENCEMENT DATE:    February 21, 1971

PERIOD (LIFE) OF FUND:   February 21, 2070 (99 years)

AMOUNT OF FUND:    $50,000

LOCATION OF FUND:    Lincoln National Life Insurance Company
                     Fort Wayne, Indiana 46801

ESTABLISHED BY:    Reliance Policy No. 319686 on life of Martha Lockhart Mason
                   through supplementary contract no. J-9163 which has now
                   become supplementary contract no. J-58, 051

ADMINISTERED BY:   Lincoln National Life Insurance Company

PURPOSE OF FUND:    General

SPECIAL PROVISIONS:    Interest (at the rate of not less than 3.5% per year) to
   be paid to the Hospital on the 21st day of each February, May, August and
   November.

   -Note-
   Under the provisions of Policy No. S. C. J-9163, Miss Vesta A. Thomas was the
   income beneficiary during her life time, and after her death the payments are
   to be made to the Hospital.  Miss Thomas died on February 21, 1971.

TYPE:  Principal- ___X___ Restricted _____ Unrestricted

       Income-  _____ Restricted ___X___ Unrestricted

CL 032014

*Participating Trusts*

ALLEGHENY GENERAL HOSPITAL

ENDOWMENTS AND  TRUSTS INVESTMENT FUND

"THE MARTHA LOCKHART MASON MEMORIAL FUND"

Union National Trust No.   1739

2/200 – 1-839-202 2511100 2512020
2/200 – 1-859-612 5-550-CT2 7503100 2716120
116/200 –

ACCT. NOS.:  FUND _____    INCOME    544-021 )   ACCRUED RECEIVABLE _____

MEMO  : 799-015 )

COMMENCEMENT DATE:     December 26, 1935

PERIOD (LIFE) OF FUND:   Perpetual Trust (Participating)

AMOUNT OF FUND:     Estimated Annual Net Income  $190,000

LOCATION OF FUND:    Union National Bank of Pittsburgh

ESTABLISHED BY:     Deed of Trust – Martha Lockhart Mason

ADMINISTERED BY:     Union National Bank Trust Department

PURPOSE OF FUND:      "To be used in furtherance of their respective religious,
educational or charitable objects and purposes in the manner as the
trustees or other governing body thereof may from time to time direct."

SPECIAL PROVISIONS:    The interests of Allegheny General Hospital in said
income are as follows:    116/200ths for general purposes of the Hospital

2/200ths for furnishing the annual Thanks-
giving Day dinner

2/200ths for furnishing annual Christmas gifts
to children who are patients

TYPE:  Principal – ___X___ Restricted      _____ Unrestricted

Income – __4/200ths__ Restricted     __116/200ths__ Unrestricted

PL-10
RE : 6/5/72

CL 032015

*Participating Trusts*

ALLEGHENY GENERAL HOSPITAL

ENDOWMENTS AND TRUSTS INVESTMENT FUND

MARTHA L. MASON FOR ALLEGHENY GENERAL HOSPITAL

Union National Bank No. 2610

ACCT. NOS.:  FUND_____    INCOME _-544-021_    ACCRUED RECEIVABLE 1-136-020
                               Memo  2-799-015

COMMENCEMENT DATE:    November 20, 1971

PERIOD (LIFE) OF FUND:    Perpetual Trust

AMOUNT OF FUND:    Estimated Annual Net Income to the Hospital - $45,000

LOCATION OF FUND:    Union National Bank of Pittsburgh

ESTABLISHED BY:    Indenture of Trust - Union National Account No. 1745 - between
                   Martha L. Mason and the Union National Bank of Pittsburgh -
                   dated December 28, 1935

ADMINISTERED BY:    Union National Bank of Pittsburgh Trust Department

PURPOSE OF FUND:    General

SPECIAL PROVISIONS:  This trust fund was established as a Living Trust to provide
income for Mrs. Sarah Mansell Stevens and Miss Marie J. White during their lifetime.
One-third of the net income was paid to Mrs. Stevens until her death on November 20,
1971, and two-thirds was paid to Miss White until her death on September 20, 1974.
As of this latter date, the Hospital became the sole recipient of the perpetual trust.
All of the net income is to be used by the Hospital in the furtherance of its charitable
objects and purposes in such manner as the Board of Trustees or other governing body
thereof may from time to time direct.

TYPE:  Principal-  __X__  Restricted    _____Unrestricted

       Income-    _____Restricted    __X__  Unrestricted

105-40

CL 032016



Date Prepared 8/20/93

Prepared by
a) C & L
b) Client and Examined by SWS

Reviewed by C & L SR/SUP

AHERF

AGH Endowments/Participating Trusts

6/30/KK

AGH

Note: Copies of full endowment agreement maintained by Al Zwinn, AGH acctg

2

**Mellon Bank**

Mellon Bank, N.A.
Mellon Bank Center
Pittsburgh, PA 15259-0001

March 17, 1994

Ms. Kelly Landy
Allegheny Health Education
  & Research Foundation
Fourth Floor - Treasury
D.L. Clarke Building
503 Martindale Street
Pittsburgh, PA 15212

Dear Kelly:

**AGH - Dept. of Radiology Endowment Chair**
**Account Number 042-572**

**AGH - W. P. Snyder Memorial Fund**
**Account Number 042-573**

These accounts have been opened and assigned the numbers referenced above.
Enclosed are executed originals for your files.

Please call me when the accounts are to be funded.

Very truly yours,

Annette Calgaro
Trust Officer

AC:vlr

Enclosures

CL 032018

ALLEGHENY HEALTH EDUCATION AND RESEARCH FOUNDATION

INTERNAL MEMORANDUM

DATE: March 22, 1994

TO:    Patricia Koehler
       Associate General Counsel, AHERF

FROM: Kelly Landy
      Treasury Associate

RE:    **Department of Radiology Endowment Chair and W.P. Snyder Memorial Fund Agreements
       between AGH and Mellon Bank**

---

Dear Patricia:

Enclosed please find the original executed copies of the 1) Department of Radiology Endowment Chair and 2) W.P. Snyder Memorial Fund Agreements by and between AGH and Mellon Bank, N.A. and the related Contract Protocol Review Forms.

Please maintain these original documents in the Legal Department files.

Please contact me at (412) 442-2225 should you have any questions or comments.

Thank you.

Enclosures
Koehler2\kkl
cc:    John T. Lydon
       Susan M. Murray

1

CL 032019



AGREEMENT

By and Between

ALLEGHENY GENERAL HOSPITAL

and

MELLON BANK, N.A.

for

THE W.P. SNYDER IV MEMORIAL FUND

CL 032020

AGH:AC      12/20/93

## AGREEMENT

Made the 2nd day of March , 19 94 .

ALLEGHENY GENERAL HOSPITAL, a nonprofit corporation organized and existing under the laws of the Commonwealth of Pennsylvania and having its principal office in Allegheny County, Pennsylvania, as the Principal, and MELLON BANK, N.A., a national banking association, as the Agent, hereby agree as follows:

ONE:    The Principal hereby delivers into the custody of the Agent the property listed in Schedule "A" attached hereto, to be known as the "W.P. SNYDER IV MEMORIAL FUND", and authorizes the Agent to do all acts necessary to carry out the provisions of this Agreement, hereby appointing the Agent as attorney-in-fact for this purpose and ratifying and confirming all acts of the Agent performed in pursuance hereof. As to any third party, this Agreement shall be full authority to rely upon the act of the Agent in respect of all matters requiring the direction or consent of the Principal, without any duty upon such third party to inquire concerning the existence of such direction or consent. The authority vested in the Agent shall extend to any company with which it may consolidate or merge without notice from the Agent to the Principal.

TWO:    The Agent shall hold the said property, any

CL 032021

AGH:AC        12/20/93

additions thereto and any reinvestments thereof, shall collect the income therefrom and shall pay the net income quarter-annually to the Principal or in such manner as the Principal may direct in writing. The Agent may hold assets in the name of a nominee, in bearer form or in book entry form or in a clearing corporation or depository, so long as its records clearly indicate the assets held in this account; the Agent shall vote proxies only as directed by the Principal. If any situation comes to the attention of the Agent which will or may require the enforcement or exercise of any of the rights or privileges pertaining to any fixed income obligation or debt security held hereunder, the Agent shall give prompt notice thereof to the Principal and shall take only such action as the Principal directs in writing.

THREE: The Agent shall review from time to time the investments held hereunder and shall make such sales and purchases as it considers to be in the best interests of the Principal and in accordance with the investment policy last transmitted to it by the Principal and shall also make such sales or purchases as the Principal may direct in writing; PROVIDED, however, that the Agent shall not review any shares of MELLON BANK CORPORATION stock, but shall hold the same merely as custodian. The Agent shall furnish to the Principal a report on all investment transactions at such reasonable times as the Principal shall request. The Agent shall not be

-2-

CL 032022

AGH:AC      12/20/93

liable for any loss resulting from any action taken by it hereunder in good faith. The Agent is authorized to execute purchases and sales through its affiliated discount brokerage service so long as said service provides best execution, and the Agent shall pay the regular charges of said service as part of the administrative expenses of the account.

FOUR:    Within the limitations of Article THREE, the Agent may invest in any kind of property, real or personal, or part interest therein, located in the United States or abroad, including interest-bearing accounts in or certificates issued by its own banking department, shares of registered investment companies for which the Agent or an affiliate performs services for a fee, whether as custodian, transfer agent, investment advisor or otherwise, and securities underwritten by syndicates of which the Agent is a member but not purchased from the Agent, all statutory and other limitations as to the investment of funds, now or hereafter enacted or in force, being waived.

FIVE:    The    Agent    shall    furnish    to    the    Principal quarter-annual statements of income, principal and investments.

SIX:    The    Agent    shall    be    entitled    to    receive    annual compensation for its services hereunder in accordance with its schedule in effect when the services are performed, which compensation shall be charged wholly against income.

–3–

CL 032023

AGH:AC        12/20/93

**SEVEN:** This Agreement may be revoked in whole or in part by either the Principal or the Agent by written notice to the other, whereupon the securities and other property as to which said revocation extends shall be delivered to the Principal or as the Principal shall direct in writing.

**EIGHT:** All directions from the Principal to the Agent, including revocations, shall be in writing signed by the President of the Principal. The Principal shall keep the Agent advised of the persons holding such office, and the Agent is authorized to rely upon the last advice received.

WITNESS the due execution hereof the day and year aforesaid.

ALLEGHENY GENERAL HOSPITAL

By _____

President

ATTEST:

_____

Assr. Secretary

MELLON BANK, N.A.

By _____

Vice President

Ellen E. Whiting

ATTEST:

_____

Trust Officer

—4—

CL 032024

)

**SCHEDULE A**

**ALLEGHENY GENERAL HOSPITAL**

**W.P. SNYDER IV MEMORIAL FUND**

**$77,143.92 CASH**

)

)

CL 032025



**Mellon Bank**

Mellon Bank, N.A.
Mellon Bank Center
Pittsburgh, PA 15259-0001

March 17, 1994

Ms. Kelly Landy
Allegheny Health Education
  & Research Foundation
Fourth Floor - Treasury
D.L. Clarke Building
503 Martindale Street
Pittsburgh, PA  15212

Dear Kelly:

<div align="center">

**AGH - Dept. of Radiology Endowment Chair**
**Account Number 042-572**

**AGH - W. P. Snyder Memorial Fund**
**Account Number 042-573**

</div>

These accounts have been opened and assigned the numbers referenced above. Enclosed are executed originals for your files.

Please call me when the accounts are to be funded.

Very truly yours,

Annette Calgaro
Trust Officer

AC:vlr

Enclosures

CL 032026

ALLEGHENY HEALTH EDUCATION AND RESEARCH FOUNDATION

INTERNAL MEMORANDUM

DATE: March 22, 1994

TO:     Patricia Koehler
        Associate General Counsel, AHERF

FROM: Kelly Landy
        Treasury Associate

RE:     Department of Radiology Endowment Chair and W.P. Snyder Memorial Fund Agreements
        between AGH and Mellon Bank

---

Dear Patricia:

Enclosed please find the original executed copies of the 1) Department of Radiology Endowment Chair and 2) W.P. Snyder Memorial Fund Agreements by and between AGH and Mellon Bank, N.A. and the related Contract Protocol Review Forms.

Please maintain these original documents in the Legal Department files.

Please contact me at (412) 442-2225 should you have any questions or comments.

Thank you.

Enclosures
Koehler2\kkl
cc:     John T. Lydon
        Susan M. Murray

1

CL 032027



AGREEMENT

By and Between

ALLEGHENY GENERAL HOSPITAL

and

MELLON BANK, N.A.

for

THE DEPARTMENT OF RADIOLOGY ENDOWMENT CHAIR

CL 032028

AGH:AC      12/20/93

AGREEMENT

Made the __2nd__ day of __March__, 19 94.

ALLEGHENY GENERAL HOSPITAL, a nonprofit corporation organized and existing under the laws of the Commonwealth of Pennsylvania and having its principal office in Allegheny County, Pennsylvania, as the Principal, and MELLON BANK, N.A., a national banking association, as the Agent, hereby agree as follows:

ONE:   The Principal hereby delivers into the custody of the Agent the property listed in Schedule "A" attached hereto, to be known as the "DEPARTMENT OF RADIOLOGY ENDOWMENT CHAIR", and authorizes the Agent to do all acts necessary to carry out the provisions of this Agreement, hereby appointing the Agent as attorney-in-fact for this purpose and ratifying and confirming all acts of the Agent performed in pursuance

CL 032029

AGH:AC        12/20/93

hereof.  As to any third party, this Agreement shall be full
authority to rely upon the act of the Agent in respect of all
matters requiring the direction or consent of the Principal,
without any duty upon such third party to inquire concerning
the existence of such direction or consent.  The authority
vested in the Agent shall extend to any company with which it
may consolidate or merge without notice from the Agent to the
Principal.

TWO:    The Agent shall hold the said property, any
additions thereto and any reinvestments thereof, shall collect
the income therefrom and shall pay the net income
quarter-annually to the Principal or in such manner as the
Principal may direct in writing.  The Agent may hold assets in
the name of a nominee, in bearer form or in book entry form or
in a clearing corporation or depository, so long as its records
clearly indicate the assets held in this account; the Agent
shall vote proxies only as directed by the Principal.  If any
situation comes to the attention of the Agent which will or may
require the enforcement or exercise of any of the rights or
privileges pertaining to any fixed income obligation or debt
security held hereunder, the Agent shall give prompt notice
thereof to the Principal and shall take only such action as the
Principal directs in writing.

-2-

CL 032030