F  C&L recalculated by taking the market value at the beginning of the year less the book value. Information was obtained from the Mellon Bank Reconciliation of Assets Accrued.

G  Amount represents income on the endowments from FY 95 and before. In accordance with SFAS 116 the only part that should be in permanent is the original contribution, therefore the prior year amounts were reclassed to temporay and permanant

Reconcilement to the G/L

66244368  63-200
5387071   63-200
15,673,635  See unrestricted schedule

<u>87305074</u>  1

Adjustment made by client to only include the prior year income on endowment 500-007 and 510-000. For reason see T/M B.

New Temporary Restricted Balance:

52787707  Sum of 2
<u>52757707</u>  G/L

30000  1

The remaining endowment balances that do not belong to permanantly restricted are classified as unrestricted.

| | Book Value | Market Value | Book Value | Market Value | | |
|---|---|---|---|---|---|---|
| | 30-Jun-95 | 30-Jun-95 | 30-Jun-96 | 30-Jun-96 | | |
| C, 63-212 | 46,474,987.36 | 53,192,428.08 | 51,570,755.85 | 61,021,775.53 | 500-007 | J.M. Lockhart |
| C, 63-212 | 7,676,161.72 | 8,779,574.26 | 8,687,950.67 | 10,075,488.88 | 500-017 | J.M. Lockhart |
| C, 63-212 | 7,156,062.27 | 8,201,877.62 | 7,947,039.19 | 9,400,163.35 | 500-022 | J.M. Lockhart |
| C, 63-212 | 549,897.78 | 582,878.97 | 592,290.89 | 675,932.36 | 510-000 | E.A. Oliver |
| D, 63-212 | 4,674,702.61 | 5,352,747.25 | 5,178,238.19 | 6,131,713.89 | 505-208 | Lewis A. Park |

63-212

**EXHIBIT 4111**

PLAINTIFF'S EXHIBIT
4111
11/18/03

# ALLEGHENY GENERAL HOSPITAL

# ENDOWMENTS, TRUSTS, AGENCY AND OTHER ACCOUNTS

EXHIBIT
SEC-134
Allegheny
21 May 99

## TABLE OF CONTENTS

### Principal Restricted - Income Unrestricted

| | | |
|---|---|---|
| 38115 ~~82~~ | Agency | Pittsburgh National Bank |
| 500-007 | John Marshall Lockhart | Mellon National Bank |
| 500-017 | John Marshall Lockhart | Mellon National Bank |
| 500-022 | John Marshall Lockhart | Mellon National Bank |
| 510-000 | Edith Anne Oliver and Edith Oliver Rea | Mellon National Bank |
| 505-208 | Lewis A. Park | Mellon National Bank |
| 42-431 ~~40-140~~ | Agency | Mellon National Bank |
| 4774 | Agency | Union National Bank |

### Principal Unrestricted - Income Unrestricted

| | | |
|---|---|---|
| 38959 | A.H.E.R.C. Board Restricted Endowment Fund | Pittsburgh National Bank |
| 38116 ~~14504~~ | Agency | Pittsburgh National Bank |
| 42-432 ~~40-141~~ | Agency | Mellon National Bank |
| 4716 | Agency | Union National Bank |
| 4952 | Agency | Union National Bank |
| 7629 | Florence R. Stahlman Fund | Union National Bank |
| 2106 | A.H.E.R.C. Board Restricted Endowment Fund | Union National Bank |

### Principal Restricted - Income Restricted

| | | |
|---|---|---|
| 42-430 ~~40-139~~ | Agency | Mellon National Bank |
| 500-015 | David E. Park | Mellon National Bank |
| 500-016 | B. F. Jones and Mary Jones Laughlin | Mellon National Bank |
| 500-019 | Martha Lockhart Mason | Mellon National Bank |
| 500-020 | Eleanor G. Park | Mellon National Bank |
| 500-021 | Eleanor G. Park | Mellon National Bank |
| 1117 ~~295~~ | Jane Walker Lockhart | Union National Bank |
| 249 ~~3481~~ | S. Eleanor Sawyer | Union National Bank |
| 8417 | Charles H. Spang | Pittsburgh National Bank |
| 1664 ~~2547~~ | Robert and Mary Weisbrod Endowment Fund | Union National Bank |

### Participating Trusts - Income Unrestricted

| | | |
|---|---|---|
| 500-009 | Martha Lockhart Mason | Mellon National Bank |
| 500-023 | James H. and Florence D. Lockhart | Mellon National Bank |
| 500-291 | Marie Elise Snyder | Mellon National Bank |
| 500-292 | Marie Elise Snyder | Mellon National Bank |
| 17067 | Lillie I. W. Baker | First Pennsylvania Bank N.A. |
| 201-202 | William W. Stewart | Mellon National Bank |
| 1625 | Martha Lockhart Mason | Union National Bank |
| 1251 | Martha Lockhart Mason | Union National Bank |
| J-9161 | Martha Lockhart Mason | Lincoln National Life |
| J-57844 | Martha Lockhart Mason | Lincoln National Life |
| J-58051 | Martha Lockhart Mason | Lincoln National Life |
| C-3832 | Mary Morton | Union National Bank |
| 1151 ~~1739~~ | Martha Lockhart Mason | Union National Bank |
| 2610 | Martha Lockhart Mason | Union National Bank |
| 1326 | St. Peter's Orphans Home | Union National Bank |
| 1765 | The Pittsburgh Free Dispensary | Union National Bank |

| | | |
|---|---|---|
| 042-572 | Department of Radiology Endowment Chair | Mellon Bank, N.A. |
| 042-573 | W.P. Snyder IV Memorial Fund Joseph C. Maroon, M.D. Endowed Chair in Neurosurgery | Mellon Bank, N.A. |

- 2 -

Participating Trusts - Income Restricted

| | | |
|---|---|---|
| 3239 | Henry Lee Mason | Union National Bank |
| 506-8 | Margaret J. Biddle | Pittsburgh National Bank |

Department of Laboratory Medicine

| | | |
|---|---|---|
| 4492 | Dr. William T. Mitchell, Jr. and Elsie Breese Mitchell | Union National Bank |
| 4493 | Singer Memorial Research Lab. | Union National Bank |
| 4493-A | Singer Memorial Research Lab. Lecture Seminar | Union National Bank |
| 42-429 ~~40-102~~ | Agency | Mellon National Bank |
| 500-014 | Marguerite Singer Milligan | Mellon National Bank |
| 500-018 | G. Harton Singer | Mellon National Bank |
| 8403-2 | Charlotte O. Singer | Pittsburgh National Bank |
| 38117 ~~6085-2~~ | Agency | Pittsburgh National Bank |

Debt Service Reserve Fund



Securities Held by A. G. H.



Pending Estates

#4151?1
J00-007

ORIGINAL

THIS INDENTURE made the 24th day of November, 1914, by and between JOHN MARSHALL LOCKHART, a citizen of the Commonwealth of Pennsylvania and a resident of the City of Pittsburgh, Allegheny County, in said Commonwealth, party of the first part, and THE UNION TRUST COMPANY OF PITTSBURGH, a corporation of the State of Pennsylvania, having its principal office and place of business in the City of Pittsburgh, Allegheny County, Pennsylvania, hereinafter sometimes called the "Trustee", party of the second part.

WHEREAS, the party of the first part desires to create a trust of the property and for the purposes hereinafter mentioned.

NOW, THEREFORE, THIS INDENTURE WITNESSETH, that in consideration of the premises, the mutual covenants herein contained, and of other good and valuable considerations, and of the sum of One (1.00) Dollar to him in hand paid by the party of the second part, at and before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, the party of the first part has granted, conveyed, assigned, set over and delivered, and by these presents does grant, convey, assign, set over and deliver unto said party of the second part, its successor and assigns, the property and securities itemized and described in a schedule marked "Exhibit A", hereto attached and made a part hereof as fully and effectually as if the same were set forth in this agreement.   Said Exhibit A has been identified by the sig-

- 1 -

nature of the party of the first part.

TOGETHER with the appurtenances and all the estate, right, title, interest, claim, demand and equity whatsoever of the party of the first part in and to the same and every part thereof.

TO HAVE AND TO HOLD all and singular the above granted and described property and/or securities unto the said party of the second part, its successors and assigns, IN TRUST NEVERTHELESS for and upon the following uses, ends, intents and purposes, and under and subject to the terms, conditions, powers, limitations and agreements hereinafter set forth.

## ARTICLE I.

To take, receive, hold, manage, sell, exchange, invest and reinvest the same and every part thereof in the manner hereinafter specified, and to collect, recover and receive the rents, issues, interests, income and profits thereof, hereinafter called "Income", and to pay, hold, apply and dispose of the "Income" from time to time in the following manner:

(a) To the payment of the commissions and compensation of the Trustee as hereinafter provided and the payment of the proper and necessary expenses in the administration of the trust.

(b) To pay to Charles L. Smith, of Meadville, Penna., the sum of One Thousand ($1,000.) Dollars per month, during his

- 2 -

natural life, and upon his death to pay the said sum of One Thousand ($1,000.) Dollars per month to his sisters, Miss Caroline J. Smith and Mrs. Mary N. Honeywell, both of Meadville, Penna., and the survivor of them, for and during their natural lives and the natural life of the survivor.

To pay to Miss Caroline J. Smith, of Meadville, Penna., the sum of One Thousand ($1,000.) Dollars per month during her natural life, and upon her death to pay the said sum of One Thousand ($1,000.) Dollars to her brother, Charles L. Smith, and her sister, Mrs. Mary N. Honeywell, and the survivor of them for and during their natural lives and the natural life of the survivor.

To pay to Mrs. Mary N. Honeywell, of Meadville, Penna., the sum of One Thousand ($1,000.) Dollars per month during her natural life, and upon her death to pay the said sum of One Thousand ($1,000.) Dollars to Floyd H. Honeywell, the husband of said Mary N. Honeywell, for and during his natural life. After the death of the said Mary N. Honeywell, and/or her husband, the said Floyd H. Honeywell, if he survive her, to pay the said sum of One Thousand ($1,000.) Dollars per month to the said Charles L. Smith and Caroline J. Smith and the survivor of them for and during their natural lives and the natural life of the survivor.

(c) To pay to Agnes L. Powell, of Meadville, Penna., the sum of One Thousand ($1,000.) Dollars per month during her natural life, and upon her death to pay to her husband, Homer L. Powell, if he survives her, the sum of Two Hundred and Fifty ($250.) Dollars per month during his natural life.

- 3 -

(d) To pay to Miss Isabella K. Lockhart, of Pittsburgh, Penna., the sum of One Thousand ($1,000.) Dollars per month during her natural life.

(e) To pay to Charles S. Curry, of Pittsburgh, Penna., the sum of Five Hundred ($500.) Dollars per month during his natural life and upon his death to pay the said sum of Five Hundred ($500.) Dollars per month to his wife, Marion D. Curry, during her natural life.

To pay to Marion D. Curry, wife of Charles S. Curry, of Pittsburgh, Penna., the sum of Five Hundred ($500.) Dollars per month during her natural life and upon her death to pay the said sum of Five Hundred ($500.) Dollars per month to Charles S. Curry, the husband of said Marion D. Curry, during his natural life.

To pay to Marion D. Spencer, of Pittsburgh, Penna., wife of Robert L. Spencer, the sum of Five Hundred ($500.) Dollars per month for and during her natural life.

Upon the death of both Charles S. Curry and his wife, Marion D. Curry, to pay to their daughter, the said Marion L. Spencer, an additional sum of Five Hundred ($500.) Dollars per month during the term of her natural life.

(f) To pay to Charles F. Lockhart, of San Diego, California, the sum of Five Hundred ($500.) Dollars per month, for and during his natural life.

(g) To pay to Mrs. Edna Boyer, of Meadville, Penna., the sum of Two Hundred and Fifty ($250.) Dollars per month for

- 4 -

and during her natural life.

(h) From and after the death of the last and/or survivor of the persons hereinbefore named in paragraphs a, b, c, d, e, f and g, of this article, to pay the net income of said trust fund in not less than semi-annual installments, forever, to the Allegheny General Hospital, a corporation established under the laws of the State of Pennsylvania, and its lawful successor or successors, the same to be used for the furtherance of its charitable work.

Any and all income from said trust fund not necessary for or used to pay the annuities provided for to the various persons herein specified in paragraphs a to g inclusive of this Article, and which shall be received by said Trustee until the death of the last and/or survivor of said persons named in said paragraphs a to g inclusive of this Article, and which is the time when the payment of income shall begin to said Hospital, as provided in Paragraph h of this Article, shall be, become and remain a part of the corpus or principal of the said trust fund and shall be invested and reinvested by the said Trustee in like manner and with like powers as provided in this Deed of Trust for the original principal.

- 5 -

ARTICLE II.

The Trustee is authorized and empowered to retain, subject to the provisions hereof, the securities herein turned over to it, and also such additional property and/or securities as the party of the first part may from time to time add to the trust fund, in the condition in which they shall be at this time, so long as it shall seem fit and proper for it so to do, or it may, in its discretion, at any time or from time to time, change the condition thereof by collecting or calling in the same or any part thereof, or by selling, converting, assigning, exchanging, transferring, or in any other way disposing of the same or any part thereof, at such price or prices, and upon such terms as to it shall seem fit and proper, and the proceeds thereof, to invest and reinvest in any kind of property, real or personal and/or in mortgages, stocks, bonds and other securities, corporate, public or private, with like power at any time or from time to time to again change, collect, call in, sell, convert, assign, convey, exchange, transfer and dispose of any and all such investments during the continuance of the trust hereby created.

In making investments the Trustee is fully authorized and empowered to make the same in such manner as to it in its sole discretion shall seem fit and proper, it being the true intent and meaning hereof that said Trustee, in making such investments, shall be in nowise restricted or limited to such investments as under the laws of the United States of America or of Pennsylvania, or of any other state are recognized or

authorized as proper investments for trust funds or not; but on the contrary, such Trustee shall be at liberty to invest in and purchase stocks, bonds, securities or other personal property, interests or rights of any character, as to such Trustee, in its discretion, shall seem to be fit, proper, safe and wise investments.

### ARTICLE III.

The Trustee may, in its sole discretion, cause the securities which may from time to time comprise the trust fund, or any part thereof, to be registered in its name as Trustee hereunder, or in its own name, or in the name of its nominee, or to take and keep the same unregistered, and to retain them or any part thereof, in such condition that they will pass by delivery.

### ARTICLE IV.

Said Trustee shall never be required to give bond or other security in pursuance of any power herein given, because of non-residence in any state or jurisdiction wherein it may be necessary to perform any act with reference to said trust estate.

### ARTICLE V.

The said Trustee is also authorized and empowered in its discretion to vote in person or by proxy on all stocks held by it or by said trust estate, to unite with other owners of

similar property in carrying out any plan for the reorganization of any corporation, to exchange the securities of any corporation for others issued by the same or any other corporation, and to subscribe for and exercise any rights with reference to any stock of any corporation, on such terms as said Trustee shall deem proper, and generally to unite with other owners of similar property in carrying out any plan or plans which in the discretion of the Trustee shall seem to be for the best interests of said trust.

## ARTICLE VI.

Said Trustee is further fully authorized and empowered to pay any and all assessments, subscriptions and other sums of money as it may deem expedient or necessary for the protection of such trust estate, and its interests as holder of any stocks, bonds or other securities of any such corporation or company, and generally to exercise in respect to all securities held by it or owned by said estate, all the same powers or rights as are or may be exercised by persons holding similar property in their own right.

## ARTICLE VII.

Said Trustee is fully authorized and empowered to manage and control the said trust estate and to exercise all the powers necessary to that end.

### ARTICLE VIII.

The Trustee is further authorized and empowered to pay any and all taxes which properly may become payable from time to time, under the laws of the United States, or of any State, County or Municipality on said trust property, or for any transfer thereof or transaction affecting the same, and to affix and cancel tax stamps in accordance with the provisions of said laws.

### ARTICLE IX.

All stock dividends,- that is dividends payable in stock in any corporation, and all cash dividends and/or disbursements exceeding twenty-five (25) per centum per annum, which shall be received by the Trustee hereunder, on account of its ownership from time to time of any stock or security, shall be considered by it as wholly a distribution of principal or corpus and not as income, and as such shall not be distributed to the residuary beneficiary hereunder but shall go to and become a part of the principal or corpus of said trust estate.

### ARTICLE X.

In case of securities taken or purchased for the trust fund at a premium, the Trustee shall not be required to set aside any part of the income thereof as a sinking fund to retire or absorb such premium, or to make any other provision for such depreciation in the value of the securities constituting the

- 9 -

trust fund by reason of the approaching maturity of said securities or otherwise. In case of the sale of any securities of the trust fund at a premium or profit, such premium or profit shall become a part of the corpus and not income.

### ARTICLE XI.

The Trustee is further fully authorized and empowered from time to time to borrow such sum or sums of money as may be necessary or required to pay taxes of any kind, to pay subscription rights, and/or carry out any of the terms of this agreement; to make, execute and deliver any note or notes necessary for that purpose, and to pledge and hypothecate such securities of the trust estate as may be necessary or required to secure the payment of any money so borrowed.

### ARTICLE XII.

The party of the first part hereby irrevocably transfers to the Trustee for the purposes herein set forth, all his right, title, claim and interest of any kind whatsoever in and to the securities hereby turned over and the income therefrom, and has and by these presents does divest himself of all interest and title thereto.

Notwithstanding anything to the contrary herein contained, however, the party of the first part may, at any time and from time to time, and does hereby expressly reserve to himself the right, by an instrument in writing executed and acknowledged

- 10 -



## THIS INDENTURE

made as of the 28th day of December, 1922, between JOHN MARSHALL LOCKHART, a citizen of the Commonwealth of Pennsylvania and a resident of the city of Pittsburgh, Allegheny County, in said Commonwealth, party of the first part, and THE UNION TRUST COMPANY OF PITTSBURGH, a corporation of the State of Pennsylvania, having its principal office and place of business in the city of Pittsburgh, Allegheny County, Pennsylvania, hereinafter sometimes called the "Trustee", party of the second part.

WHEREAS, the party of the first part hereto desires to create a trust of the property and for the purposes hereinafter mentioned,

NOW, THEREFORE, THIS INDENTURE WITNESSETH: That in consideration of the premises, the mutual covenants herein contained, and of other good and valuable considerations, and of the sum of One Dollar ($1.00) to him in hand paid by the party of the second part at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, the party of the first part has granted, conveyed, assigned, set over and delivered, and by these presents does grant, convey, assign, set over and deliver unto said party of the second part, its successors and assigns, the property and securities itemized and described

-2-

in a schedule marked "Schedule A", hereto attached and made a part hereof, as fully and effectually as if it were set forth in this agreement, which schedule has been identified by the signatures of the parties hereto.

TOGETHER with the appurtenances and all the estate, right, title, interest, claim, demand and equity whatsoever of the party of the first part thereto.

TO HAVE AND TO HOLD all and singular said property and securities unto said party of the second part, its successors and assigns, IN TRUST NEVERTHELESS, for and upon the following uses and purposes, and subject to the terms, conditions, powers and agreements hereinafter set forth:

## ARTICLE I.

To receive, hold, manage, sell, invest and reinvest the same and every part thereof, in the manner hereinafter specified, and to collect, recover and receive the rents, issues, interest, income and profits thereof, hereinafter called "Income", and to pay, hold, apply and dispose of the "Income" from time to time in the following manner:

(a) To the payment of commissions and compensation of the Trustee, reasonable attorney fees and the proper and necessary expenses in the administration of

-3-

the trust.

(b) To pay to the ALLEGHENY GENERAL HOSPITAL, a corporation established under the laws of the State of Pennsylvania, and to its lawful successor or successors forever, the net income of said trust estate, said payments of income to be made at least semi-annually.

## ARTICLE II.

The Trustee is authorized and empowered to retain, subject to the provisions hereof, any and all of the property and securities herein turned over to it in their present form, and also such additional property and securities as the party of the first part may from time to time add to the trust fund, so long as it shall seem fit and proper so to do, or it may, in its discretion, at any time or from time to time, change the condition thereof by collecting or calling in the same or any part thereof, or by selling, converting, assigning, exchanging, transferring, or in any other way disposing of the same or any part thereof, at such price or prices, and upon such terms as to it shall seem fit and proper, and the proceeds thereof, to invest and reinvest in any kind of property, real or personal and/or in mortgages, stocks, bonds and other securities, corporate, public or private, with like power at any time or from time to time to again change, collect, call in,