ALLEGHENY HEALTH, EDUCATION AND RESEARCH FOUNDATION
EIN: 25-1481622

Statement 13

JUNE 30, 1995

Form 990, Schedule A, Part III, Line 2a

REAL ESTATE MANAGEMENT SERVICES ARE PROVIDED BY J.J. GUMBERG, CO. FOR THE HOSPITAL'S EAST WING.  MR. IRA GUMBERG, A NONEMPLOYED DIRECTOR OF ALLEGHENY HEALTH, EDUCATION AND RESEARCH FOUNDATION IS AFFILIATED WITH J.J. GUMBERG, CO.

DURING THE TAX YEAR ENDED JUNE 30, 1995, ALLEGHENY HEALTH, EDUCATION AND RESEARCH FOUNDATION (AHERF) INVESTED $252,000 IN ITS TAXABLE AFFILIATE, DIVERSIFIED HEALTH GROUP, INC.  DIVERSIFIED HEALTH GROUP, INC. PROVIDES TRANSPORTATION SERVICES TO THE AHERF AFFILIATED GROUP.

Form 990, Schedule A, Part III, Line 4

ALLEGHENY HEALTH, EDUCATION AND RESEARCH FOUNDATION GRANTS SCHOLARSHIPS TO STUDENTS IN HEALTH RELATED FIELDS BASED ON A RIGOROUS SCREENING PROCESS WHICH INCLUDES AMONG OTHER THINGS, PAST ACADEMIC PERFORMANCE AND AN ASSESSMENT OF CAREER ASPIRATIONS.

ALLEGHENY HEALTH, EDUCATION AND RESEARCH FOUNDATION
EIN:  25-1481622

Statement 14

Tax Year Ended:  June 30, 1995

---

Form 990, Schedule A, Part IV, Box 13

---

| | |
|---|---|
| ALLEGHENY GENERAL HOSPITAL | 7 |
| ALLEGHENY-SINGER RESEARCH INSTITUTE | 9 |
| ALLEGHENY INTEGRATED HEALTH GROUP | 12 |
| THE MEDICAL COLLEGE OF PENNSYLVANIA AND HAHNEMANN UNIVERSITY | 6 |
| THE MEDICAL COLLEGE OF PENNSYLVANIA AND HAHNEMANN UNIVERSITY HOSPITAL SYSTEM | 7 |
| ALLEGHENY UNITED HOSPITALS | 7 |
| ST. CHRISTOPHER'S HOSPITAL FOR CHILDREN | 7 |
| HAHNEMANN UNIVERSITY HOSPITAL | |

ALLEGHENY HEALTH, EDUCATION AND RESEARCH FOUNDATION

EIN: 25-1481622

STATEMENT 15

JUNE 30, 1995

FORM 990, SCHEDULE A, PART VI - B, lINES b,d,g - Lobbying Activity by Nonelecting Public Charities

This document is intended to provide the supporting information required for answers of "yes" on Part VI-B of the above referenced form for Allegheny Health, Education and Research Foundation, FY 1995. "Yes" responses were provided to items VI-B, b, d, g. The following describes those activities:

b. See below

d. This category includes mailings to members of the Pennsylvania legislature and to the U.S. Congress regarding various issues, focusing particularly on matters of reimbursement for services rendered to Medicare and Medical Assistance beneficiaries and appropriations issues. A portion of this amount also is attributable to the activities of in house personnel involved in government relations activities.

g. This amount includes direct contact with United States legislators or other government officials in the Commonwealth of Pennsylvania, generally for the purpose of addressing medical assistance reimbursement issues, a certificate of needy exemption issues and appropriations issues. These amounts were incurred in the form of payments to a retained outside government relations firm.

CORPORATE BYLAWS

ALLEGHENY HEALTH, EDUCATION AND RESEARCH FOUNDATION

(Including amendments through April 6, 1995)

PGH:7900.1

ALLEGHENY HEALTH, EDUCATION AND RESEARCH FOUNDATION

BYLAWS

## ARTICLE I

### NAME

The name of this corporation shall be Allegheny Health, Education and Research Foundation.

## ARTICLE II
### PLACE OF BUSINESS

The corporation shall have its principal office in the City of Pittsburgh, Pennsylvania, and may have such other offices as the Board of Trustees may from time to time determine.

## ARTICLE III
### FISCAL YEAR AND FISCAL RESPONSIBILITY

**Section 3.1    Fiscal Year.**
The fiscal year of this corporation shall be the period extending from July 1 of each year through June 30 of the following year.

**Section 3.2    Fiscal Responsibility.**
The corporation shall have the authority to determine how any and all excess cash generated by its supported organizations is allocated within the Allegheny System in pursuit of the overall Allegheny mission. For purposes of this section, "excess cash" shall mean the amount of cash added in prior periods as reflected in the audited statements of cash flows for each supported organization. AHERF allocation of such excess cash would occur only after insuring compliance with any and all debt covenants.

## ARTICLE IV
### PURPOSES

The corporation is organized and shall be operated exclusively for charitable, educational and scientific purposes as defined by its Articles of Incorporation.

## ARTICLE V
### CORPORATE MEMBERSHIP

The corporation shall have no voting members. Any provision of law requiring notice to, the presence of, or the vote, consent, or other action of voting members of the corporation in connection with such matter shall be satisfied by notice to, the presence of, or the vote, consent, or other action of the Board of Trustees of the corporation.

## ARTICLE VI
### BOARD OF TRUSTEES

**Section 6.1  Management and Duties.**

The business and the affairs of the corporation shall be directed, controlled, and managed by the Board of Trustees, which shall be the governing body of the corporation.  The Board of Trustees shall direct the management of all of the affairs, the property and funds of the corporation, and shall have the duty and authority to do and perform all acts consistent with these Bylaws, the Articles of Incorporation of the corporation and any amendments thereto, and the laws of the Commonwealth of Pennsylvania.  The

PGH:7900.1                                        3

AHERF Bylaws
with amendments thru 4/06/95

Board of Trustees shall have such other duties as may be prescribed by law.

The Board is responsible for monitoring and evaluating the performance of the President and Chief Executive Officer of this corporation.

**Section 6.2   Annual Review of Management.**

At least once a year, the Board will meet in Executive Session to review the performance of management. The results of this review will be communicated through the Chair to the System Chief Executive Officer.

**Section 6.3   Number of Trustees.**

The Board of Trustees shall consist of not less than ten (10) nor more than thirty-five (35) persons, including _ex_ _officio_ trustees, as such number may be determined by the Board of Trustees from time to time. Trustees shall be appointed, based on the recommendation of the Committee on Trustees. Trustees shall generally be appointed at the annual meeting of the Board of Trustees, but may be appointed at any annual, regular or special meeting of the Board.

**Section 6.4   Terms of Office of Trustees.**

The initial term, for all trustees who have not previously served on the Board of this corporation or any other corporation within the Allegheny system, shall be one (1) year. Thereafter, members of the Board of Trustees shall serve for three year terms except that one-third of the initial Board of Trustees shall be appointed to serve for three (3) years, one-third shall be

AHERF Bylaws
with amendments thru 4/06/95

appointed to serve for two (2) years, and one-third shall be appointed to serve for one (1) year. All trustees shall retain their respective position as trustees until their successors shall be duly appointed and qualified, except ex officio trustees, who shall retain their position as trustees only during their tenure in the position from which ex officio status is derived.

**Section 6.5    Representation of Supported Organizations.**

At all times, at least one member of the Board of Trustees of each of the Supported Organizations (as defined in the corporation's Articles of Incorporation and listed below) shall be serving concurrently as a trustee of the corporation. At no time shall a majority of the trustees of the corporation be composed of persons serving concurrently as trustees of any single corporation in which the corporation has a sole, majority, or controlling ownership or voting interest, whether direct or indirect.

(Supported Organizations:
    Allegheny General Hospital
    Medical College of Pennsylvania and
       Hahnemann University
    Medical College of Pennsylvania and
       Hahnemann University Hospital System
    St. Christopher's Hospital for Children
    Allegheny Integrated Health Group)

**Section 6.6    Representation from the Philadelphia Area Entities**

(a)  No fewer than two (2) members of the Board shall at all times be persons from the Philadelphia area who shall also be serving as trustees of the Medical College of Pennsylvania and Hahnemann University Hospital System (MCPHUHS);

(b)  No fewer than two (2) members of the Board shall at all times be persons from the Philadelphia area who shall

AHERF Bylaws
with amendments thru 4/06/95

also be serving as trustees of the Medical College of Pennsylvania and Hahnemann University (MCPHU);

(c)  At least two (2) members of the Board shall be members of the MCPHU Faculty;

## Section 6.7  Representation from Allegheny General Hospital.

At all times, the majority of the members of the Board of Trustees of the corporation shall consist of individuals who are or have been members of the Board of Trustees of Allegheny General Hospital and/or its subsidiaries.

## Section 6.8  Ex Officio Trustees.

The following shall serve as ex officio trustees, with vote. An individual may fill more than one (1) ex officio position:

(a)  The President and Chief Executive Officer of  AHERF;

(b)  Either the Chair of the Medical Staff Executive Committee, the Executive Vice President of Medical and Academic Affairs, or the President of the Medical Staff of St. Christopher's Hospital for Children, as designated from time to time by the corporation;

(c)  Either the Chair of the Medical Staff Executive Committee or the President of the Medical Staff of MCP Hospital as designated from time to time by the corporation;

(d)  Either the Chair of the Medical Staff Executive Committee or the President of the Medical Staff of Hahnemann University Hospital, as designated from time to time by the corporation;

(e)  Either the Chair of the Medical Staff Executive Committee or the President of the Medical Staff of Allegheny General Hospital, as designated from time to time by the corporation;

AHERF Bylaws
with amendments thru 4/06/95

(f)    The Chair of each Supported Organization, as defined in this corporation's Articles of Incorporation and in Section 6.5 of these Bylaws. In the event that the Chair of any Supported Organization also is the Chair of the Board of this corporation, then the Vice Chair of that corporation shall fill the position of ex officio trustee that otherwise would be filled by the Chair;

(g)    The Chair of Allegheny Health Services Providers Insurance Company.

In the event that any individual holds multiple ex officio positions and/or appointment pursuant to section 6.6 of these Bylaws, he/she shall have one (1) vote.

## Section 6.9  Removal of Trustees.

Any trustee may be removed from office, with or without cause, by the vote of a majority of the trustees then in office.

## Section 6.10  Vacancies on the Board of Trustees.

All vacancies on the Board of Trustees shall be filled by the Board of Trustees. A trustee appointed to fill a vacancy or to occupy a position resulting from an increase in the number of trustees shall serve for the unexpired portion of the term.

## Section 6.11  Annual Meetings of the Board of Trustees.

The annual meeting of the Board of Trustees of the corporation shall be held during the fourth quarter of each year, at such time and place as the Board of Trustees shall determine for the purpose of appointing trustees, electing officers and transacting such other business as may properly be brought before the meeting. If less than a quorum of trustees appear for an annual meeting of the Board of Trustees, the holding of such annual meeting shall not be required and matters that might have been taken up at the annual

meeting may be taken up at any later regular, special or annual meeting or by consent resolution.

**Section 6.12   Regular and Special Meetings of the Board of Trustees.**

Regular meetings of the Board of Trustees shall be held at a specified time and place designated by the Board.  The Board of Trustees shall meet as often as necessary to transact the business of the corporation, but not less than quarterly.  Special meetings of the Board of Trustees may be called by the Chair or, during his or her absence or inability to act, by the Vice Chair,  and shall be called at the request of not less than three (3) members of the Board of Trustees.  Notice of regular or special meetings may be given personally to each trustee or by sending a copy thereof by first class or express mail, postage prepaid, or by telegram (with messenger service specified), telex or TWX (with answerback received) or courier service, charges prepaid, or by facsimile transmission to his/her address (or to his/her telex, TWX or facsimile number)  not less than three (3) days before the date of such meeting.  Notice of special meetings shall state the purpose or purposes for the special meeting and at such meeting no other business than that stated in the notice shall be transacted.

**Section 6.13   Waiver of Notice.**

Any meeting of the Board of Trustees may be deemed to have been validly and legally called if the trustees entitled to vote on the day of the meeting sign a written waiver of notice, either before or after the meeting.  Attendance of a trustee at any meeting shall constitute a waiver of notice  for that meeting and no written waiver need be obtained from that trustee except when the trustee attends the meeting for the express purpose of

objecting to the transaction of any business because the meeting is not lawfully called or convened. All such waivers, consents or approvals shall be filed with the corporate records.

**Section 6.14  Actions by Unanimous Written Consent.**

Any action required or permitted at any meeting of the trustees may be taken without a meeting, without prior notice and without a vote if all of the trustees entitled to vote thereon consent in writing. Said written consents shall be filed with the minutes of the proceedings and shall have the same effect as a vote for all purposes.

**Section 6.15  Quorum of Trustees for Transacting Business.**

A quorum for the transaction of business at any meeting of the Board of Trustees shall be one-half (1/2) of the trustees of the corporation. To constitute a quorum, at least one-half (1/2) of those Board members present shall be external Board members (that is, individuals other than full-time employees of the corporation or of any other entity to which the corporation is related by common ownership or control and/or members of the Faculty or Medical Staff of the corporation or of any entity to which the corporation is related by common ownership or control).

A quorum for the transaction of any meeting of any committee of the Board shall be a majority of the members of that committee, unless a greater quorum shall be established by the Board.

The vote of a majority of the trustees present at any meeting at which there is a quorum shall be the acts of the Board or of the committee except as a greater vote may be required by the laws of

9

the Commonwealth of Pennsylvania, these Bylaws, or the Articles of Incorporation of the corporation, provided that a majority of the number of trustees comprising less than a quorum may adjourn any meeting of the Board of Trustees at which a quorum previously was present.

## Section 6.16    Conference Telephone.

A member of the Board or of a committee designated by the Board may participate in a meeting by the means of conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear one another. Participation in a meeting in this manner constitutes presence in person at the meeting and shall count toward the quorum requirements.

## Section 6.17    Compensation.

No member of the Board of Trustees shall be entitled to any compensation for his or her services as a trustee, provided that the foregoing shall not prevent the Board of Trustees from providing reasonable compensation to a trustee for services which are beyond the scope of his or her duties as a trustee or from reimbursing any trustee for expenses actually and necessarily incurred in the performance of his or her duties as a trustee or from entering into a contract, directly or indirectly, with a trustee for the providing of goods or services to the corporation if such contract is in the best interest of the corporation and on fair and reasonable terms.

AHERF Bylaws
with amendments thru 4/06/95

**Section 6.18  Qualifications.**

Trustees shall be those individuals who have demonstrated the requisite experience, skills, interests and ability to represent various aspects of the community served by the corporation. Trustees need not be residents of the Commonwealth of Pennsylvania.

All new trustees will be provided with appropriate orientation relative to specific Board functions and procedures to educate them in their governing role and will also be provided with opportunities to attend continuing education programs designed to enhance their performance as Board members.

**Section 6.19  Board of Trustees' Confidentiality Agreement.**

Each member of the Board of Trustees, each new nominee to the Board and emeritus trustees who continue to be active in the organization shall be required to sign a Confidentiality Agreement (the "Agreement"), to be kept with the official records of the corporation, acknowledging the importance of maintaining the confidentiality of the affairs of the corporation and the matters discussed at Board or Committee meetings. Confidentiality shall be maintained pursuant to the organization's policy as set forth in the Allegheny Health, Education and Research Foundation Code of Ethics.    Any Board member contacted about confidential matters relating to the organization shall refer the inquiry to the authorized spokesperson for the organization.

**Section 6.20  Annual Conflict of Interest Statement**

It is hereby adopted as the policy of the Board of Trustees that each trustee, officer, or key clinical or administrative manager employed by the corporation, shall submit to the AHERF

11

PGH:7900.1

AHERF Bylaws
with amendments thru 4/06/95

Ethics Committee an annual conflict of interest statement in a form
prescribed by the Committee.

**Section 6.21  Disclosure of Transactions**

It is hereby adopted as the policy of the Board of Trustees
that trustees, officers, or key clinical or administrative managers
employed by the corporation shall not maintain substantial personal
or business interests which conflict with those of the corporation.
Any trustee, officer, employee, or member of a committee having an
interest in a contract or other transaction presented to the Board
of Trustees or a committee thereof for authorization, approval, or
ratification shall make a prompt, full, and complete disclosure of
such interest to the Board or committee prior to taking of such
action on such contract or transaction.  The body to which such
disclosure is made shall thereupon determine, by majority vote of
disinterested persons, whether the disclosure shows that a conflict
of interest exists, or reasonably can be construed to exist.  Where
a conflict is deemed to exist by vote of such body, such person
shall not vote on, nor use personal influence, nor participate
(other than to present factual information or to respond to
questions), in the discussions or deliberations with respect to
such contract or transaction.  Such person may be counted in
determining the existence of a quorum at any meeting at which such
contract or transaction is discussed or acted upon.  The minutes of
any such meeting shall reflect the nature of the disclosure, the
vote thereon, the presence of a quorum, and, if applicable, the
abstention from voting and participation of the interested party.
For purposes of this section, a person shall be deemed to have an
"interest" in a contract or other transaction in the following
circumstances:

12

PGH:7900.1

(a)   If such person or a member of his or her immediate family or business partner or associate is the party (or one of the parties) contracting or dealing with the corporation; or

(b)   If such person or a member of his or her immediate family is a director, trustee or officer of, or has a significant financial or influential interest in, the entity contracting or dealing with the corporation; or

(c)   If such person is otherwise reasonably likely to realize or gain a significant financial or other personal benefit if such contract or transaction is approved.

## ARTICLE VII
### OFFICERS

**Section 7.1  Officers.**

The officers of this corporation shall consist of a Chair, one or more Vice Chairs, a President and Chief Executive Officer, a Secretary and a Treasurer and such other officers with such duties as may be authorized and determined by the Board of Trustees. The offices of the Secretary and Treasurer may be held by one and the same person, who in such case shall be termed the Secretary-Treasurer. The Chair and Vice Chair shall be selected from among the trustees of the corporation.

**Section 7.2  Election and Terms of Office.**

The officers of the corporation shall be elected by the Board of Trustees at the annual meeting of the Board of Trustees, and shall serve at the pleasure of the Board. At all times, the Chair of the Board shall be selected from among those members of the Board of Trustees of AHERF who reside in the Pittsburgh area. The terms of office to be held by said officers thus elected shall be for one (1) year or until their successors are duly elected and

13

qualified except, in the case of an officer of the corporation who is employed by the corporation to serve in an office, as otherwise provided in the employment agreement between the corporation and such officer. The officers thus elected and qualified shall serve as the officers of the corporation and of the Board of Trustees.

**Section 7.3  Vacancies.**

In the event of a death, resignation, removal or other inability to serve of any officer, the Board of Trustees shall elect a successor who shall serve until the expiration of the normal term of such officer or until his or her successor shall be elected.

**Section 7.4  Chair.**

The Chair shall preside at all meetings of the Board of Trustees and of the members of the corporation and shall be an _ex officio_ member of all committees. The Chair shall sign and execute on behalf of the corporation, all corporate records, documents, and instruments. He or she shall have and exercise all powers usually incident to the office of Chair of a non-profit corporation and shall perform such other duties as may be delegated by the Board of Trustees.

**Section 7.5  Vice Chair.**

The Vice Chair shall act as Chair in the absence or inability of the Chair to act and when so acting the Vice Chair shall have all of the powers and authority of the Chair. The Vice Chair shall also perform such other duties and functions as may be delegated by the Board of Trustees. If there is more than one Vice Chair, the Board shall designate their seniority.

14

AHERF Bylaws
with amendments thru 4/06/95

Section 7.6  President and Chief Executive Officer.

Subject to such supervisory powers, if any, as may be given by the Board of Trustees to the Chair, the President and Chief Executive Officer shall be the chief executive officer of the corporation and shall, subject to the direction of the Board of Trustees, have general supervision, direction and control of the business and affairs of the corporation and shall have the general powers and duties of management usually vested in the office of President and Chief Executive Officer and shall have other power and duties as may be prescribed by the Board of Trustees and by these Bylaws.  The President and Chief Executive Officer shall preside at meetings of the Board of Trustees in the absence of the Chair and Vice Chair or if no Chair or Vice Chair have been elected and shall be privileged to attend and participate without vote in the meetings of all committees of which the President and Chief Executive Officer is not otherwise a member.  Acting under the direction of the Board of Trustees and, on its behalf, the President and Chief Executive Officer shall perform all acts, execute and deliver all documents and take all steps authorized by the Board in order to effectuate the actions and policies of the Board.  Unless otherwise provided in the bylaws of the corporation or in the laws of the Commonwealth of Pennsylvania, the President and Chief Executive Officer may, on behalf of this corporation and subject to its approval and the approval of the Board of Trustees of the applicable Subsidiary Corporation, appoint the President and Chief Executive Officer of any Subsidiary Corporation.  The President and Chief Executive Officer may also remove the President and Chief Executive Officer of any Subsidiary Corporation after consultation with the Chair of the appropriate Board of Trustees. Following the initial approval by the Board of Trustees of the

15

AHERF Bylaws
with amendments thru 4/06/95

corporation and the Board of Trustees of the applicable Subsidiary Corporation of the appointment of any individual as President and Chief Executive Officer of a Subsidiary Corporation, no further ratifications of the appointment of the individual shall be required by either Board. "Subsidiary Corporation" shall mean any corporation in which the corporation has a sole, majority or controlling ownership or voting interest.

## Section 7.7  Vice Presidents.

There may be one or more Vice Presidents who shall have such duties as are determined from time to time by the Board of Trustees or the President and Chief Executive Officer.  In the absence or disability of the President and Chief Executive Officer, the Vice President, or Vice Presidents in order of their rank as fixed by the Board of Trustees, or if not ranked, the Vice President designated by the Board of Trustees, shall perform all duties of the President and Chief Executive Officer and when so acting shall have all of the powers and be subject to all of the restrictions of the President and Chief Executive Officer.  When Vice Presidents have been elected, one or more such Vice Presidents shall be designated who shall perform the duties of the President and Chief Executive Officer in the President and Chief Executive Officer's absence.

## Section 7.8  Secretary.

The Secretary shall attend all meetings of the Board of Trustees.  He or she shall preserve in record books the full and correct minutes of the proceedings of all such meetings. He or she shall be custodian of the corporate Articles of Incorporation, Bylaws and minute books. It shall be the duty of the Secretary to

16

sign and execute all corporate documents and instruments whereupon his or her signature may be lawfully required. He or she shall also serve all notices required by law, these Bylaws, or by resolution of the Board of Trustees and it shall be his or her duty to cause to be prepared and filed with appropriate bodies, official reports and documents required by law to be filed by non-profit corporations. He or she shall also perform such other duties as may be delegated by the Board of Trustees.

**Section 7.9 Treasurer.**
The Treasurer shall keep or cause to be kept in books belonging to the corporation, complete and accurate accounts of all receipts and disbursements, resources and liabilities, and shall deposit all monies and funds and other valuable effects of the corporation, in the name of and to the credit of the corporation, in such depository or depositories as may be designated by the Board of Trustees. He or she shall disburse the funds of the corporation in payment of its obligations, taking proper vouchers and receipts for such disbursements. He or she shall render to the Chair and to the trustees at the meetings of the trustees, or whenever otherwise requested, correct statements and reports showing the financial condition of the corporation. He or she may sign corporate documents and instruments as necessary.

**Section 7.10 Other Officers.**
The Board of Trustees may appoint such other officers with such titles and responsibilities including, but not limited to, assisting the officers of the corporation in performing the duties and obligations enumerated above, as the Board of Trustees acting in sole judgment and discretion may direct.

17

PGH:7900.1

AHERF Bylaws
with amendments thru 4/06/95

**Section 7.11  Delegation of Duties of Officers to President and Chief Executive Officer.**

The Board of Trustees may delegate to the President and Chief Executive Officer by appropriate resolution, rule or regulation, such part or portions of the duties and obligations enumerated above as the Board of Trustees acting in its sole judgment and discretion may direct.

**Section 7.12  Bonding of Officers and/or Employees.**

The Board of Trustees may require any of its officers or officers of the corporation, or any of the employees of the corporations to furnish a bond or bonds to the corporation with such surety or sureties and in such amount or amounts as shall be sufficient in the judgment of the Board of Trustees to secure the corporation against loss or damage by reason of any act, neglect, or omission on the part of such officers or employees.  These bonding provisions are intended to apply specifically, as the Board of Trustees may determine, to such officers and/or employees of the corporation occupying positions of trust and confidence.

## ARTICLE VIII
### ORDERS FOR THE PAYMENT OF MONEY AND EXECUTION OF INSTRUMENTS

**Section 8.1  Checks.**

All checks, drafts, or orders for the payment of money, shall be executed in the name of the corporation in such manner by such officer or officers or employees as the Board of Trustees shall determine by resolution or order.

18

**Section 8.2  Contracts.**

When the execution of any contracts, conveyances or other instruments has been authorized without specifying the executing officers, any two officers may execute the same in the name and on behalf of this corporation, provided that the Board of Trustees may designate any single officer or employee to execute an instrument or instruments on behalf of the corporation. Such authority may be general or confined to specific instances and unless so authorized by the Board, no officer, agent or employee shall have any power or authority to bind the corporation by any contract or engagement or to pledge its credit or to render it liable for any purpose.

**Section 8.3  Execution of Conveyances and Mortgages.**

Except as otherwise required by law or any other provision of these Bylaws, no purchase of real property shall be made by the corporation nor shall it sell, mortgage, lease away or otherwise dispose of its real property, unless such a transaction is authorized by the Board.

All mortgages, notes, evidence of indebtedness, contracts, conveyances or other instruments in writing, or any assignment or endorsement thereof, executed or entered into by or on behalf of this corporation shall be executed and, if need be, acknowledged in the name of the corporation by the Chair of the Board, a Vice Chair or the President and Chief Executive Officer, and the Secretary or Treasurer or their assistants. In the absence of the President, he/she may designate, in writing, a Vice President or other individual who may execute documents during such absence. No person may execute, acknowledge or verify any instrument in more than one capacity.

19

**Section 8.4  Facsimile or Electronic Transmission of Signatures.**
Whenever the execution of a document on behalf of the corporation by any officer of the corporation or any trustee is authorized by these Bylaws or by other action of the Board of Trustees, the signature of such officer or trustee on any such document may be transmitted by facsimile or other electronic means.

## ARTICLE IX
## COMMITTEES

**Section 9.1  Committees.**
The Board of Trustees may from time to time establish such standing or special committees as it shall deem appropriate to conduct the activities of the corporation and to advise the Board. In addition, the Chair of the Board, subject to the approval of the Board of Trustees, may establish standing or special committees of the Board to carry out any functions which may lawfully be assigned to such a committee. The Board of Trustees shall define or ratify, as the case may be, the powers and responsibilities of committees established either by the Board or by the Chair of the Board, provided that powers and authority of the Board shall only be assigned to an Executive Committee of the Board, which, if formed by action of the Board or Chair of the Board as specified above, shall be composed exclusively of three or more trustees.  No committee shall have any power or authority as to the following:

(i)  action that would be required to be submitted to members of a membership corporation for approval under the Pennsylvania Nonprofit Corporation Law of 1988, as amended;

(ii) the filling of vacancies in the Board;

20

(iii)  the adoption, amendment or repeal of these Bylaws or the Articles of Incorporation;

(iv)  the amendment or repeal of any resolution of the Board;

(v)  action on matters committed by these Bylaws or resolutions of the Board to another committee of the Board;

(vi)  the approval of any action or the exercise of any authority requiring the approval of more than a majority of a quorum of the Board of Trustees under the laws of the Commonwealth of Pennsylvania, the Articles of Incorporation, or these Bylaws; and

(vii)  any other action which may not be delegated to it under the laws of the Commonwealth of Pennsylvania.

All members and chairs of all committees shall be appointed by the Chair of the Board for a one (1) year term or until their successors are duly appointed.  The Chair of the Board of Trustees shall advise the Board of any such appointments.  While such appointments are not required to be approved by the Board of Trustees, any appointee shall be subject to removal at any time by vote of a majority of the Board of Trustees then in office.

### Section 9.2  Executive Committee.

The Executive Committee of the Board shall consist of selected trustees of the corporation and shall include the Chair of the Board, President and Chief Executive Officer of the System, the Chair of the AHERF Finance Committee, Chairs of the boards of each of the supported organizations as listed in section 6.5 of these Bylaws, all of whom shall serve _ex officio_.  In addition, the Chair may appoint other Board members to the Committee.

21

AHERF Bylaws
with amendments thru 4/06/95

The Chair of the Board shall serve as Chair of the Executive Committee.

The Committee shall meet at the call of the Chair, between meetings of the Board, and shall have and may exercise the full authority of the Board in all aspects of the management and control of the corporation, unless otherwise prohibited by law or by these Bylaws. The Committee shall report to the Board on any actions taken and may recommend to the Board such action as it deems desirable.

The presence of one-half (1/2) of the committee members shall constitute a quorum.

AHERF Bylaws
with amendments thru 4/06/95

## ARTICLE X
## INDEMNIFICATION

**Section 10.1  Indemnification of Trustees and Officers.**

The corporation shall indemnify any officer or trustee of the corporation who was or is a party or is threatened to be made a party to any threatened, pending, or completed action, suit or proceeding, including actions by or in the right of the corporation, whether civil, criminal, administrative or investigative by reason of the fact that such person is or was a representative of the corporation, or is or was serving at the request of the corporation as a representative of another corporation, partnership, joint venture, trust or other enterprise, against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by such person in connection with such action, suit or proceeding unless the act or failure to act giving rise to the claim for indemnification is determined by a court to have constituted willful misconduct or recklessness.

**Section 10.2  Advancement of Expenses.**

Expenses (including attorneys' fees) incurred by an officer or trustee of the corporation in defending any action, suit, or proceeding referred to in Section 10.1 shall be paid by the corporation in advance of the final disposition of such action, suit or proceeding upon receipt of an undertaking by or on behalf of such person to repay such amount if it shall be determined ultimately that the person is not entitled to be indemnified by the corporation.

PGH:7900.1

23

### Section 10.3   Insurance.

The corporation shall have the power to purchase and maintain insurance on behalf of any person who is or was a representative of the corporation, or is or was serving at the request of the corporation as a representative of another corporation, partnership, joint venture, trust or other enterprise, against any liability asserted against such person or the corporation and incurred by such person or the corporation in any such capacity, or arising out of such person's status as such, whether or not the corporation would have the power to indemnify such person against such liability under the provisions of this Article.

### Section 10.4   Advice of Counsel.

Neither the corporation nor its trustees or officers nor any person acting on its behalf shall be liable to anyone for any determination as to the existence or absence of conduct which would provide a basis for making or refusing to make any payment under this Article or for taking or omitting to take any other action under this Article, in reliance upon the advice of counsel.

### Section 10.5   Rights not Exclusive.

The indemnification of and advancement of expenses to officers and trustees of the corporation provided by or pursuant to this Article shall not be deemed exclusive of any other rights to which those seeking indemnification or advancement of expenses may be entitled under the Articles of Incorporation, any insurance or other agreement, vote of disinterested trustees or otherwise, both as to actions in their official capacity and as to actions in another capacity while holding an office, and shall continue as to a person who has ceased to be a trustee or officer and shall inure

AHERF Bylaws
with amendments thru 4/06/95

to the benefit of the heirs, executors and administrators of such person.

### Section 10.6  Preservation of Rights.

The provisions of this Article relating to indemnification and the advancement of expenses shall constitute a contract between the corporation and each of its trustees and officers.  No amendment or repeal of this Article shall adversely affect any right or protection extended to an officer or trustee hereunder for an act or failure to act occurring prior to the time of such amendment or repeal.  Each officer or trustee shall be deemed to act in such capacity in reliance upon the rights of indemnification and advancement of expenses hereunder.

### Section 10.7  Indemnification of Employees and Other Persons.

To the extent permitted by law, the corporation may, by action of its Board of Trustees and to the extent provided in such action, indemnify employees and other persons as though they were officers or trustees, pursuant to Sections 10.1 - 10.2 of these Bylaws.

## ARTICLE XI
## LIABILITY OF TRUSTEES AND OFFICERS

### Section 11.1  Liability of Trustees.

Except for responsibility or liability of a trustee pursuant to any criminal statute or for payment of taxes pursuant to local, State or Federal law, a trustee of the corporation shall not be personally liable for monetary damages for any action taken or any failure to take any action after January 27, 1987 unless (a) such trustee has breached or failed to perform his fiduciary duties as

AHERF Bylaws
with amendments thru 4/06/95

provided in Section 11.2 hereof and (b) the breach or failure to perform constitutes self-dealing, willful misconduct or recklessness.

**Section 11.2  Standard of Care and Justifiable Reliance.**

    (a)   As provided in Section 5712 of the Pennsylvania Nonprofit Corporation Law of 1988, as amended, 15 Pa. C.S.A. §5712, et seq., each trustee of this corporation shall stand in a fiduciary relation to the corporation and shall perform his or her duties as a trustee, including his or her duties as a member of any committee of the Board upon which he/she may serve, in good faith, in a manner he/she reasonably believes to be in the best interests of the corporation, and with such care, including reasonable inquiry, skill and diligence, as a person of ordinary prudence would use under similar circumstances.  In performing his or her duties, a trustee shall be entitled to rely in good faith on information, opinions, reports or statements, including financial statements and other financial data, in each case prepared or presented by any of the following:

    (1)   One or more officers or employees of the corporation whom the trustee reasonably believes to be reliable and competent in the matters presented.

    (2)   Counsel, public accountants or other persons as to matters which the trustee reasonably believes to be within the professional or expert competence of such person.

    (3)   A committee of the Board upon which the trustee does not serve, duly designated in accordance with law, as to matters which its designated authority,

AHERF Bylaws
with amendments thru 4/06/95

which committee the trustee reasonably believes to merit confidence.

(b)    A trustee shall not be considered to be acting in good faith if he/she has knowledge concerning the matter in question that would cause his or her reliance to be unwarranted.

(c)    In discharging the duties of their respective positions, the Board of Trustees, committees of the Board and individual trustees may, in considering the best interests of the corporation, consider the effects of any action upon employees, upon suppliers and customers of the corporation and upon communities in which offices or other establishments of the corporation are located, and all other pertinent factors. The consideration of those factors shall not constitute a violation of Section 11.2(a).

(d)    Absent breach of fiduciary duty, lack of good faith or self-dealing, actions taken as a trustee or any failure to take any action shall be presumed to be in the best interests of the corporation.

**Section 11.3  Liability of Trustees and Officers.**

As provided in 42 Pa. C.S.A. §8332.2 and so long as the corporation is qualified under Section 501(c)(3) of the Internal Revenue Code, no trustee or officer of the corporation who serves without compensation, other than reimbursement for actual expenses, shall be liable for any civil damages as a result of any acts or omissions relating solely to the performance of his duties as a

trustee or officer, unless (a) the conduct of such trustee or officer falls substantially below the standards generally practiced and accepted in like circumstances by similar persons performing the same or similar duties, and (b) it is shown that the trustee or officer did an act or omitted doing an act which he was under a recognized duty to another to do, knowing or having reason to know that the act or omission created a substantial risk of actual harm to the person or property of another.

### Section 11.4  Preservation of Rights.

The provisions of this Article relating to the limitation of trustees and officers liability shall constitute a contract between the corporation and each of its trustees and officers. No amendment or repeal of this Article shall adversely affect any right or protection extended to an officer or trustee hereunder for an act or failure to act occurring prior to the time of such amendment or repeal. Each officer or trustee shall be deemed to act in such capacity in reliance upon the limitations of liability hereunder.

## ARTICLE XII
## AMENDMENTS TO ARTICLES AND BYLAWS

### Section 12.1  Amendments to Articles and Bylaws.

The Articles of Incorporation of this corporation and these Bylaws may be amended, altered, restated, or otherwise revised by the affirmative vote of a majority of the trustees then in office. Any notice of meeting of the Board of Trustees at which a proposed amendment to the Articles of Incorporation or these Bylaws is to be

considered shall include a copy of the proposed amendment or a summary of the changes to be effected thereby.

## Section 12.2  Technical Amendments.

The Secretary shall have the authority to change the Bylaws without any requirement of Board or Member approval when, in the Secretary's judgment and after review and approval by the General Counsel or his/her designee, the Bylaws require technical modification or clarification, such as renumbering, changes in punctuation, spelling or errors of grammar or expression, changes in reference to statutory citation, or changes made solely to reflect alteration of organization name, structure or titles. All such amendments shall be reported to the Board.

**ARTICLE XIII**

**MISCELLANEOUS**

## Section 13.1  Parliamentary Authority.

The current edition of <u>Robert's Rules of Order</u> shall govern the Board's procedures in the transaction of its business in all cases to which such rules are applicable and in which they are no inconsistencies with these Bylaws and any special rules or order which the Board may adopt.

**ADOPTION AND EFFECTIVE DATE**

These Bylaws were adopted by the Board of Trustees of the corporation at a duly called meeting held on the 6th day of April,

1995 and, in accordance with the terms of such adoption by the Board, became effective on April 6, 1995.

ALLEGHENY HEALTH, EDUCATION AND
RESEARCH FOUNDATION

Nancy A. Wynstra
Secretary

AHERF.BL
AHERF/IBM: Disk #2;07/01/92
(Done by Drinker/Biddle/Reath -
Transferred to AHERF/IBM Disk #4 07/01/92)
12/18/92 moved to IBM Disk #2
1/19/93
4/28/93
11/4/93:nll
04/08/94  kcs
./31/95:kcs
4/27/95:kcs

PGH:7900.1                          30

AHERF Bylaws
with amendments thru 4/06/95

## CERTIFICATE OF SECRETARY

    I, Nancy A. Wynstra, do hereby certify that I am the Secretary of **ALLEGHENY HEALTH, EDUCATION AND RESEARCH FOUNDATION**, (the "corporation") and do further certify that the Bylaws attached hereto are a true, correct and complete copy of the Bylaws of the corporation, including all amendments thereto, as duly approved by action of the Board of Trustees on the 6th day of April, 1995 and are in full force and effect as the Bylaws of the corporation in the form attached hereto as of the date hereof.

Date:    5-4-95

                    Nancy A. Wynstra
                    Secretary

AHERF.BL
IBM Disk #2
1/19/93
4/28/93
11/4/93: all
04/08/94 kcs
1/31/95:kcs
4/27/95:kcs

31

PGH:7900.1

### ALLEGHENY HEALTH, EDUCATION & RESEARCH FOUNDATION
### SCHEDULE OF BYLAW AMENDMENTS

Article III, Current first paragraph numbered as Section 3.1 and titled "Fiscal Year". New Section 3.2 added pursuant to action of the Board on June 26, 1992, effective upon approval by the Boards of subsidiary corporations of appropriate Bylaw amendments. This was done at the March, 1992 Board meetings.

Article VI: New sections added and section renumbered per Board action of December 16, 1994. See kcs Document 9945 for changes and renumbering.

Article VI, Section 6.2 amended pursuant to action of the Board on March 16, 1987, March 17, 1988, November 6, 1989, October 8, 1990, December 17, 1993. Renumbered as Section 6.3 pursuant to action of the Board on December 16, 1994.

(New) Article VI, Section 6.2 added pursuant to action of the Board on December 16, 1994.

Article VI, Section 6.3 amended pursuant to action of the Board on December 20, 1985 and December 16, 1994.

Article VI, Section 6.5 amended pursuant to action of the Board on March 17, 1988 and December 16, 1994.

New Article VI, Section 6.5 added pursuant to action of the Board on December 18, 1992. Old Section 6.5 through 6.15 renumbered as Section 6.6 through 6.16. Amended pursuant to Board action December 16, 1994.

Article VI, Section 6.6 amended pursuant to action of the Board on March 16, 1987, December 16, 1994, April 6, 1995.

Article VI, Section 6.6 (new) added and current 6.6 through 6.17 renumbered as 6.6 through 6.18 pursuant to action of the Board on March 17, 1988, December 16, 1994, April 6, 1995.

Article VI, Section 6.7 amended pursuant to action of the Board of March 16, 1987 and March 17, 1988, December 16, 1994.

Article VI, Section 6.8, Ex Officio Trustees, amended pursuant to action of the Board on April 6, 1995.

Article VI, Section 6.10 amended pursuant to action of the Board on December 20, 1985 and December 16, 1994.

Article VI, Section 6.14 amended pursuant to action of the Board on December 20, 1985 and March 16, 1987 and December 16, 1994.

Article VI, Section 6.15 amended pursuant to action of the Board on October 20, 1988 and December 16, 1994.

Article VI, Section 6.20, Annual Conflict of Interest, added pursuant to action of the Board on December 16, 1994.

Article VI, Section 6.21, Disclosure of Transactions, added pursuant to action of the Board on December 16, 1994.

Article VII, Section 7.6 amended pursuant to action of the Board on June 27, 1989.

Article VIII, Section 8.3 amended pursuant to action of the Board on December 16, 1994.

Article IX, Section 9.1 amended pursuant to action of the Board on June 27, 1989.

(New) Article IX, Section 9.2, added pursuant to action of the Board on December 16, 1994.

Article X, Sections 10.9 thru 10.18 amended pursuant to action of the Board on March 16, 1987.

Article XI, Sections 11.1 thru 11.4 - new Article XI added pursuant to action of the Board on March 16, 1987.

Article XII, Article XI renumbered as Article XII pursuant to action of the Board on March 16, 1987.

(new) Article XIII, Section 13.1 added pursuant to action of the Board on December 16, 1994.

4/27/95:kcs

Corporate Reorganization
December 20, 1991

ALLEGHENY HEALTH SERVICES, INC.
now known as
ALLEGHENY HEALTH, EDUCATION AND RESEARCH FOUNDATION

12/20/91: Allegheny Health Services, Inc. renamed as Allegheny
Health, Education and Research Foundation effective upon
merger of Allegheny Health Foundation into Allegheny
Health Services, said date being July 1, 1992. Amended
and Restated Bylaws of Allegheny Health, Education and
Research Foundation approved pursuant to action of the
Board of Trustees of AHS at its meeting of December 20,
1991.

Bylaws Revised
October 25, 1993

10/25/93: Bylaws revised by action of the Board of Directors at its
meeting of October 25, 1993. See KCS document No. 1240
dated 10/20/93(2) for exact changes.

04/08/94: Bylaws revised to replace Board of Directors with Board
of Trustees. Approved by AHERF at its meeting of April
8, 1994.

AHSI;d2-13:kcs
(AHS/IBM:Disk #2:CUR:7/5/91)
07/01/92:IBM Disk #4 (final)
12/18/92 moved to IBM Disk #2
1/19/93
4/28/93
11/4/93: all
04/08/94  kcs
1/31/95:kcs
4/27/95:kcs

WORDPERFECT SEPARATOR SHEET

Jackie Malandra
SHoffman/R.McHugh(PR)

December 5, 1991

Account Name:  Denious_RD
Directory Name:  Alleghny
Document Name:  AHERF.BL

Revision Number: 1

Document Description:  Bylaws - AHERF

THIS SHEET MUST ACCOMPANY DOCUMENT WHEN RETURNED FOR REVISIONS
07/01/92
AHERF.BL

11/04/93: Revised Bylaws with amendments to 10/25/93 proofread by
Kathy Saunders and Nancy Lebedda (office temp.).

8/10/94:  Revised Bylaws with amendments to 04/08/94 proofread by
Kathy Saunders and Nancy Lebedda.

5/04/95:  Revised Bylaws with amendments to April 6, 1995 proofread
by Kathy Saunders and Nancy Lebedda.

# MASTER ELECTION AND/OR CONSENT SCHEDULE FOR COMPONENT MEMBERS OF A CONTROLLED GROUP OF CORPORATIONS

Corporation Filing Original Election and/or Consent.
ALLEGHENY HEALTH, EDUCATION AND RESEARCH FOUNDATION
320 East North Avenue
Pittsburgh, PA 15212

Year Ended:                    June 30, 1995
EIN:                                   25-1481622
Service Center Where Original Filed:  Philadelphia

The undersigned corporations, component member of a controlled group of corporations, with respect to the taxable year of each corporation, hereby elect and/or consent to the following apportionment of the taxable income brackets and specific deduction under IRC Section 651(a)(1) and Section 512(b)(12)(a), respectively.

## APPORTIONMENT OF TAXABLE INCOME BRACKETS

|  | TAXABLE YEAR ENDED | $50,000 BRACKET | $25,000 BRACKET | $9,925,000 BRACKET | SIGNATURE and TITLE of AUTHORIZED OFFICER |
|---|---|---|---|---|---|
| Allegheny Health, Education and Research Foundation 320 East North Avenue Pittsburgh, PA 15212 EIN# 25-1481622 | 6/30/95 | $ 2,000 |  | $1,000,000 | Executive Vice President and CFO, AHERF |
| Allegheny General Hospital 320 East North Avenue Pittsburgh, PA 15212 EIN# 25-1322626 | 6/30/95 | $ 5,000 | $5,000 | $1,000,000 | Senior Vice President and CFO, AGH |
| Allegheny Neuropsychiatric Institute 7777 Steubenville Pike Oakdale, PA 15071 EIN# 25-1574496 | 6/30/95 | $ 500 |  | $ 250,000 | Senior Vice President and CFO, AGH |
| Allegheny-Singer Research Institute 320 East North Avenue Pittsburgh, PA 15212 EIN# 25-1320493 | 6/30/95 | $ 2,000 |  | $1,000,000 | Senior Vice President and CFO, AGH |

|  | TAXABLE YEAR ENDED | APPORTIONMENT OF TAXABLE INCOME BRACKETS | | | SIGNATURE and TITLE of AUTHORIZED OFFICER |
|---|---|---|---|---|---|
|  |  | $50,000 BRACKET | $25,000 BRACKET | $9,925,000 BRACKET |  |
| The Medical College of Pennsylvania and Hahnemann University 3300 Henry Avenue Philadelphia, PA 19129 EIN# 23-1352693 | 6/30/95 | $ 10,000 | $ 5,000 | $1,000,000 | Senior Vice President and CFO, Delaware Valley |
| The Medical College of Pennsylvania and Hahnemann University Hospital System 3300 Henry Avenue Philadelphia, PA 19129 EIN# 23-2665045 | 6/30/95 | $ 8,000 | $ 3,000 | $1,000,000 | Senior Vice President and CFO, Delaware Valley |
| Allegheny United Hospitals 100 West Laurel Avenue Cheltenham, PA 19012 EIN# 23-2609240 | 6/30/95 | $ 2,000 | $ 1,500 | $ 500,000 | Senior Vice President and CFO, Delaware Valley |
| St. Christopher's Hospital for Children Erie Avenue at Front Street Philadelphia, PA 19133 EIN# 23-2649168 | 6/30/95 | $ 7,000 | $ 2,500 | $1,000,000 | Senior Vice President and CFO, Delaware Valley |
| The Medical College of Pennsylvania and Hahnemann University (formerly Hahnemann University) Broad and Vine Streets Philadelphia, PA 19102 EIN# 23-1381446 (short period return) | 12/31/94 | $ 5,000 | $ 2,500 | $ 962,500 | Senior Vice President and CFO, Delaware Valley |

## APPORTIONMENT OF TAXABLE INCOME BRACKETS

| | TAXABLE YEAR ENDED | $50,000 BRACKET | $25,000 BRACKET | $9,925,000 BRACKET | SIGNATURE and TITLE of AUTHORIZED OFFICER |
|---|---|---|---|---|---|
| Hahnemann University Hospital<br>Broad and Vine Streets<br>Philadelphia, PA 19102<br>EIN# 23-2771720 | 6/30/95 | $ 5,000 | $ 2,500 | $ 962,500 | *Charles P. Mannino*<br>Senior Vice President and CFO,<br>Delaware Valley |
| Horizon Medical Corporation<br>100 West Laurel Avenue<br>Cheltenham, PA 19012<br>EIN# 23-2195893 | 6/30/95 | | | | *Charles P. Mannino*<br>Senior Vice President and CFO,<br>Delaware Valley |
| Medical College of Pennsylvania Self Insurance Plan Trust Fund<br>One Bala Plaza<br>Bala Cynwyd, PA 19004<br>EIN# 25-2177711 | 6/30/95 | | | | *Charles P. Mannino*<br>Senior Vice President and CFO,<br>Delaware Valley |
| Allegheny Integrated Health Group<br>320 East North Avenue<br>Pittsburgh, PA 15212<br>EIN# 25-1752032 | 6/30/95 | $ 3,500 | $ 3,000 | $1,250,000 | *David McConnell*<br>Executive Vice President and<br>CFO, AHERF |
| TOTAL: | | $ 50,000 | $ 25,000 | $9,925,000 | |

/bam s:\bs\consent

29-Apr-96