# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALLEGHENY HEALTH, EDUCATION AND RESEARCH FOUNDATION, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| PRICEWATERHOUSECOOPERS, LLP, | ) ) |
| Defendant. | ) |

Civil Action No. 00-684

Judge David Stewart Cercone

## THE COMMITTEE'S SUR-REPLY IN OPPOSITION
## TO PwC'S MOTION FOR SUMMARY JUDGMENT

James M. Jones (PA # 81295)
Laura E. Ellsworth (PA # 39555)
Laura A. Meaden (PA # 52002)
JONES DAY
One Mellon Center
500 Grant Street, 31st Floor
Pittsburgh, PA 15219
412-391-3939

Richard B. Whitney
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
216-586-3939

Attorneys for Plaintiff The Official Committee of Unsecured Creditors of AHERF

September 29, 2005

PII-1125481v1

The Committee submits this sur-reply in opposition to PwC's motion for summary judgment.

## I. In *Cendant*, The Third Circuit Did Not "Reject" *Phar-Mor*.

In *In re Phar-Mor, Inc. Securities Litigation*, 900 F. Supp. 784 (W.D. Pa. 1995), Coopers & Lybrand moved for summary judgment, arguing that Phar-Mor's executives were responsible for Phar-Mor's accounting misstatements and that their conduct should be imputed to the company and bar any recovery against the accounting firm. Judge Ziegler denied the auditors' motion for summary judgment because a reasonable trier of fact "could conclude that the true motive of the wrongdoers was the preservation of their employment, salaries, emoluments and reputations, as well as their liberty, at the expense of Phar-Mor's corporate well-being." *Id*. at 787. In its reply brief, PwC stated: "[T]hat aspect of *Phar-Mor* was rejected by the Third Circuit four years ago" in *In re Cendant Corporation Litigation*, 264 F.3d 201 (3d Cir. 2001). PwC Reply Br. at 3.

In *Cendant*, the Third Circuit did not "reject" *Phar-Mor*. It did not even cite *Phar-Mor*. In *Cendant*, a class of Cendant shareholders sued Cendant and Ernst & Young for securities fraud. Cendant and E&Y agreed to pay $3.2 billion to settle. The Third Circuit affirmed the district court's approval of the settlement, over the objections of certain class members. *See* 264 F.3d 201.

The Yeagers, Cendant shareholders who earlier had opted out of the class, filed their own action and, as plaintiffs, moved for summary judgment against Cendant. *See Yeager v. Cendant Corp.*, 109 F. Supp. 2d 225 (D.N.J. 2000). The district court denied summary judgment on one of the Yeagers' claims because a genuine dispute of fact existed as to whether to impute the conduct of Cendant's executives to Cendant. *See id*. at 233. Relying on *Phar-Mor*, the *Yeager* court held that a jury could conclude that the "'true motive of the [Cendant] wrongdoers was the

PII-1125481v1

preservation of their employment, salaries, emoluments, and reputations, as well as their liberty, at the expense of [the corporation's] well-being.'" *Id*. (quoting *Phar-Mor*, 900 F. Supp. at 787).

According to PwC, the Third Circuit, in *Cendant*, "reviewed" *Yeager* and "did not agree" with it. PwC Reply Br. at 3-4. But the *Yeager* decision was not on appeal in *Cendant* and has not been appealed. In the *Cendant* appeal, the Third Circuit reviewed the separate and distinct order of the district court approving the class settlement. *See Cendant*, 264 F.3d 201. The Third Circuit did "not agree" with how the district court in its settlement approval order had handicapped the class action parties' prospects at trial. *Id*. at 238. Based on the facts presented, the Third Circuit found it unlikely that Cendant could avoid liability. But the Court did not dispute that a possible trial outcome was that the misconduct of Cendant's executives would not be imputed to Cendant for the reasons stated in *Yeager*. *See id*. The Third Circuit did not "reject" *Yeager*. It did not mention *Phar-Mor*.

PwC argued in its earlier summary judgment motion, filed nearly four years ago, that the Third Circuit, in *Cendant*, rejected *Phar-Mor*.[1] Judge Ziegler disagreed. "Moreover, we do not read *In re Cendant Corp. Litig*., 264 F.3d 201 (3d Cir. 2001), *petition for cert. filed*, __ U.S. __ (2002), as changing firmly-established Pennsylvania law on the analysis required to determine whether imputation is appropriate." January 28, 2002 Order at 10.

**II.    PwC Is Liable To AHERF For The AH-Centennial Losses.**

PwC now argues that it would be unconstitutional for it to respond in damages for amounts related to the AH-Centennial debts. PwC contends that the Bankruptcy Court's December 14, 2000, substantive consolidation order should have no effect on the amount of

---

[1] *See* Memorandum In Support Of PricwaterhouseCoopers' Motion For Partial Summary Judgment (filed Oct. 3, 2001) at 7-9; Reply Memorandum In Support Of PricewaterhouseCoopers' Motion For Partial Summary Judgment (filed Jan. 15, 2002) at 13-14.

damages it must pay. That is because, according to PwC, "[it] did not receive notice that its rights might be affected [by substantive consolidation] . . . ." Reply Br. at 24. The Constitution, however, does not require an explanation to parties (especially sophisticated parties) as to how their "rights might be affected." PwC has cited no authority supporting its constitutional standard.

PwC knew that the AHERF bankruptcy proceedings would affect its interests. The Committee's Complaint (served in April 2000) informed PwC that the Committee was seeking damages up to and including "the full extent of the Debtors' insolvency." Complaint at ¶¶ 49, 57 and Prayer for Relief. Aware of the relevance to it of AHERF bankruptcy proceedings, PwC could have designated an address to which Bankruptcy Court notices, including notice of the plan confirmation hearing, should be sent. *See* Fed. R. Bankr. Proc. 2002(g) (2000).

The AHERF Bankruptcy Court records indicate that PwC, in fact, was served Notice of the Bankruptcy Court hearing to consider the proposed AHERF reorganization and liquidation plan ("Notice"). *See* Ex. 1, Excerpts from Docket No. 8487, *In re AHERF*, No. 98-25773-MBM (Bkrtcy. W.D. Pa.). That Notice announced that the AHERF estates were to be substantively consolidated under the proposed bankruptcy plan. *See* Ex. 2, Notice, at 1-2. It also explained how to file objections to the plan, and gave the time and place for the hearing (subsequently rescheduled) to consider confirmation of the bankruptcy plan. *See id*. at 2-3. PwC was a scheduled creditor. Scheduled creditors received notices sent by the Bankruptcy Court. PwC's reply brief does not state that PwC lacked notice of the proposed substantive consolidation, just that it was not told how it might be affected by such an order.

PwC was not denied due process. *See In re Mariner Post-Acute Network, Inc.*, 303 B.R. 42, 46-47 (Bankr. D. Del. 2003). In any event, this Court cannot now, nearly five years later,

- 3 -

PII-1125481v1

entertain a collateral attack on the bankruptcy plan. *See In re Vencor, Inc.*, 284 B.R. 79, 83 (Bankr. D. Del. 2002).

PwC also lifts a sentence out of context from *In re Owens Corning*, No. 04-4080, __ F.3d __, 2005 WL 1939796 (3d Cir. Aug. 15, 2005), to argue that "substantive consolidation may not be used offensively" and that "it may not be used to expand the liability of third parties to the debtors . . . ." Reply Br. at 23. But substantive consolidation may increase the liabilities of third parties. *See In re Bonham*, 229 F.3d 750, 767-69 (9th Cir. 2000) (substantive consolidation increased liability of third parties for avoidance actions); *In re Baker & Getty Fin. Servs.*, 974 F.2d 712, 721 (6th Cir. 1992) (same).

The "offensive" use of substantive consolidation that the Third Circuit found objectionable in *Owens Corning* occurred where some creditors sought an advantage at the expense of fellow creditors. *See Owens Corning*, 2005 WL 1939796, at *10. That is not at issue here. Rather, PwC is offended that it may be adversely affected by the substantive consolidation order. But that is a consequence of substantive consolidation -- different corporations are treated "as if they were merged into a single survivor left with all the cumulative assets and liabilities (save for inter-entity liabilities, which are erased)." *Id.* at *5 (quotation omitted).

Substantive consolidation is appropriate to "remedy the identifiable harms caused by entangled affairs." *Id.* at *10. "[W]hat must be proven (absent consent) concerning the entities for whom substantive consolidation is sought is that (i) prepetition they disregarded separateness so significantly their creditors relied on the breakdown of entity borders and treated them as one legal entity, or (ii) postpetition their assets and liabilities are so scrambled that separating them is prohibitive and hurts all creditors." *Id.* Judge McCullough's order substantively consolidating AHERF anticipated and employed the *Owens Corning* standard. *See* Com. SOF ¶¶ 409-11.

- 4 -

Finally, PwC asserts that the substantive consolidation order does not apply retroactively because Judge McCullough did not specify that the order applies *nunc pro tunc* to the date of the bankruptcy filing. *See* Reply Br. at 24-25. But Judge McCullough's order expressly provided that in all "Recovery Actions" (including this action), the AHERF debtors are to be treated as a single entity (unless the Trustee at the direction of the Creditors' Committee should opt otherwise). *See* Com. Appdx. Tab 14 at 1 n.1, 16 (clause (iv)(b)) & Tab 2 at 9.

PwC's retroactivity argument also fails because AHERF's claims against PwC existed as of the date of bankruptcy. No new claims were created by substantive consolidation. Substantive consolidation is a foreseeable result of the audit failure that threw AHERF into bankruptcy proceedings. Its financial consequences are losses proximately caused by PwC's conduct.

Respectfully submitted,

/s/ James M. Jones
James M. Jones (PA # 81295)
Laura E. Ellsworth (PA # 39555)
Laura A. Meaden (PA # 52002)
JONES DAY
One Mellon Center
500 Grant Street, 31st Floor
Pittsburgh, PA 15219
412-391-3939

Richard B. Whitney
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
216-586-3939

Attorneys for Plaintiff The Official Committee
of Unsecured Creditors of AHERF

Dated:  September 29, 2005