IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALLEGHENY HEALTH, EDUCATION AND RESEARCH FOUNDATION | ) ) ) ) ) | CIVIL ACTION No: 00-684 |
| Plaintiff | ) ) | Judge David Stewart Cercone |
| v. | ) ) | |
| PRICEWATERHOUSECOOPERS,LLP | ) ) | |
| Defendant. | ) | |

## REQUEST BY DEFENDANT FOR
## ORAL ARGUMENT ON FIVE PENDING MOTIONS

Defendant, by its undersigned counsel, respectfully requests this Court to set oral argument on five Motions pending decision before the Court, and in support of its request avers as follows:

1.  As the Court is aware, this case was filed on April 11, 2000 -- approximately two years following the financial failure and bankruptcy of the Allegheny Health, Education and Research Foundation ("AHERF") -- by AHERF's Official Committee of Unsecured Creditors ("Plaintiff"). In this action the Plaintiff seeks to recover several hundred million dollars in alleged damages from Defendant in its capacity as successor to Coopers & Lybrand; an accounting firm that issued audit opinions on certain of AHERF's 1996 and 1997 financial statements.

2.  This Court's Amended Case Management Order required the filing of dispositive motions, Daubert challenges and related challenges to expert testimony by May 6, 2005. On that date, the following Motions, Briefs, Statements of Undisputed Material Facts and Appendices were filed:

    a.    Defendant filed a Motion (hereafter "FIRST MOTION") for Summary Judgment (Docket No. 100), a Statement of Undisputed Material Facts (Docket No. 102), a supporting Appendix (Docket Nos. 109-112) and a Brief in support thereof (Docket No. 101).

    b.    Defendant filed a Motion (hereafter "SECOND MOTION") to Preclude Certain Irrelevant and Unfounded Testimony Proffered by the [Plaintiff's] Causation Experts (Docket No. 96), a supporting Appendix (Docket No. 98) and a Brief in support thereof (Docket No. 97).

    c.    Defendant filed a Motion (hereafter "THIRD MOTION") to Preclude Duplicative and Unreliable Expert Accounting Testimony (Docket No. 103), a supporting Appendix (Docket No. 105) and a Brief in support thereof (Docket No. 104).

    d.    Defendant filed a Motion (hereafter "FOURTH MOTION") to Exclude Testimony Concerning Certain Damage Theories Proffered by R. Bruce Den Uyl [one of Plaintiff's designated experts] (Docket No. 106), a supporting Appendix (Docket No. 108) and a Brief in support thereof (Docket No. 107.

    e.    Plaintiff filed a Motion (hereafter "FIFTH MOTION") to Exclude Certain Testimony from [Defendant's] Experts (Docket No. 94) and a Brief in support thereof (Docket No. 95).

3.    This Court's Amended Case Management Order established July 11, 2005 as the deadline for responses in opposition to the above-referenced Motions. On that date the following Responses, Appendices and Briefs were filed:

    a.    Plaintiff filed a Response in Opposition to Defendant's FIRST MOTION (Docket No. 124), a Response in Opposition to Defendant's Statement of Undisputed Material Facts (Docket No. 119), supporting Appendices (Docket Nos. 125-144), a Supplement to Appendix (filed on July 25, 2005 at Docket No. 172) and a further Supplement to Appendix (filed on August 24, 2005 at Docket No. 195).

    b.    Plaintiff filed a Response in Opposition to Defendant's SECOND MOTION (Docket No. 120).

    c.    Plaintiff filed a Response in Opposition to Defendant's THIRD MOTION (Docket No. 123).

    d.    Plaintiff filed a Response in Opposition to Defendant's FOURTH MOTION (Docket No. 121).

    e.    Defendant filed a Brief in Opposition to the Plaintiff's FIFTH MOTION (Docket No. 122) and a supporting Appendix (Docket Nos. 145-171).

    4.    This Court's Amended Case Management Order set August 19, 2005 as the date for filing Reply Briefs to previously filed Motions. On that date the following Briefs and Appendices were filed:

    a.    Defendant filed a Reply Brief in support of the FIRST MOTION (Docket No. 175), a Reply Statement of Undisputed Facts (Docket No. 178) and a supporting Appendix (Docket Nos. 179-191).

    b.    Defendant filed a Reply Brief in support of the SECOND MOTION (Docket No. 192).

    c.    Defendant filed a Reply Brief in support of the THIRD MOTION (Docket No. 194).

    d.    Defendant filed a Reply Brief in support of the FOURTH MOTION (Docket No. 193).

    e.    Plaintiff filed a Reply Brief in support of the FIFTH MOTION (Docket No. 177).

    5.    On September 26, 2005, pursuant to this Court's Order, the parties participated in a Mediation before Magistrate Judge Lisa Pupo Lenihan. After discussions with both sides jointly and separately, Magistrate Lenihan advised the parties she saw no possibility at that time of a mediated settlement.

    6.    On September 29, 2005, without opposition by Defendant and with approval of the Court, Plaintiff filed a Sur-Reply in Opposition to Defendant's FIRST MOTION (Docket No. 199).

    7.    The breadth and depth of the above-referenced Motions, Statements of Material Undisputed Facts, Appendices and Briefs illustrate the importance of the issues addressed therein to the ultimate disposition and/or trial of this case. Defendant respectfully submits that once the Court has completed the undoubtedly arduous task of reviewing and considering the above-referenced

requests for relief and arguments in support thereof, oral argument regarding the five pending Motions will be of substantial and material assistance to the Court in arriving at its decisions on each of the five pending Motions.

8. Because of the number of pending Motions and, more importantly, the extensive underlying evidence and applicable law, Defendant respectfully requests that each side be granted 90 minutes to address its positions in support of or in opposition to (as the case may be) the five pending Motions as well as to answer any questions the Court may choose to ask in the course of such presentations. The requested 90 minutes could be allocated among the pending Motions as the Court prescribes or, otherwise, at the election of each side.

9. Defendant is not requesting a specific date for oral argument at this time as it believes the date set should be entirely based upon the Court's completion of its review and analysis of the above-referenced filings as well as the Court's multiple other scheduling demands.

WHEREFORE, Defendant requests that the Court grant oral argument with respect to the above-referenced five pending Motions on a date convenient to it and that it grant 90 minutes to each side for presentation.

Respectfully submitted,


s/ Joseph F. McDonough, Esquire
Joseph F. McDonough
Pa. I.D. #19853
JMcDonough@mmlpc.com
Manion McDonough & Lucas, P.C.
600 Grant Street, Suite 1414
Pittsburgh, PA  15219
(412) 232-0200 T
(412) 232-0206 F


Thomas G. Rafferty
Roger G. Brooks
Antony L. Ryan
Cravath, Swaine & Moore
825 8th Avenue
New York, NY  10019-7475
(212) 474-1000

Counsel for Defendant
PricewaterhouseCoopers, LLP