IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALLEGHENY HEALTH, EDUCATION & RESEARCH FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>Defendant. | Civil Action No. 00-684<br><br>Judge David Stewart Cercone |

**SUPPLEMENTAL BRIEF IN SUPPORT OF PWC'S MOTION FOR SUMMARY JUDGMENT**

Joseph F. McDonough
(Pa. I.D. # 19853)
MANION McDONOUGH & LUCAS, P.C.
USX Tower
600 Grant Street, Suite 1414
Pittsburgh, PA 15219
(412) 232-0200
(412) 232-0206 (fax)
jmcdonough@mmlpc.com

Thomas G. Rafferty
Roger G. Brooks
Antony L. Ryan
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
(212) 474-3700 (fax)

Attorneys for Defendant
PricewaterhouseCoopers LLP

June 23, 2006

The Third Circuit recently issued an opinion in *In re CitX Corp.*, No. 05-2760, 2006 WL 1453117, 2006 U.S. App. Lexis 13141 (3d Cir. May 26, 2006, *as amended* June 6, 2006) (Slip Opinion ("Slip Op.") attached as Exhibit A), which provides significant additional support to PwC's pending motion for summary judgment.

In *CitX*, a plaintiff standing in the shoes of a bankrupt entity brought claims against the entity's outside accounting firm for professional negligence (malpractice) and "deepening insolvency". The Third Circuit held that "deepening insolvency" is not a valid "theory of damages for an independent cause of action like malpractice" (Slip Op. at 11-12) and that "[a] claim of negligence cannot sustain a deepening-insolvency cause of action" (*id.* at 21).

Based on *CitX*, PwC is entitled to summary judgment.[1] Plaintiff here has consistently sought to press the same type of claim as the Third Circuit rejected in *CitX*. Plaintiff maintains that PwC is liable for the full extent of AHERF's insolvency because Coopers & Lybrand (PwC's predecessor) negligently failed to sound the alarm about AHERF's financial condition. According to Plaintiff, if Coopers had not been negligent in its audit, AHERF's Board of Trustees or others would have been warned in time to stop the company from self-destructing. After *CitX*, such a negligence-based theory cannot support either a "deepening insolvency" cause of action or a "deepening insolvency" theory of damages of the kind Plaintiff seeks against PwC.

---

[1] The *CitX* decision also provides additional support to PwC's pending Motion To Exclude Testimony Concerning Certain Damage Theories Proffered By R. Bruce Den Uyl That Do Not Comport With Applicable Legal Standards. *CitX* confirms that neither of Plaintiff's damages theories, discussed in that Motion, is a valid measure of damages. Since these are the only measures of damages advanced by Plaintiff, summary judgment should be granted in favor of PwC.

Plaintiff's own pleadings make clear that this is a negligence-based case. According to the First Amended Complaint (which is the operative complaint):

> "AHERF's demise was also the result of the fact that Coopers — the one independent entity that was in a position to detect and expose these senior officials' financial manipulations, as well as AHERF's deteriorating financial condition, violation of various debt covenants, and deficient financial controls — failed to disclose those conditions, violations, manipulations and deficiencies to the innocent, unaware and misinformed Trustees of AHERF and its affiliates. Instead, Coopers ignored the sure signs of AHERF's demise, accepted the representations and demands of a group of AHERF senior officials whom it had no legitimate reason to trust or believe, relied upon an accounting system it also had no legitimate reason to trust or believe, and issued 'clean opinions' on the financial statements of AHERF and its affiliates. Coopers thus certified that the false and misleading financial statements concocted by these senior officials of AHERF 'fairly presented' the AHERF System's true financial condition." (First Am. Cmplt. ¶ 3.)[2]

Similarly, the plaintiff in *CitX* had only a negligence case against CitX's independent accountant, and the Third Circuit therefore entered judgment for the defendant on the "deepening insolvency" claim. (Slip Op. at 18-19.)

Also like the plaintiff in *CitX*, Plaintiff here contends that Coopers' negligence deprived the AHERF Board of the opportunity to institute a (purely conjectural) turn-around plan. The First Amended Complaint alleges that "[t]he innocent Trustees . . . could and would have taken affirmative action to . . . halt the decline of AHERF and its affiliates had they been informed by Coopers of the true state of AHERF's financial condition". (First Am. Cmplt. ¶ 30.) Plaintiff relies on a purported turn-around expert, who opines that AHERF "could have been restored to a position of

---

[2] Plaintiff brings claims against PwC for professional negligence, breach of contract, and aiding and abetting breach of fiduciary duty. Plaintiff does not have a fraud claim. When Plaintiff sought to further amend its complaint to add a fraud claim, this Court (Ziegler, J.) denied the motion. (8/26/02 Order.)

financial viability upon a timely intervention by AHERF's Board or others". (Plf. Opp. to PwC's Summary Judgment Motion at 37.) Similarly, the plaintiff in *CitX* contended that "by failing to investigate . . . and tell CitX's board of directors about those issues", CitX's independent accountant "did not give the board the chance to safeguard the remaining assets of CitX" or to "turn the company around and transform it into a profitable business". (Slip Op. at 13-14 (internal quotation omitted).) The Third Circuit held that this theory did not support a finding of harm caused by the independent accountant.

Plaintiff here, like its *CitX* counterpart, seeks to recover a "deepening insolvency"-like measure of damages based on alleged negligent conduct. In its prayer for relief, Plaintiff seeks:

> "actual damages, including compensatory and consequential damages, in amount to be determined at trial, up to and including <u>the full extent of the Debtors' insolvency</u>". (First Am. Cmplt. at 31 (emphasis added).)

Similarly, in opposing PwC's motion to exclude testimony of Plaintiff's damages expert, Plaintiff confirmed that it seeks to recover "the amount of liability owed to creditors that AHERF is unable to pay"—*i.e.*, AHERF's total insolvency. (Plf. Opp. to PwC's Motion to Exclude Testimony Concerning Certain Damages Theories Proffered by R. Bruce Den Uyl 2.)[3]

Plaintiff rests its alleged ability to recover "deepening insolvency"-like (or what it calls "creditor shortfall") damages in respect of negligence on the Third Circuit's

---

[3] By seeking either the "full extent of Debtors' insolvency" (the total unpaid amount owed to creditors by AHERF) or alternatively what Plaintiff calls "avoidable costs" (expenditures that Plaintiff contends AHERF would have avoided, and would now be available to pay creditors), Plaintiff seeks impermissible measures of damages that are either the same as or subsumed within a "deepening insolvency" measure of damages.

decision in *Official Committee of Unsecured Creditors v. R.F. Lafferty & Co.*, 267 F.3d 340 (3d Cir. 2001). Plaintiff has argued:

> "[T]he creditor shortfall measure of damages does no harm to the underlying premise of the deepening insolvency theory. As *Lafferty* explained, the deepening insolvency theory recognizes that a corporation suffers a remediable injury when a tortfeasor increases the corporation's liabilities that the corporation cannot pay. *See also Schacht v. Brown*, 711 F.2d 1343, 1350 (7th Cir. 1983) ('the corporate body is ineluctably damaged by the deepening of its insolvency, through increased exposure to creditor liability'). Likewise, in this case, the creditor shortfall method measures liabilities to third parties that AHERF cannot satisfy, due to Coopers' wrongful conduct." (Plf. Opp. to PwC's Motion to Exclude Testimony Concerning Certain Damages Theories Proffered by R. Bruce Den Uyl 8.)

*CitX* squarely rejects Plaintiff's reliance on *Lafferty*. To the contrary, the Third Circuit explained in *CitX* that "'[t]he deepening of a firm's insolvency is not an independent form of corporate damage'". (Slip Op. at 13 (quoting Sabin Willett, *The Shallows of Deepening Insolvency*, 60 Bus. Law. 549, 575 (2005)).) The *CitX* court held that *Lafferty* does not "create a novel theory of damages for an independent cause of action like malpractice". (Slip Op. at 12.) Thus, under *CitX*, Plaintiff is unable to show harm because *CitX* precludes Plaintiff from pursuing either of its "deepening insolvency"-like theories of damages, each of which Plaintiff purported to base on *Lafferty*. (Plf. Opp. to PwC's Motion to Exclude Testimony Concerning Certain Damages Theories Proffered by R. Bruce Den Uyl 4-8, 11.) Moreover, the *CitX* court went on to hold that "a claim of negligence cannot sustain a deepening-insolvency cause of action". (*Id.* at 21.) Consequently, the decision in *CitX* precludes any "deepening insolvency" claim or recovery here and entitles PwC to summary judgment.

Accordingly for the reasons set forth above and in PwC's original briefs in support of its motion for summary judgment, PwC's motion for summary judgment should be granted.

Dated: June 23, 2006

>Respectfully submitted,
>
>MANION McDONOUGH & LUCAS, P.C.
>
>by /s/ *Joseph F. McDonough*
>Joseph F. McDonough
>
>USX Tower
>600 Grant Street, Suite 1414
>Pittsburgh, PA 15219
>(412) 232-0200
>(412) 232-0206 (fax)
>jmcdonough@mmlpc.com
>
>CRAVATH, SWAINE & MOORE LLP
>
>Thomas G. Rafferty
>Roger G. Brooks
>Antony L. Ryan
>
>Worldwide Plaza
>825 Eighth Avenue
>New York, NY 10019
>(212) 474-1000
>(212) 474-3700 (fax)
>
>Attorneys for Defendant
>PricewaterhouseCoopers LLP