IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALLEGHENY HEALTH, EDUCATION & RESEARCH FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>Defendant. | Civil Action No. 00-684<br><br>Judge David Stewart Cercone |

**PWC'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMMITTEE'S MOTION TO PERPETUATE THE TESTIMONY OF ROBERT W. BERLINER**

Joseph F. McDonough
(Pa. I.D. # 19853)
MANION McDONOUGH & LUCAS, P.C.
USX Tower
600 Grant Street, Suite 1414
Pittsburgh, PA 15219
(412) 232-0200

Thomas G. Rafferty
Antony L. Ryan
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

Attorneys for Defendant
PricewaterhouseCoopers LLP

Defendant PricewaterhouseCoopers LLP ("PwC") submits this memorandum in opposition to the motion of the Official Committee of Unsecured Creditors of Allegheny Health, Education and Research Foundation (the "Committee") to redepose one of its expert witnesses, Robert W. Berliner, for the purposes of preserving his testimony pending appeal.

This Court should not exercise its discretion to grant the Committee's highly unusual request. On January 17, 2007, this Court granted PwC's motion for summary judgment, and entered final judgment in favor of PwC. On February 6, 2007, the Committee filed its notice of appeal to the Third Circuit. Even though this case has been closed in this Court, the Committee now seeks leave of this Court to take a deposition of an expert pending appeal under Federal Rule of Civil Procedure 27(b).

As a threshold matter, the Committee's motion fails because the testimony it seeks to preserve is not first-hand factual testimony from a percipient witness, but rather the opinions of a paid expert with no first-hand knowledge of the facts of this case. The Committee cites to no case in which a court has ever authorized the deposition of an expert pending appeal. That is so for several reasons. First, unlike the case of percipient witnesses who may be unavailable at trial and have unique factual testimony to provide, experts do not have unique first-hand knowledge of the facts of the case, and if one becomes unavailable to testify at trial, the party who retained that expert can always obtain another. Second, the deposition testimony of an expert is generally not admissible at trial when the expert does not testify in person. For each of those reasons, Rule 27(b) does not provide for the deposition the Committee seeks here.

There are additional reasons why even if expert testimony were permissible under Rule 27(b), the Committee's motion fails. Rule 27 applies only in that "special category of cases where it is necessary to prevent testimony from being lost". *Ash v. Cort*, 512 F.2d 909, 911 (3d Cir. 1975). Mr. Berliner's testimony is neither unique nor irreplaceable: he is only one of the Committee's three experts on accounting and auditing. While the grant or denial of a petition to preserve testimony under Rule 27 is within the discretion of the district court, *id.* at 913, as we discuss in detail below, the Committee is not entitled to depose Mr. Berliner, because Mr. Berliner's testimony is neither unique, nor would it be inadmissible at any trial. *See* Section I, below. In addition, the Committee has not established that the perpetuation of Mr. Berliner's testimony is necessary to avoid a failure or delay of justice. *See* Section II, below.

## I. RULE 27(B) MAY NOT BE USED TO PERPETUATE TESTIMONY THAT IS NEITHER UNIQUE NOR ADMISSIBLE AT TRIAL.

Federal courts may authorize perpetuation of testimony pending appeal only "for use in the event of further proceedings in the district court". Fed. R. Civ. P. 27(b). Therefore, such a deposition may not be taken unless the testimony would be admissible in any further proceedings. *See Arizona v. California*, 292 U.S. 341, 348 (1934) (requiring that the testimony be "competent evidence");[1] Moore's Federal Practice § 27.13[3], at 27-24 (2006) ("This requirement generally entails a showing that the testimony would be admissible in any future litigation, and that the testimony sought is material and competent.").

---

[1] The Advisory Committee Notes to the Federal Rules expressly refer to the Supreme Court's decision in *Arizona v. California*, which was decided on a bill of equity before the 1937 adoption of the Federal Rules. The standard of *Arizona v. California* still applies under Rule 27. *Nevada v. O'Leary*, 63 F.3d 932, 936 (9th Cir. 1995).

Prior testimony of an expert witness is generally inadmissible, even where the expert is unavailable. For example, in *Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 536 (2d Cir. 1972), *cert. denied*, 412 U.S. 920 (1973), Judge Friendly distinguished the situation of a fact witness, whose "unique knowledge of the facts will be lost unless his prior testimony is allowed". Judge Friendly's reasons for the general rule against the use of prior testimony of an expert witness are worth setting out in full:

> "[T]he expert witness generally has no knowledge of the *facts* of the case. Instead, he is called upon to express a professional opinion upon the facts as they are presented to him, often expressing his opinions in the form of answers to hypothetical questions. Thus, even if one particular expert is unavailable, there is no need to use his prior testimony to prevent the loss of evidence, because there will usually be other experts available to give similar testimony orally. It seems to us, therefore, that before the former testimony of an expert witness can be used, there should be some showing not only that the witness is unavailable, but that no other expert of similar qualifications is available or that the unavailable expert has some unique testimony to contribute." *Id.* at 536-37.

*See also Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co.*, Civ. A. No. 97-529 MMS, 2000 U.S. Dist. Lexis 997, at *8-13 (Dist. Del. Jan. 13, 2000) (following *Carter-Wallace*).

Judge Friendly's reasoning in *Carter-Wallace* is particularly relevant here, where the opinion testimony Mr. Berliner has been retained to offer is not unique. Mr. Berliner's testimony is almost completely redundant of another of the Committee's experts, D. Paul Regan. Because of that redundancy, PwC previously moved to prevent the Committee from calling both of those experts to offer essentially the same opinions.[2]

---

[2] *See* Memorandum In Support of PwC's Motion to Preclude Duplicative and Unreliable Expert Accounting Testimony, filed on May 6, 2005. The Court denied PwC's motion as premature, "without prejudice to file as motions *in limine* when so ordered by the Court before trial". (September 21, 2006 Order at 1). Materials referred to herein are collected in the Appendix to that Motion, and are cited as "App. tab __".

The Committee urges this Court to ignore the highly duplicative nature of Mr. Berliner's testimony because "the call to be made now is only whether Mr. Berliner's testimony should be preserved." (Brief in Support of the Committee's Motion to Perpetuate the Testimony of Robert W. Berliner at 6 (hereinafter "Comm. Br.").) But in addition to the lack of authority to preserve expert testimony under Rule 27, the duplicative nature of the proposed opinion testimony of Messrs. Berliner and Regan bears directly on whether the testimony is so unique in nature as to warrant preservation. *See Carter-Wallace*, 474 F.2d at 536-37; *Aubrey Rogers*, 2000 U.S. Dist. Lexis 997, at *8-13.

The duplicative nature of Mr. Berliner's and Mr. Regan's testimony is easily shown. Both of the Committee's experts opined in their expert reports that AHERF's 1996 and 1997 financial statements did not conform to Generally Accepted Accounting Principles ("GAAP") and that Coopers and Lybrand's ("C&L's") audits of those financial statements did not conform to Generally Accepted Auditing Standards ("GAAS"). (Berliner Rpt. (App. tab 3) at 2-4; Regan Rpt. (App. tab 4) at 2-3.)

At his deposition, Mr. Regan acknowledged that for every one of Mr. Berliner's eighteen specific conclusions, he was, in substance, offering the same opinion. We have attached to this brief a chart showing, point by point, Mr. Regan's acknowledgment that his proposed expert testimony is duplicative of Mr. Berliner's opinions. (*See* Appendix.) Consequently, even if Mr. Berliner were unavailable at some future hypothetical trial, the Committee could turn to Mr. Regan to offer the same opinions.

The Committee could also look to others at Marks, Paneth & Shron, Mr. Berliner's firm. The Committee itself observes that Mr. Berliner <u>and his colleagues</u>

"expended approximately 10,000 hours performing the analyses". (Comm. Br. at 3.) Mr. Berliner himself spent only a fraction of that time, around 1,200 hours. The rest were spent by a team of twenty other accountants. For example, Marks Paneth's billing records show that Stuart Zatkow, whom Mr. Berliner described at deposition as "[t]he principal member of the team", billed nearly three times the amount of time to the engagement as Mr. Berliner did. (Berliner Dep. Tr. (attached as tab A) at 11-21.) Although the Committee claims that "[r]eproducing the work would be impracticable in the extreme" (Comm. Br. at 4), it is evident that there are others at Marks Paneth who have already done the work, and the Committee could, with little or no hardship, replace Mr. Berliner with either Mr. Regan or with a member of the Marks Paneth firm who worked on the engagement.

Accordingly, Mr. Berliner's proposed opinion testimony is not unique, and if perpetuated now would be inadmissible at trial. Under Rule 27(b), the Committee is therefore not entitled to perpetuate Mr. Berliner's testimony pending appeal.

## II.   THE COMMITTEE HAS FAILED TO SHOW THAT PERPETUATION OF MR. BERLINER'S TESTIMONY IS NECESSARY TO AVOID A FAILURE OR DELAY OF JUSTICE.

Even if Mr. Berliner's deposition testimony could be admissible at trial, the Committee cannot meet its burden under Rule 27 to show that the "perpetuation of the testimony is proper to avoid a failure or delay of justice". Fed. R. Civ. P. 27(b). In order to show that perpetuation of testimony under Rule 27 is needed to prevent a failure or delay of justice, the Committee "must demonstrate a need to [the testimony] that cannot easily be accommodated by other potential witnesses". *Penn Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1375 (D.C. Cir. 1995).

The Committee has failed to demonstrate a need for Mr. Berliner's testimony that cannot easily be accommodated by other potential experts because, as discussed above, Mr. Regan is already prepared to provide the same opinions and is as qualified as Mr. Berliner to do so. Even without Mr. Regan, the Committee could easily use another member of Mr. Berliner's firm or find another expert to testify on accounting matters (and has already retained other accounting experts). That none of the Committee's other experts have "calculated and presented the[] correcting adjustments" (Comm. Br. at 3), does not render Mr. Berliner's testimony unique. The subject matter is not so esoteric that Mr. Berliner is unique in his ability to provide expert testimony on it. *See United States v. Van Rossem*, 180 F.R.D. 245 (W.D.N.Y. 1998) (denying Rule 27(b) motion where "the information that [was sought] may best be described as general information available to any number of persons, as opposed to information that would be possessed solely" by the witness). Moreover, having proffered Mr. Regan as an expert in accounting, the Committee can hardly argue that he would be unable to testify regarding the so-called correcting adjustments.

The Committee's argument that perpetuating Mr. Berliner's testimony is necessary because he is 73 years of age is also unavailing. In *Texaco Inc. v. Borda*, 383 F.2d 607 (3d Cir. 1967), on which the Committee relies (Comm. Br. at 5), the witness at issue was a fact witness, and the Third Circuit held only that the district court abused its discretion by refusing to consider *at all* the witness's age. *Id.* at 609. In a subsequent case, *Ash v. Cort*, the Third Circuit held that, while age "may be a relevant factor", advanced age by itself is insufficient to justify preservation of testimony pending appeal. 512 F.2d at 913. There, the movant argued that "the officers and directors having first

hand knowledge are over fifty years of age. They are all senior officers of a large industrial corporation. One director has already died." *Id.* The Third Circuit affirmed the district court's denial of the Rule 27(b) motion.

Although Mr. Berliner is 73 years old, the Committee acknowledges that he is in good health. (Comm. Br. at 1.) The Committee has submitted no affidavit from a doctor or from Mr. Berliner himself suggesting that his health is tenuous in any way. Rather, the Committee points only to the "natural and largely unavoidable risks to good health occasioned by advancing age". (*Id.*) In a similar case, where—like the Committee—the movant argued that witnesses were not "immune from the uncertainties of life (and death)", the district court properly denied the Rule 27(b) motion. *Lombard's, Inc. v. Prince Mf'g, Inc.*, 753 F.2d 974, 976 (11th Cir. 1985).

Accordingly, the Committee has failed to demonstrate that "perpetuation of the testimony is proper to avoid a failure or delay of justice". Fed. R. Civ. P. 27(b).

## Conclusion

This lengthy and expensive case is now concluded, subject to plaintiff's right to appeal. There is simply no justification offered by plaintiff for this deposition that satisfies the requirements of Rule 27(b). Consequently, we respectfully urge this Court to exercise its discretion and deny this motion.

Dated: April 13, 2007

Respectfully submitted,

MANION MCDONOUGH & LUCAS, P.C.

by _____
Joseph F. McDonough

USX Tower
600 Grant Street, Suite 1414
Pittsburgh, PA 15219
(412) 232-0200

CRAVATH, SWAINE & MOORE LLP

Thomas G. Rafferty
Antony L. Ryan

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

Attorneys for Defendant
PricewaterhouseCoopers LLP