UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE OFFICIAL COMMITTEE OF ) | | |
| UNSECURED CREDITORS OF ) | | |
| ALLEGHENY HEALTH, EDUCATION ) | | |
| AND RESEARCH FOUNDATION, ) | | |
| ) | | |
| Plaintiff, ) | | Civil Action No. 00-684 |
| ) | | |
| v. ) | | Judge David Stewart Cercone |
| ) | | |
| PRICEWATERHOUSECOOPERS, LLP, ) | | Electronically Filed |
| ) | | |
| Defendant. ) | | |

**THE COMMITTEE'S OBJECTIONS TO PwC'S DEPOSITION DESIGNATIONS AND EXHIBITS AND THE COMMITTEE'S RESPONSIVE IDENTIFICATION OF WITNESSES, DEPOSITION DESIGNATIONS, AND EXHIBITS**

Pursuant to the Court's Order of November 9, 2011, plaintiff the Official Committee of Unsecured Creditors of the Allegheny Health, Education and Research Foundation files and serves its evidentiary objections to the deposition designations made and exhibits identified in PwC's pretrial submission of March 16, 2012, and identifies additional witnesses, deposition designations, and exhibits responsive to PwC's submission, all as set out below.

**I.     WITNESSES AND DEPOSITION DESIGNATIONS**

   **A.     Deposition Designations**

Exhibit 1 sets forth the Committee's objections to PwC's counter-designations of deposition testimony from witnesses the Committee expects to or may call in its case in chief. Exhibit 1 also sets forth the Committee's completeness and re-direct designations, if any, for these same witnesses.

Exhibit 2 sets forth the Committee's objections to PwC's affirmative designations of deposition testimony from witnesses PwC expects to or may call in its case in chief. Exhibit 2

PII-1249362v3

also sets forth the Committee's completeness designations and counter-designations for these same witnesses.[1]

Because relevance is constrained by the claims, defenses, and theories pursued at trial and further dependent upon the purpose for which the evidence is proffered, which purpose is not always discernable before trial, the Committee reserves the right to supplement its objections to the relevance of deposition testimony as appropriate at trial. Additionally, if presented to the jury in full, certain deposition testimony designated by PwC would be cumulative. The Committee reserves the right to object to PwC's presentation of deposition testimony at trial on that ground should PwC so proceed. For the foregoing reasons, the Committee more generally reserves the right to add or withdraw objections to deposition testimony as the purpose for the proffer of the testimony is made clear in advance of or at trial and as may be informed by the Court's rulings on motions in limine yet to be filed.

The Committee has prepared its objections and counter-designations with the expectation that its affirmative designations, together with any valid completeness designations, will be presented to the jury in the order designated without interruption. Should the parties or the Court decide that the deposition of any witness will be played in some other sequence, the Committee reserves the right to modify its objections or designations as appropriate to avoid confusion, add clarity of expression, and promote efficiency of presentation.[2]

---

[1] Except for relatively rare instances where, in context, colloquy among counsel helps to clarify the testimony, objections and colloquy among counsel that may be contained within the designations on Exhibits 1 and 2 are not intended to be read or played at trial.

[2] The Committee does not agree with PwC's suggestion that "all deposition designations should be presented in the original sequence." (Dkt. No. 303 at 33.) Additionally, the Committee objects to PwC's failure to identify expressly those portions of its counter-designations that are completeness designations. PwC generically describes its responsive designations as "counter-designations." (Dkt. No. 303, Exhibit 3.) PwC may have done so under the presumption that all designations for a particular witnesses will be played in the "original sequence." *Id.*

The Committee reserves the right to supplement or amend its deposition designations in response to live testimony presented at trial by PwC, additional deposition testimony designated by PwC, a determination not to present testimony already designated by PwC, or otherwise. The Committee also reserves the right to present any testimony designated by PwC. The Committee additionally reserves the right to designate testimony that addresses authentication or other foundational matters regarding trial exhibits, which matters are not addressed by stipulation. The Committee reserves, as well, its right not to offer testimony it has designated, for example, where the Committee has counter-designated testimony responsive to PwC-designated testimony, which latter testimony is subject to evidentiary objections asserted by the Committee.

The Committee's opening, completeness, and counter-designations are not proffered for admission today, and the Committee reserves the right to proffer additional designations and to refrain from proffering designations already listed, as the contours of the evidence may change, including changes that may arise from the Court's rulings on motions in limine, evidentiary objections, and other pre- and at-trial applications.

### B. Witnesses

Exhibit 3 lists witnesses from whom the Committee expects to or may present live testimony responsive to PwC's case in chief, which witnesses were not listed in the Committee's opening submission of January 16, 2012, or PwC's submission of March 16, 2012. The Committee previously has disclosed these retained expert witness (*see* Pls.' Designation of

---

(continued…)

The Committee, having noted its disagreement with PwC regarding presentation sequence, requests now that PwC provide completeness designations on or before May 30, 2012.

Rebuttal Expert Witnesses and Notice of Service of Rebuttal Expert Reports, Dkt. No. 92), and their rebuttal reports have been served upon counsel for PwC and provided to the Court. *See* Dkt. Nos. 143, 144, 281-88.

The Committee also may present testimony (either live or by deposition, via cross-examination or in its rebuttal case) from witnesses identified by PwC on its witness list. On rebuttal, the Committee additionally may present testimony (either live or by deposition) from witnesses listed on the Committee's initial witness list.[3]

The Committee reserves the right to call other witnesses, either in person or by deposition, for the purpose of impeachment or any other purpose the law allows. The Committee reserves the right to supplement its witness list in response to additional witnesses identified by PwC or to present foundational records-related testimony, if necessary. The Committee also reserves the right not to call any identified witnesses in the interest of time, necessity, or other factors that may arise before or during trial. By identifying witnesses, the Committee does not agree to make a witness available for trial or to offer testimony by deposition, if unavailable.

## II. EXHIBIT LIST

Exhibit 4 sets forth the Committee's evidentiary objections to the exhibits identified for admission by PwC. Because relevance is constrained by the claims, defenses, and theories pursued at trial and further dependent upon the purpose for which the evidence is proffered, which purpose is not always discernable before trial, the Committee reserves the right to supplement its objections to the relevance of exhibits as appropriate at trial. The Committee more generally reserves the right to add or withdraw objections as the purpose and context for an

---

[3] For both sets of previously identified witnesses and consistent with the text above, the Committee has provided deposition designations for witnesses the Committee anticipates calling by deposition.

exhibit's proffer are made clear in advance of or at trial and as may be informed by the Court's rulings on motions in limine yet to be filed.

The Committee has identified additional exhibits that it expects to or may offer in response to PwC's case in chief, beyond those identified on the Committee's initial exhibit list. The Committee has added these exhibits to the Committee's initial exhibit list, starting with Exhibit 7400. The Committee's updated exhibit list is attached as Exhibit 5. Exhibits that the Committee expects to offer contain an "X" in the "Expect to Offer" field. The Committee also reserves the right to proffer or use any exhibit identified by PwC.

The listed exhibits are not proffered for admission today, and the Committee reserves the right to proffer additional exhibits and to refrain from proffering any listed exhibits, as the contours of the evidence may change, including changes that may arise from the Court's rulings on motions in limine, evidentiary objections, or other pre- and at-trial motions or applications.

Respectfully submitted,

/s/ David S. Torborg

| | |
|---|---|
| Richard B. Whitney | David S. Torborg (admitted *pro hac vice*) |
| JONES DAY | Beth Heifetz |
| North Point | JONES DAY |
| 901 Lakeside Avenue | 51 Louisiana Avenue, N.W. |
| Cleveland, OH  44114-1190 | Washington, D.C. 20001-2113 |
| (216) 586-3939 | (202) 879-3939 |
| | |
| J. Kevin Cogan | James M. Jones (PA #81295) |
| JONES DAY | Laura A. Meaden (PA #52002) |
| 325 John H. McConnell Blvd., Suite 600 | JONES DAY |
| Columbus, OH 43215-2673 | 500 Grant Street, 45th Floor |
| (614) 469-3939 | Pittsburgh, PA  15219-2514 |
| | (412) 391-3939 |

Dated:  April 30, 2012          Attorneys for The Official Committee of Unsecured Creditors of AHERF

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2012, I electronically filed the foregoing The Committee's Objections to PwC's Deposition Designations and Exhibits and The Committee's Objections Responsive Identification of Witnesses, Deposition Designations and Exhibits with the Clerk of the Court using CM/ECF, causing same to be served on the following via ECF filing notice:

| | |
|---|---|
| Joseph F. McDonough<br>Robert D. Finkel<br>Manion, McDonough & Lucas<br>600 Grant Street, Ste. 1414<br>Pittsburgh, PA 15219<br>(412) 232-0200<br>Email: jmcdonough@mmlpc.com<br>Email: rfinkel@mmlpc.com | Antony L. Ryan<br>Thomas G. Rafferty<br>Cravath, Swaine & Moore<br>825 Eighth Avenue<br>Worldwide Plaza, Suite 3900<br>New York, NY 10019-7415<br>(212) 474-1000<br>Email: aryan@cravath.com<br>Email: trafferty@cravath.com<br><br>Attorneys for Defendant<br>PricewaterhouseCoopers, LLC |