IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALLEGHENY HEALTH, EDUCATION & RESEARCH FOUNDATION,<br><br>*Plaintiff*,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>*Defendant*. | Civil Action No. 00-684<br><br>Judge David Stewart Cercone<br><br>Electronically Filed |

**PWC'S OBJECTIONS TO THE DEPOSITION
DESIGNATIONS AND EXHIBITS IDENTIFIED BY THE
COMMITTEE ON APRIL 30, 2012 AND PWC'S
RESPONSIVE DEPOSITION DESIGNATIONS AND
EXHIBITS**

Joseph F. McDonough
(Pa. I.D. # 19853)
BUCHANAN, INGERSOLL & ROONEY P.C.
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219
(412) 562-8800

Thomas G. Rafferty
Antony L. Ryan
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Attorneys for Defendant
PricewaterhouseCoopers LLP*

May 30, 2012

Pursuant to the Court's Order of November 9, 2011, defendant PricewaterhouseCoopers LLP ("PwC"), by its undersigned counsel, hereby submits its evidentiary objections to the deposition designations made and exhibits identified in the April 30, 2012 pretrial submission of plaintiff, The Official Committee of Unsecured Creditors of Allegheny Health, Education and Research Foundation (the "Committee") (Dkt. No. 304), and identifies additional deposition designations and updates its exhibit list in response to that submission, as set forth below.

I.      **DEPOSITION DESIGNATIONS**

Exhibit 1 (attached hereto) sets forth PwC's objections to the re-direct and completeness designations of deposition testimony identified by the Committee in Exhibit 1 to the Committee's April 30, 2012 pretrial submission.  Exhibit 1 also sets forth any responsive designations of deposition testimony that PwC feels are necessary in light of the Committee's April 30, 2012 re-direct and completeness designations.

Exhibit 2 (attached hereto) sets forth PwC's objections to the counter-designations of deposition testimony from witnesses PwC expects to present or may present during its case-in-chief that the Committee identified in Exhibit 2 to its April 30, 2012 pretrial submission. Exhibit 2 also sets forth PwC's reply designations, if any, for those same witnesses.

The Committee's April 30, 2012 pretrial submission states that "the Committee objects to PwC's failure to identify expressly [in PwC's March 16, 2012 pretrial statement (Dkt. No. 303)] those portions of its counter-designations that are completeness designations" and requests "that PwC provide completeness designations on or before May 30, 2012".  (Dkt. No. 304, at 2 n.2.)  In response, PwC states that all of the counter-designations identified in Exhibit 3 to its March 16, 2012 pretrial statement (Dkt. No. 303, Exhibit 3) are designations that are necessary for completeness.  In those instances in which PwC designated deposition

testimony for witnesses the Committee expects to present or may present during its case-in-chief that falls outside the scope of the Committee's affirmative designations, PwC prepared its own affirmative designations containing that material. (*See* Dkt. No. 303, Exhibit 3, at 63, 91, 142, 151.) In addition, as is set forth in PwC's March 16, 2012 pretrial statement, PwC objects to any reordering of deposition testimony, and submits that all deposition designations should be presented in the original sequence.[1] (Dkt. No. 303, at 33.) Such presentation of deposition testimony eliminates any need to distinguish between designations for "completeness" and designations for any other purpose.

PwC reserves the right to identify additional deposition designations for the purpose of addressing foundational matters regarding trial exhibits, if necessary. PwC additionally reserves the right to present any testimony designated by the Committee.

## II.     EXHIBITS

Exhibit 3 (attached hereto) sets forth PwC's objections to the exhibits identified for the first time by the Committee in Exhibit 5 to its April 30, 2012 pretrial submission.

Exhibit 4 (attached hereto) sets forth PwC's updated exhibit list. Exhibit 4 makes limited updates to the exhibit list submitted by PwC on March 16, 2012 to address certain objections to individual exhibits raised by the Committee in Exhibit 4 to the Committee's April 30, 2012 pretrial submission. As PwC set forth in its March 16, 2012 pretrial statement, PwC reserves the right to offer exhibits additional to those identified in Exhibit 4 for the purpose

---

[1] PwC has prepared its deposition designations and its objections to the Committee's deposition designations with the expectation that all designations will be presented to the jury in the original sequence. Should the Court decide that the deposition of any witness will be played in any other sequence, PwC reserves the right to modify its designations and objections as appropriate.

of impeachment, rebuttal or any other permissible purpose and to offer or use any exhibits identified by the Committee. (Dkt. No. 303, at 33.)

Footnote 1 to Exhibit 4 of the Committee's April 30, 2012 pretrial submission objects to what the Committee terms PwC's "bulk identification" of Coopers & Lybrand's ("C&L") workpapers for its audits of the financial statements of the Allegheny Health, Education and Research Foundation ("AHERF") and affiliates, and requests that "on or before May 30, 2012, PwC disaggregate its bulk identification and disclose which documents within that identification it actually 'expects to offer' at trial." (Dkt. No. 304, Exhibit 4, at 90 n.1.) As PwC indicated in Exhibit 4 to its March 16, 2012 pretrial statement, PwC expects to offer at trial each of the 147 exhibits, which consitute workpapers in the form they were maintained by C&L. (*See* Dkt. No. 303, Exhibit 4, at 52-55.) Those exhibits document the audit work that the Committee challenges in this litigation and, as such, are at the very core of this case. A workpaper binder may relate to a particular topic or topics by audit year (for example, fiscal year 1996 investments), and contains workpapers in an organized way, with internal cross-references. It would be misleading, and prejudicial to PwC's defense, to break the workpaper binders into little pieces for admission into evidence.

### III.   WITNESSES

PwC has not identified any new witnesses from whom PwC expects to present or may present testimony in response to the Committee's April 30, 2012 pretrial submission. As PwC set forth in its March 16, 2012 pretrial statement, however, PwC reserves the right to call witnesses in addition to those identified in Exhibit 1 to its March 16, 2012 submission for the purpose of impeachment, rebuttal or any other permissible purpose and to call or examine any witnesses identified by the Committee. (Dkt No. 303, at 32.) PwC also reserves the right to

supplement its witness list in order to establish foundational records-related matters, if necessary.

Dated:  May 30, 2012

                                    Respectfully submitted,

                                    BUCHANAN, INGERSOLL & ROONEY, P.C.

                          By
                              /s/ Joseph F. McDonough
                              Joseph F. McDonough

                                  One Oxford Centre
                                      301 Grant Street, 20th Floor
                                      Pittsburgh, PA 15219
                                         (412) 562-8800

                                CRAVATH, SWAINE & MOORE LLP

                                    Thomas G. Rafferty
                                    Antony L. Ryan

                                      Worldwide Plaza
                                      825 Eighth Avenue
                                        New York, NY 10019
                                         (212) 474-1000

                          *Attorneys for Defendant*
                          *PricewaterhouseCoopers LLP*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2012, I electronically filed the foregoing PwC's Objections to the Deposition Designations and Exhibits Identified by the Committee on April 30, 2012 and PwC's Responsive Deposition Designations and Exhibits with the Clerk of the Court using CM/ECF, causing same to be served on the following via ECF filing notice:

| | |
|---|---|
| David S. Torborg<br>Jones Day<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001-2113<br>(202) 879-3939<br>dstorborg@jonesday.com | Richard B. Whitney<br>Jones Day<br>North Point<br>901 Lakeside Avenue<br>Cleveland, OH 44114-1190<br>(216) 586-3939<br>rbwhitney@jonesday.com |
| J. Kevin Cogan<br>Jones Day<br>325 John H. McConnell Blvd., Suite 600<br>Columbus, OH 43215-2673<br>(614) 469-3939<br>jcogan@jonesday.com | James M. Jones<br>Jones Day<br>500 Grant Street, 45th Floor<br>Pittsburgh, PA 15219-2514<br>(412) 391-3939<br>jmjones@jonesday.com |

/s/ Joseph F. McDonough
Joseph F. McDonough