UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALLEGHENY HEALTH, EDUCATION AND RESEARCH FOUNDATION, | ) ) ) ) ) | Civil Action No. 00-684 |
| Plaintiff, | ) ) | Judge David Stewart Cercone |
| v. | ) ) | Electronically Filed |
| PRICEWATERHOUSECOOPERS, LLP, | ) ) ) | |
| Defendant. | ) | |

**THE COMMITTEE'S BRIEF IN RESPONSE TO PwC'S MOTION
FOR ORAL ARGUMENT OR, IN THE ALTERNATIVE,
<u>FOR LEAVE TO FILE A SINGLE REPLY BRIEF ON ALL OUTSTANDING MOTIONS</u>**

PwC has filed a motion asking this Court to grant oral argument on all motions *in limine* and *Daubert* motions or, in the alternative, granting PwC leave to file a 20-page omnibus reply brief in support of its motions. Dkt. No. 400. The Committee does not oppose PwC's request for oral argument, if in fact the Court determines that it wishes to entertain oral argument. However, the Committee *does* oppose PwC's request for leave to file a reply brief, which would be both unnecessary and contrary to the parties' prior agreement, as embodied in the amended Case Management Order. The Committee, of course, will comply with any request the Court itself might make for further briefing.

Less than one year ago, the parties filed a joint motion to amend the Case Management Order. Dkt. No. 284. This joint motion included a proposed schedule that did not provide for reply briefing on the parties' respective motions *in limine* and *Daubert* motions. *See* Dkt. No. 284-1. Further, in this proposed schedule the parties specifically suggested that the Court limit each motion—and each brief in opposition—to no more than 15 pages. *Id.* at 2. These

limitations were proposed in recognition of the fact that multiple motions may be filed, and that there must be some reasonable limitation on the papers the Court will have to review.

After consideration of the parties' request, this Court amended the Case Management Order, including the dates for pretrial briefing. *See* Dkt. No. 287. That order adopted the parties' 15-page limit on the briefs, with no provision for reply briefs. *Id.* at 2.

Now, after filing more than 275 pages of briefs (including nearly 200 pages on its own motions), PwC insists that it needs additional briefing to set forth its positions. PwC already has twice exceeded the Case Management Order's briefing limitations. The Committee did not oppose either of the requests for those exceedances.[1] *See* Dkt. Nos. 347, 381. Now, however, PwC goes beyond requesting permission to exceed page limits, and instead asks this Court to order new briefing altogether. This third request should be denied. The Court has the benefit of extensive briefing from both parties on every motion. No further elucidation should be required (with the exception of the Committee's "reciprocal" reply in support of its first motion *in limine*, as agreed to by the parties). Unless this Court, upon review of the papers, seeks a reply on one or more of the motions, there is no reason to depart from either this Court's order or the parties' prior agreement.[2]

---

[1] PwC suggests in its motion that PwC "did not object to" the Committee's right to submit a reply in regard to one of its own motions. Dkt No. 400 at 2. At the time, PwC sought the Committee's agreement to allow it to exceed the page limit by six pages in its opposition to the Committee's Motion *in Limine* No. 1. *See* Dkt. No. 381. In return for the Committee's agreement not to oppose this request, PwC informed the Court that it did not oppose the Committee's filing of a reciprocal 6-page reply brief strictly on the merits of that first motion *in limine*. *Id.* at 2. The Committee's request for a reply was solely intended to insure a level playing field with respect to that first motion, as the Committee, of course, had not anticipated PwC's filing-day request when the Committee drafted, a month before, a memorandum that complied with the 15-page limit.

[2] Indeed, any consideration of the appropriateness of reply briefing might profitably be deferred until the Court has had the opportunity to review the briefs filed to date. That review may well indicate to the Court, as the Committee has argued and consistent with case law, that only two of what PwC has styled as "motions *in limine*" are appropriate for consideration as

When the parties agree on procedures and propose them to the Court, and the Court finds those agreed procedures to be reasonable and incorporates them into an order, the parties should live by those commitments absent exigent circumstances. There are no such exigent circumstances here: the Committee has not cited a case decided since PwC's motion papers were submitted, nor relied upon matters of fact or law that were not before or available to both parties prior to the time that this motion practice began. Instead, PwC's only ground is that "[m]any of Plaintiff's briefs contain assertions and arguments to which PwC would like the opportunity to respond." Dkt. No. 400 at 2. That is precisely what the parties could have anticipated at the time they agreed to the proposed order, and precisely what the parties waived. In a case that will involve a lengthy trial and extraordinary effort by both the Court and the parties, repeated requests to withdraw from procedural commitments of some moment do not bode well for efficient trial proceedings.

## **CONCLUSION**

For the foregoing reasons, the Committee does not oppose PwC's request for oral argument on the parties' motions *in limine* and *Daubert* motions, but respectfully requests that the Court deny PwC's motion for further briefing. However, to the extent that the Court grants either of PwC's requests, fundamental fairness requires that both sides be allowed equal opportunity to address the Court. Further, if the Court does seek or permit reply briefing, the

---

(continued…)

actual motions *in limine*. (These are the motions that deal with the admissibility of SEC proceedings involving C&L's audits of AHERF and Fifth Amendment invocations by the involved C&L auditors. *See* Dkt. No. 367 at 2. The Committee maintains, of course, that both of those motions should be denied or otherwise addressed as indicated in its briefs in opposition. *See* Dkt. Nos. 372, 373.) The other thirteen motions are either re-arguments of issues PwC raised and lost in their most recent Rule 56 motion, or are improper efforts to "anticipate[] every conceivable thing that might happen at trial and then to seek an advance ruling on it." *Creative Dimensions in Mgmt., Inc. v. Thomas Group, Inc.*, No. 96-6318, 1999 WL 225891, at *1 (E.D. Pa, Apr. 16, 1999).

Committee requests that the briefs be due no earlier than August 30, in deference to calendar conflicts for counsel the avoidance of which has been made impracticable by the timing of PwC's request.

                            Respectfully submitted,

                            */s/ James M. Jones*

| | |
|---|---|
| David S. Torborg | James M. Jones (PA #81295) |
| Beth Heifetz | Laura A. Meaden (PA #52002) |
| JONES DAY | JONES DAY |
| 51 Louisiana Avenue, N.W. | 500 Grant Street, 45th Floor |
| Washington, D.C. 20001-2113 | Pittsburgh, PA  15219-2514 |
| (202) 879-3939 | (412) 391-3939 |
| | |
| J. Kevin Cogan | Richard B. Whitney |
| JONES DAY | JONES DAY |
| 325 John H. McConnell Blvd., Suite 600 | North Point |
| Columbus, OH 43215-2673 | 901 Lakeside Avenue |
| (614) 469-3939 | Cleveland, OH  44114-1190 |
| | (216) 586-3939 |
| | |
| | Attorneys for The Official Committee of |
| Dated:  August 9, 2012 | Unsecured Creditors of AHERF |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of August, 2012, I electronically filed the foregoing, **The Committee's Brief in Response to PwC's Motion for Oral Argument or, in the Alternative, for Leave to File a Single Reply Brief on All Outstanding Motions**, with the Clerk of the Court using CM/ECF, causing same to be served on these attorneys for defendant PricewaterhouseCoopers LLP via ECF filing notice:

| | |
|---|---|
| Thomas G. Rafferty | Joseph F. McDonough |
| Antony L. Ryan | Buchanan Ingersoll & Rooney, P.C. |
| Cravath, Swaine & Moore | One Oxford Centre |
| 825 Eighth Avenue | 301 Grant Street, 20th Floor |
| Worldwide Plaza, Suite 3900 | Pittsburgh, PA 15219-1410 |
| New York, NY 10019-7415 | (412) 562 8800 |
| (212) 474-1000 | Email: joseph.mcdonough@bipc.com |
| Email: trafferty@cravath.com | |
| Email: aryan@cravath.com | |

                                                    */s/ James M. Jones*
                                          One of the Attorneys for Plaintiff The Official Committee of Unsecured Creditors of AHERF