**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF ALLEGHENY
HEALTH, EDUCATION & RESEARCH
FOUNDATION,

*Plaintiff,*

*v.*

PRICEWATERHOUSECOOPERS LLP,

*Defendant.*

Civil Action No. 00-684

Judge David Stewart Cercone

Electronically Filed

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

James M. Jones
Laura A. Meaden
Jones Day
500 Grant Street, 45th Floor
Pittsburgh, PA 15219-2514
(412) 391-3939

Richard B. Whitney
Jones Day
North Point
901 Lakeside Ave.
Cleveland, OH 44114-1190
(216) 586-3939

*Attorneys for Official Committee of
Unsecured Creditors of Allegheny
Health, Education and Research
Foundation*

Joseph F. McDonough
Buchanan, Ingersoll & Rooney, P.C.
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219
(412) 562-8800

Thomas G. Rafferty
Antony L. Ryan
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Attorneys for PricewaterhouseCoopers LLP*

March 18, 2013

The parties to this action, Plaintiff the Official Committee of Unsecured Creditors of Allegheny Health, Education and Research Foundation (the "Committee") and Defendant PricewaterhouseCoopers LLP ("PwC"), jointly move this Court, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure and this Court's Order dated February 28, 2013, establishing a settlement procedure, for entry of an order approving an Agreement of Compromise and Settlement dated as of March 8, 2013 (the "Settlement Agreement"). A copy of the Settlement Agreement is being filed contemporaneously with this Motion, and the parties request approval in the form of the proposed Order attached hereto ("Proposed Order of Settlement Approval").[1] In support of this Motion, the parties respectfully represent as follows:

## BACKGROUND

1.        On July 21, 1998, the Debtors[2] commenced bankruptcy reorganization proceedings subsequently consolidated under the caption *In re AHERF*, No. 98-25773-MBM through 98-25777-MBM in the Bankruptcy Court.

---

[1] Consistent with paragraphs 10 and 13 of the Settlement Agreement and confidentiality undertakings associated with the Court-ordered conciliation conference noted below, the copy of the Settlement Agreement that is being filed omits from Exhibit B thereto only the dollar amount of the Settlement Payment to be made under the terms of the Settlement Agreement. The amount of the Settlement Payment is known to the Court as a result of the referenced conciliation conference. The parties will address the Court at the approval hearing scheduled by the Court pursuant to its February 28 Order on the going forward confidentiality protection to be afforded the terms of Exhibit B.

[2] Unless otherwise defined herein, all capitalized terms shall have the same meanings as they do in the Settlement Agreement.

2.      On April 5, 2000, the Bankruptcy Court authorized the Committee to assert and pursue claims and causes of action on behalf of the Debtors against PwC. (ECF No. 7008, No. 98-25773-JKF (Bankr. W.D. Pa.).)  On April 11, 2000, Plaintiff filed this action in the District Court.

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1334.  Venue of this action in this District is proper pursuant to 28 U.S.C. § 1409.

4.      Pursuant to this Court's November 7, 2012 Order (ECF No. 404), the parties to this action met on December 12, 2012 for a conciliation conference, and reached an agreement in principle to settle this action.

5.      By Order dated February 28, 2013, this Court ordered the parties to file this joint motion seeking approval of the settlement.

## ARGUMENT: THE SETTLEMENT SHOULD BE APPROVED.

6.      Pursuant to Federal Rule of Bankruptcy Procedure 9019(a), this Court may "approve a compromise or settlement" in an adversary proceeding arising from a Chapter 11 case, such as this action.[3]  "To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy."  *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (alteration and internal quotation marks omitted).  In the Third Circuit, in considering whether to approve a settlement,

---

[3] Although Rule 9019(a) provides that a court may do so "[o]n motion by the trustee", the Committee has standing to bring this Motion based on the Bankruptcy Court's April 5, 2000 Order (ECF No. 7008, No. 98-25773-JKF (Bankr. W.D. Pa.)), and the Bankruptcy Court's June 21, 2012 Order, which, among other actions, discharged the Chapter 11 Trustee and provided that the Committee would "retain standing and authority to prosecute [this action]".  (ECF No. 10887, No. 98-25773-JKF (Bankr. W.D. Pa.), at 2.)

courts look to whether the settlement will "be in the best interest of the estate", *id.* at 394, assessing "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors", *id.* at 393. The Court must "canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness." *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986) (alteration and internal quotation marks omitted).

7. The parties to the Settlement Agreement are the Committee, PwC, and Liquidating AHERF, successor in interest to the Debtors. The Settlement Agreement resolves and compromises the claims asserted by the Committee in, arising from and/or relating to this action. PwC has denied, and continues to deny, liability in connection with such claims. The Settlement Agreement provides that the consideration to be exchanged among the parties includes a Settlement Payment, an exchange of releases, the compromise of claims, and certain undertakings on the part of PwC (a) to withdraw its claims against the AHERF Estates in the Debtors' bankruptcy case, and (b) not to take any action that would trigger the Committee's indemnification or other obligations under the Phase II Settlement Agreement. Each component of this consideration is integral to the entirety of the Settlement Agreement. Liquidating AHERF will receive a substantial sum as part of the Settlement Payment, which will be distributed to the creditors of the AHERF Estates and other Beneficiaries in accordance with the Plan.

8. The proposed settlement is in the best interest of the AHERF Estates and meets the Third Circuit's standards. (*See* Proposed Order of Settlement Approval ¶ 3.) First, the Committee's prospects of success in this action are uncertain. *See In re Turner*,

274 B.R. 675, 681 (Bankr. W.D. Pa. 2002) (approving settlement of litigation between debtor and third party where probability of success was "subject to question").  The parties have vigorously litigated this action for over twelve years.  In their pretrial filings, the Committee and PwC each identified substantial bodies of evidence that they believe support their respective cases.  Moreover, as shown by the parties' motions *in limine*, there remains considerable uncertainty about the scope of the evidence that would be admissible to attempt to prove PwC's liability and to establish PwC's defenses, and about the extent of available damages the AHERF Estates could realize if the Committee were to prevail.

9.     Second, this action is undeniably complex.  It has involved the production of millions of pages of documents, the depositions of over 200 witnesses, and reports from and the testimony of some 19 expert witnesses.  The litigation has proceeded in the District Court, the United States Court of Appeals for the Third Circuit, and the Pennsylvania Supreme Court.  *See Official Comm. of Unsecured Creditors of Allegheny Health, Education & Research Found. v. PricewaterhouseCoopers, LLP*, 989 A.2d 313, 605 Pa. 269 (2010).  The parties have filed voluminous pretrial submissions and motions *in limine* raising substantial legal issues.  Any jury trial in this action would be lengthy and involve complex accounting concepts.  In the joint Pretrial Stipulation, the parties estimated that the action would require between 42 and 54 trial days.  At the least, continuing this litigation would involve substantial "expense" and "delay" to any recovery the AHERF Estates might ultimately receive after such a trial, and a judgment on any verdict reached in such a trial potentially would be subject to appeal.  *Martin*, 91 F.3d at 383.

10.     Finally, this litigation is the last of several civil actions arising out of this fourteen-year old bankruptcy and among the last substantial matters remaining open in the bankruptcy.  Approval of the Settlement Agreement will allow the Beneficiaries of the Plan to receive a long-awaited recovery, whereas continuing this litigation would significantly and indefinitely delay such a recovery.

11.     The Committee, whose five members hold by far the largest claims against the AHERF Estates, amounting to over seventy percent of the total dollar amount of unsecured claims, has overseen this litigation for over a decade and is a party to the Settlement Agreement.  The Committee is authorized under the Debtors' Chapter 11 reorganization Plan, which was confirmed by the Bankruptcy Court on December 14, 2000, to release PwC "from all Claims and Causes of Action" that have been asserted in this action.  (Second Amended Consolidated Liquidating Plan of Reorganization Under Chapter 11 of the Bankruptcy Code ¶ 6.3(c).)  The Settlement Agreement provides for a substantial Settlement Amount, the bulk of which will be distributed to the creditors of the AHERF Estates.  Distributions provided for in the Settlement Agreement (see Proposed Order of Settlement Approval ¶ 4) are those already required by agreements previously reviewed and approved by this Court and/or the Bankruptcy Court, and in strict conformity with such agreements and approvals.  (See ECF No. 188, No. 00-mc-00040-DSC (W.D.Pa.) (February 12, 2002 Order granting motions for approval of Phase II Settlement Agreement); Order No. 98-27553-MBM (W.D.Pa.) (June 27, 2003 Order of the District Court granting Motion No. 03-716 and withdrawing reference to the Bankruptcy Court of the Committee's Application for an Order Authorizing it to Modify the Terms of its Compensation Arrangements with Jones Day).)

12.     This Court, having decided two summary judgment motions in this action and having reviewed the parties' pretrial statements and motions *in limine*, is already quite familiar with the contentions of the parties and the underlying evidence in this litigation.  Moreover, as ordered by the Court, the parties met for a conciliation conference at the Courthouse, and one of this Court's law clerks participated in and substantially facilitated the mediation of this action.  Thus, the Court is well informed about the merits of this action, the relative risks to future prosecution, and the fairness of the Settlement.  The Bankruptcy Court has overseen the AHERF bankruptcy since 1998 and is similarly well informed about the risks and benefits of recovery actions, associated fees and costs, and the consequent relative benefits of litigation settlements.

13.     In sum, based on the four factors set forth in *Myers v. Martin*, 91 F.3d at 393, the Settlement is fair, reasonable and appropriate under the circumstances, and is in the best interest of the AHERF Estates and their creditors.

## CONCLUSION

For the foregoing reasons, the Committee and PwC request that this Court enter the Proposed Order of Settlement Approval attached hereto.

Dated:  March 18, 2013                    Respectfully submitted,


/s/ James M. Jones                          /s/ Joseph F. McDonough
James M. Jones                              Joseph F. McDonough
Laura A. Meaden                             Buchanan, Ingersoll & Rooney, P.C.
Jones Day                                   One Oxford Centre
500 Grant Street, 45th Floor                301 Grant Street, 20th Floor
Pittsburgh, PA 15219-2514                   Pittsburgh, PA 15219
(412) 391-3939                              (412) 562-8800

Richard B. Whitney                          Thomas G. Rafferty
Jones Day                                   Antony L. Ryan
North Point                                 Cravath, Swaine & Moore LLP
901 Lakeside Ave.                           Worldwide Plaza
Cleveland, OH 44114-1190                    825 Eighth Avenue
(216) 586-3939                              New York, NY 10019
                                            (212) 474-1000
*Attorneys for Official Committee of*
*Unsecured Creditors of Allegheny*          *Attorneys for PricewaterhouseCoopers LLP*
*Health, Education and Research*
*Foundation*