# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALLEGHENY HEALTH, EDUCATION & RESEARCH FOUNDATION,<br><br>*Plaintiff,*<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP,<br><br>*Defendant.* | Civil Action No. 00-684<br><br>Judge David Stewart Cercone |

## ORDER OF SETTLEMENT APPROVAL

WHEREAS, on July 21, 1998, Allegheny Health, Education and Research Foundation ("AHERF"); Allegheny University of the Health Sciences; Allegheny University Medical Practices; Allegheny Hospitals, Centennial; and Allegheny University Hospitals–East (collectively, the "Debtors") commenced bankruptcy reorganization proceedings in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court") subsequently consolidated under the caption *In re AHERF,* No. 98-25773-MBM through 98-25777-MBM;

WHEREAS, on April 5, 2000, the Bankruptcy Court authorized the Official Committee of Unsecured Creditors of the Allegheny Health, Education and Research Foundation (the "Committee") to assert and pursue claims and causes of action on behalf of the Debtors against PricewaterhouseCoopers LLP ("PwC");

WHEREAS, on April 11, 2000, the Committee filed a complaint in this Court captioned *Official Committee of Unsecured Creditors of Allegheny Health, Education and Research Foundation v. PricewaterhouseCoopers, LLP,* Case No. 2:00-cv-00684-DSC (this

"Action"), asserting claims on behalf of the Debtors against PwC arising out of or relating to PwC's accounting and auditing services for Allegheny Health, Education and Research Foundation and its affiliates;

WHEREAS, on December 5, 2000, the then Chapter 11 Trustee for the Debtors filed a Second Amended Consolidated Liquidating Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan"), providing among other things for the formula for distribution of Estate Assets, including any recovery in this Action, from Liquidating AHERF, as successor to the Debtors, to the Beneficiaries (principally the holders of allowed Claims), and the Plan was confirmed by the Bankruptcy Court on December 14, 2000;

WHEREAS, Liquidating AHERF, the Committee and various other parties entered into a settlement agreement dated as of January 10, 2002 (the "Phase II Settlement Agreement"), which set forth a formula for distribution of payments to Reed Smith LLP and the Attorney General of the Commonwealth of Pennsylvania (the "Attorney General") from the proceeds of any final judgment or settlement in this Action, and the Phase II Settlement Agreement was jointly approved by the District Court and the Bankruptcy Court on February 12, 2002;

WHEREAS, on October 16, 2002, the Committee reached a partial contingency fee arrangement ("Fee Agreement") with its counsel, Jones Day, setting forth a formula for distribution of a payment to Jones Day from the proceeds of any final judgment or settlement in this Action, and the Fee Agreement was approved by the District Court on June 27, 2003;

WHEREAS, the Committee and PwC have litigated this Action for over twelve years, during which millions of documents were produced, hundreds of depositions were taken,

and numerous legal issues were decided by various courts, including the District Court, the United States Court of Appeals for the Third Circuit, and the Supreme Court of Pennsylvania;

WHEREAS, the Committee and PwC have each filed pretrial statements pursuant to Local Rule 16.C.1, and jointly filed a pretrial stipulation identifying the issues that remain in dispute, and this Action was ready for trial in 2013;

WHEREAS, pursuant to an Order of the District Court, the Committee and PwC met for a conciliation conference on December 12, 2012, and reached a settlement agreement in principle at such conciliation conference, and subsequently executed a definitive agreement to settle this Action ("Settlement Agreement" or "Settlement");

WHEREAS, the Committee and PwC have filed with the District Court a joint motion seeking the relief granted hereby (the "Joint Motion");

WHEREAS, the Committee and PwC have filed with the Bankruptcy Court, and served upon creditors and other parties in interest in the Debtors' chapter 11 cases at their last known addresses, a notice of the joint hearing of the District Court and the Bankruptcy Court on the Joint Motion (the "Hearing"), which notice was accompanied by a copy of the Joint Motion; and

WHEREAS, the District Court and the Bankruptcy Court have reviewed and considered the Joint Motion and each of the terms of the Settlement Agreement, including the terms of Exhibit B thereto;

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. The parties to the Settlement Agreement and each of the members of the Committee shall be bound by the confidentiality terms of the Settlement Agreement.

2. Proper and adequate notice of the Joint Motion and the Hearing has been given, and no other or further notice is required.

3. The Settlement to settle and resolve these complex and contentious claims is APPROVED as fair, reasonable and appropriate under the circumstances, and in the best interest of all parties. The Settlement satisfies the applicable standards for settlement as set forth in <u>Myers v. Martin</u>, 91 F.3d 389 (3d Cir. 1996). This Action is a complex legal and factual dispute that has been litigated vigorously for over a decade, and the Settlement will provide immediate results for the creditors that are reasonable in light of the best possible recovery and the risk of litigation and will provide PwC with a final resolution of the Action.

4. PwC shall pay the Settlement consideration to Liquidating AHERF. Liquidating AHERF shall distribute the Settlement consideration as set forth in prior Orders approved by the District Court and the Bankruptcy Court. After such payments as shall become due to Reed Smith LLP and the Attorney General in accordance with the Phase II Settlement Agreement, and a payment to Jones Day in accordance with the Fee Agreement, the remaining Settlement consideration shall be distributed to creditors and other Beneficiaries in accordance with the Plan.

5. Pending consummation of the Settlement and dismissal of this Action, all motions, discovery, and other proceedings and activities in this Action are hereby stayed.

IT IS SO ORDERED:

Dated: April 23, 2013

_____
Hon. David Stewart Cercone
United States District Judge

Dated: April 23, 2013

_____
Hon. Judith K. Fitzgerald
United States Bankruptcy Judge